FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Evelyn H. Biery
Sharon M. Beausoleil-Mayer

Counsel for The Southern Company

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **In Re:** § | Case No. 03-46590 |
| § | |
| **MIRANT CORPORATION,** *et al.*, § | (Chapter No. 11) |
| § | |
| Debtors. § | Jointly Administered |
| § | |

### NOTICE AND OBJECTION OF THE SOUTHERN COMPANY REGARDING COLLATERAL ESTOPPEL OR RES JUDICATA EFFECT OF VALUATION FINDINGS

The Southern Company ("Southern Company") files this Notice And Objection Of The Southern Company Regarding Collateral Estoppel Or Res Judicata Effect Of Valuation Findings ("Notice"). Southern Company notifies all parties that (a) it considers the purpose of any findings of fact and conclusions of law that this Court may make in connection with the Valuation Hearing[1] to be limited strictly to a determination of the value of the Debtors for the purpose of plan confirmation and (b) such findings will have neither collateral estoppel nor res judicata effect regarding the existence, validity, or amount of any claims by or against Southern Company. For the reasons set forth below, Southern Company objects to the potential findings of fact or conclusions of law entered as a result of the Valuation Hearing having any collateral

---

[1] The "Valuation Hearing" refers to the hearing scheduled for April 11, 12, and 13 as set by this Court's Scheduling Order On Valuation Hearing, signed February 10, 2005.

estoppel or res judicata effect as to Southern Company with respect to any claims that may be made by or against Southern Company.

1. On January 19, 2005, the Debtors filed their Motion For Order Determining Valuation And For Entry Of A Scheduling Order In Connection Therewith ("Debtors' Motion"). The Debtors appear to be seeking a determination of the value of the Debtors for the express purposes of determining (a) whether unsecured creditors may "get paid in full" and (b) whether the equity holders of Mirant Corporation are entitled "to receive any recovery under a plan."

2. Section 506(a) of the Bankruptcy Code provides that a valuation hearing may take place to determine the value of a debtor's property. *In re Lake Ridge Assocs.*, 169 B.R. 576, 580 (D. Va. 1994). "Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C. § 506(a). The possible purposes for valuation hearings "include 'a redemption proceeding under § 722, granting relief from the automatic stay under § 362, determination of eligibility for Chapter 13, sale of assets of the bankruptcy estate under § 363, or plan of [sic] confirmation under § 1129 or § 1325.'" *In re Lake Ridge Assocs.*, 169 B.R. at 580 (quoting *In re Richardson*, 97 B.R. 161 (Bankr. W.D.N.Y. 1989)).

3. Southern Company does not intend to participate in the Valuation Hearing. Given that no claim has been formally asserted against Southern Company, there is no reason for Southern Company to attempt to defend itself at this time. In light of the fact that Southern Company does not intend to—and has no current need to—participate in the Valuation Hearing, Southern Company hereby provides notice to all creditors and other parties in interest that any

findings of fact and conclusions of law will not bind Southern Company with respect to any claims by or against Southern Company.

4. Southern Company does not object to the Valuation Hearing to the extent that the request of the Debtors "that this Court determine the value of the Debtors" is limited to a determination of "whether unsecured creditors of Mirant [may] get paid in full and whether the equity holders of Mirant [may] receive any recovery under a plan . . . ." *See* Debtor's Motion at ¶¶ 1 and 14. Southern Company recognizes that such a determination is needed for evaluation of the disclosure statement and the plan of reorganization of the Debtors. The determination should, however, be limited to an estimate of value, because "estimates of value made during bankruptcy proceedings are 'binding only for the purposes of the specific hearing and . . . [do] not have a res judicata effect' in subsequent hearings." *Bray v. Shenandoah Fed. Sav. & Loan Ass'n (In re Snowshoe Co.)*, 789 F.2d 1085, 1088-89 (4th Cir. 1986) (quoting S. REP. NO. 95-989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S.C.C.A.N. 5787, 5840). If the Debtors intend for any findings of fact or conclusions of law resulting from the Valuation Hearing to be binding on Southern Company, then Southern Company objects because such findings of fact and conclusions of law would violate Southern Company's procedural and due process rights.

## CONCLUSION AND PRAYER

Southern Company therefore respectfully requests that the Court sustain Southern Company's objection and order that any determination made as a result of the valuation hearing (a) shall have neither collateral estoppel nor res judicata effect regarding the existence, validity, or amount of any claims by or against Southern Company and (b) will preserve Southern Company's procedural and due process rights, including its right in the future to advance or offer alternative theories of recovery or evidence of valuation in pursuit of its claims and any defenses

against any adversary proceeding or other contested matter that may be initiated against Southern Company in connection with these bankruptcy cases.

Southern Company also requests that the court grant such other and further relief as is just and proper.

Dated: April 1, 2005.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

/s/ Evelyn H. Biery
   Evelyn H. Biery
   State Bar No. 02305500
   Sharon M. Beausoleil-Mayer
   State Bar No. 24025245
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Counsel for Southern Company

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice And Objection Of The Southern Company Regarding Collateral Estoppel Or Res Judicata Of Valuation Findings was served, by United States, first class mail and/or by electronic transmission through the electronic case filing system of the Northern District of Texas, on April 1, 2005, on the parties listed below and on the attached service list:

RICHARD M. ROBERSON
MICHAEL P. COOLEY
GARDERE WYNNE SEWELL LLP
1601 ELM STREET
DALLAS, TX 75201

GEORGE MCELREATH
OFFICE OF THE UNITED
STATES TRUSTEE
1100 COMMERCE STREET
ROOM 976
DALLAS, TX 75242

ERIC J. TAUBE
MARK C. TAYLOR
HOHMANN, TAUBE & SUMMERS, LLP
100 CONGRESS AVENUE, SUITE 1600
AUSTIN, TX 78701

DEBORAH D. WILLIAMSON
THOMAS RICE
COX SMITH MATTHEWS INCORPORATED
112 EAST PECAN ST., SUITE 1800
SAN ANTONIO, TX 78205-1505

HOWARD L. SIEGEL
BROWN RUDNICK BERLACK ISRAELS LLP
CITY PLACE I, 185 ASYLUM STREET
HARTFORD, CT 06103-3401

BRUCE R. ZIRINSKY
GREGORY M. PETRICK
CADWALADER, WICKERSHAM & TAFT
100 MAIDEN LANE
NEW YORK, NY 10038

WILLIAM R. BALDIGA
BROWN RUDNICK BERLACK ISRAELS LLP
ONE FINANCIAL CENTER
BOSTON, MA 02111

JASON S. BROOKNER
ANDREWS & KURTH, LLP
1717 MAIN STREET, SUITE 3700
DALLAS, TX 75201

EDWARD S. WEISFELNER
LESLIE H. SCHARF
BROWN RUDNICK BERLACK ISRAELS LLP
120 WEST 45TH STREET
NEW YORK, NY 10036

PAUL N. SILVERSTEIN
ANDREWS & KURTH, LLP
450 LEXINGTON AVENUE
NEW YORK, NY 10017

FREDRIC SOSNICK
SCOTT C. SHELLEY
SHEARMAN & STERLING
599 LEXINGTON AVENUE
NEW YORK, NY 10022-6069

WILLIAM K. SNYDER
CORPORATE REVITALIZATION PARTNERS
13355 NOEL ROAD
SUITE 1825
DALLAS, TX 75240

THOMAS E. LAURIA
WHITE AND CASE LLP
WACHOVIA FINANCIAL CENTER
200 BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131

ROBIN PHELAN
HAYNES AND BOONE, LLP
901 MAIN STREET
SUITE 3100
DALLAS, TX 75202

/s/ Sharon M. Beausoleil-Mayer

Notice and Objection Of The Southern Company Regarding
Collateral Estoppel Or Res Judicata Effect Of Valuation Findings
30881368.8

5 of 5