**EXHIBIT B**

**DISCLOSURE STATEMENT ORDER
AND
NOTICE OF THE CONFIRMATION HEARING**

(This page intentionally left blank)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| | ) | |
| MIRANT CORPORATION, et al., | ) | Case No. 03-46590 (DML) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT
WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED
DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE
SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE
FORM AND MANNER OF NOTICE THEREOF; (IV) ESTABLISHING
PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN
CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS
RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS
TO THE SECOND AMENDED CHAPTER 11 PLAN; AND (VI) SCHEDULING
A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED
CHAPTER 11 PLAN AND STATUS CONFERENCE RELATED THERETO**

Upon the record of the hearings held on September 27, 28 and 30, 2005 (the

"Disclosure Statement Hearing") to consider (a) the approval of the Second Amended Disclosure

Statement of the Debtors with Respect to the Second Amended Joint Chapter 11 Plan of

Reorganization for Mirant Corporation and its Affiliated Debtors dated September 22, 2005 (the

"Disclosure Statement") and summary thereof dated September 28, 2005 (the "Disclosure

Statement Summary") and (b) the motion dated April 20, 2005 (as amended by the Notice of

Amendment of Proposed Solicitation Procedures, dated May 3, 2005, the "Motion")[1] of Mirant

---

[1]     All capitalized terms used herein, but not otherwise defined herein, shall have the
meaning ascribed to them in the Plan.

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND
MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER
11 PLAN; AND (VI) SCHEDULING  A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE
RELATED THERETO

Corporation ("Mirant") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for the entry of an order (i) approving the form of ballots and proposed solicitation and tabulation procedures for the Second Amended Joint Chapter 11 Plan of Reorganization for Mirant Corporation and its Affiliated Debtors dated September 22, 2005 (as such plan may be amended from time to time, the "Plan"); (ii) prescribing the form and manner of notice thereof; (iii) establishing procedures for (a) voting in connection with the plan confirmation process and (b) temporary allowance of claims related thereto; and it appearing that the Court has jurisdiction over this matter; and due and proper notice of the Disclosure Statement, the Disclosure Statement Hearing and the Motion having been given; and it appearing that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and equity interest holders; and upon consideration of the objections filed by various parties to the Disclosure Statement and the Motion (collectively, the "Objections"); and upon the record of the Disclosure Statement Hearing and all the proceedings had before the Court; and the Objections having been overruled, sustained or resolved as reflected in the record of the Disclosure Statement Hearing; and the Court having determined after due deliberation that the Disclosure Statement contains adequate information, as such term is defined in section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq. (the "Bankruptcy Code"); and sufficient cause appearing therefor, it is hereby

ORDERED that in accordance with section 1125 of the Bankruptcy Code and Rule 3017(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Disclosure Statement is hereby approved substantially in the form as amended and modified on

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND
MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER
11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE
RELATED THERETO

Page 2 of 26

the record during the Disclosure Statement Hearing and as may be modified by agreement between the Debtors and the Committees; and it is further

ORDERED that in accordance with section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Disclosure Statement Summary is hereby approved substantially in the form as amended and modified on the record during the Disclosure Statement Hearing and as may be modified by agreement between the Debtors and the Committees; and it is further

ORDERED that, in accordance with Bankruptcy Rule 3017(c), the date and time set for voting on the Plan shall be November 10, 2005 at 4:00 p.m., prevailing Central Time (the "Voting Deadline"); and it is further

ORDERED that, in accordance with Bankruptcy Rule 3018(c), a hearing to consider confirmation of the Plan and any objections that may be interposed (the "Confirmation Hearing") shall be held before the Honorable D. Michael Lynn, United States Bankruptcy Judge, United States Courthouse, 501 W. Tenth Street, Fort Worth, Texas, commencing on December 1, 2005 at 9:00 a.m., prevailing Central Time. The Confirmation Hearing may be adjourned from time to time without further notice other than announcement made at the Confirmation Hearing or any adjourned hearing; and it is further

ORDERED that, in accordance with Bankruptcy Rules 3020(b) and 9006(c)(1) objections ("Plan Objections"), if any, to the confirmation of the Plan must be in writing, and must (a) state the name and address of the objecting party and the nature and amount of the claim or equity interest of such party, (b) state with particularity the basis and nature of each objection to confirmation of the Plan, and (c) be filed, together with proof of service, with the Court and served so that they are received no later than 4:00 p.m., prevailing Central Time, on November 10, 2005 (the "Plan Objection Deadline"), by the Court, and the following parties: (i) White &

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND
MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER
11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE
RELATED THERETO

Page 3 of 26

Case LLP, Co-Attorneys for the Debtors and Debtors-in-Possession, 200 South Biscayne

Boulevard, Suite 4900, Miami, Florida  33131, Attention: Thomas E Lauria, Esq.; (ii) Andrews

& Kurth, L.L.P., 450 Lexington Avenue, 15th Floor, New York, New York 10017, Attention:

Paul N. Silverstein, Esq.; (iii) Shearman & Sterling LLP, 599 Lexington Avenue, New York,

New York 10022-6069, Attention: Fredric Sosnick, Esq.; (iv) Cadwalader, Wickersham & Taft,

One World Financial Center, New York, New York 10281, Attention: Bruce R. Zirinsky, Esq.;

(v) Brown Rudnick Berlack Israels LLP, 120 West 45th Street, New York, New York 10036,

Attention: Edward S. Weisfelner, Esq.; (vi) Gardere Wynne Sewell LLP, 3000 Thanksgiving

Tower, 1601 Elm Street, Suite 3000, Dallas, Texas 75201, Attention: Richard M. Roberson,

Esq.; and (vii) The Office of the United States Trustee, Earle Cabell Federal Building, 1100

Commerce Street, Room 976, Dallas, Texas 75242, Attention: George F. McElreath; and it is

further

ORDERED that a pre-Confirmation Hearing status conference (the "Plan Status

Conference") shall be held Honorable D. Michael Lynn, United States Bankruptcy Judge, United

States Courthouse, 501 W. Tenth Street, Fort Worth, Texas commencing on November 30, 2005

at 9:00 a.m., prevailing Central Time. All parties who intend to participate in the Confirmation

Hearing **must** appear at the Plan Status Conference; and it is further

## A.    Procedures for Voting

ORDERED that the following voting procedures (the "Voting Procedures") are

hereby approved:

a.    if a claim is deemed allowed as such term is defined in the
Bankruptcy Code, then such claim shall be allowed for voting
purposes in the amount and classification deemed allowed in the
Plan;

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE  SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE  FORM AND
MANNER OF NOTICE THEREOF; (IV) ESTABLISHING  PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER
11 PLAN; AND (VI) SCHEDULING  A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE
RELATED THERETO

Page 4 of 26

b.      except as otherwise provided herein and unless temporarily
allowed for voting purposes by the Court, if a filed proof of claim
asserts a claim in a wholly undetermined or unliquidated amount or
is docketed in Bankruptcy Services LLC's ("BSI") official claims
register[2] as of the Record Date (as defined below) in the amount of
$0, then such claim shall be allowed for voting purposes as a
general unsecured claim only in the amount of $1.00;

c.      except as otherwise provided herein and unless temporarily
allowed for voting purposes by the Court, if a filed proof of claim
asserts a claim in a partially undetermined or unliquidated amount,
then such claim shall be allowed for voting purposes only in the
amount of the known or liquidated portion of the claim;

d.      if a claim has been estimated by an order of the Court in
accordance with the procedures for the estimation of certain
contingent and unliquidated proofs of claim for purposes of
feasibility of, voting on, and distribution under a chapter 11 plan of
reorganization, which procedures were approved by the
Bankruptcy Court by orders dated October 21, 2004 and October
26, 2004, then such claim will be allowed for voting purposes in
the amount approved by the Court, provided that such order is
entered on or before the Voting Deadline;

e.      unless temporarily allowed for voting purposes by the Court, if a
claim is listed in the Debtors' Schedules as contingent,
unliquidated, or disputed and a proof of claim was not (i) filed by
the applicable Bar Date for the filing of proofs of claim established
by the Court or (ii) deemed timely filed by an order of the Court
prior to the Voting Deadline, then such claim shall be disallowed
for voting purposes;

f.      notwithstanding anything else provided herein, if (i) the Debtors
have objected to a claim or equity interest by serving an objection,
motion, adversary proceeding or otherwise to the entirety of a
claim or equity interest on or before the date of the entry of this
Order (the "Disclosure Statement Order") and (ii) the claim or
equity interest has not been temporarily allowed for voting
purposes by the Court, then such claim or equity interest shall be
disallowed for voting purposes;

---

[2]      By order dated July 17, 2003, BSI was retained to maintain the official claims register.
BSI maintains all original proofs of claims filed against the Debtors and their estates.

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE  SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE  FORM AND
MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER
11 PLAN; AND (VI) SCHEDULING  A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE
RELATED THERETO

g.      notwithstanding anything else provided herein, if (i) the Debtors have objected to a claim or equity interest by serving an objection, motion, adversary proceeding or otherwise to a portion of a claim or equity interest on or before the date of the entry of the Disclosure Statement Order and (ii) such portion of the claim or equity interest has not been temporarily allowed for voting purposes by the Court, then the claim or equity interest shall be allowed for voting purposes only in the amount that is set forth in the pending objection;

h.      notwithstanding anything else provided herein, if (i) the Debtors have objected to a claim by serving an objection, motion, adversary proceeding or otherwise to the classification of all or part of a claim on or before the date of the entry of the Disclosure Statement Order (including any requests to subordinate such claim) and (ii) such claim has not been temporarily allowed for voting purposes by the Court, then the claim shall be allowed for voting purposes only in the amount and classification that is set forth in the pending objection (if any);

i.      unless such claim has been temporarily allowed for voting purposes by the Court or otherwise allowed as to all or part of the claim, if the Debtors have objected to a claim on or before the date of entry of the Disclosure Statement Order by serving an objection, motion, adversary proceeding or otherwise to a proof of claim based upon the claim being asserted against the wrong debtor, then the claim shall be allowed for voting purposes only in the amount and against the Debtor as set forth in the pending objection;

j.      unless otherwise provided by an order of the Court, the allowed amount of any proof of claim for voting purposes shall be the amount as docketed in BSI's claims database as of the Record Date;

k.      unless otherwise provided by an order of the Court or otherwise provided herein, for purposes of determining eligibility to vote, the classification of a claim shall be determined based on the classification as docketed in BSI's claims database as of the Record Date; provided, however, that any claims for which BSI was unable to identify the classification shall be classified as general unsecured claims;

l.      unless temporarily allowed for voting purposes by the Court, if a single proof of claim has been filed against multiple Debtors (in contravention of this Court's orders governing the filing of proofs of claims in these cases), then such claim shall be allowed for

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER 11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE RELATED THERETO

Page 6 of 26

voting purposes only against the Debtor as docketed in BSI's claims database as of the Record Date;

m.  if a claim or equity interest is allowed pursuant to a Court-approved settlement (except for a claim or equity interest that is temporarily allowed by the Court, which claim or equity interest may vote so long as such order temporarily allowing the claim is entered by the Voting Deadline) on or before ten days prior to the Voting Deadline, then such claim or equity interest will be entitled to vote on the Plan in accordance with the terms of such settlement;

n.  unless temporarily allowed for voting purposes by the Court, if a proof of claim asserts a claim that is not in U.S. dollars, such claim will be treated as unliquidated and allowed for voting purposes only in the amount of $1.00;

o.  unless temporarily allowed for voting purposes by the Court, if (i) a proof of claim was filed after the applicable Bar Date, (ii) the creditor did not obtain leave to file such late claim, and (iii) the proof of claim is not docketed in BSI's database as of the Record Date as an amendment of a timely filed claim, then such claim shall be disallowed for voting purposes only;

p.  unless otherwise temporarily allowed for voting purposes by the Court, if a proof of claim does not list a Debtor or the Debtor is unidentifiable on the proof of claim, then such claim shall be disallowed for voting purposes;

q.  unless otherwise temporarily allowed for voting purposes by the Court, if a claim is disallowed pursuant to section 502(d) of the Bankruptcy Code or is equitably subordinated under the Bankruptcy Code, then such claim shall be disallowed for voting purposes only;

r.  if the Debtors schedule a claim and the creditor filed a proof of claim superseding such scheduled claim, the scheduled claim is deemed superseded in accordance with Bankruptcy Rule 3003(c)(4) and such scheduled claim shall be disallowed for voting purposes;

s.  if a union representative or plan administrator of an employee benefit program filed a claim on behalf of its constituents, then (i) each constituent creditor will be entitled to vote its claim in the amount and classification set forth in the claim filed by the union representative or plan administrator, however any other separate

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER 11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE RELATED THERETO

Page 7 of 26

claim filed by a constituent creditor based upon the same facts and circumstances alleged in the claim filed by the union representative or plan administrator will supercede the claim filed by the union representative or plan administrator for voting purposes and (ii) the union representative or plan administrator will not be entitled to vote any amount on account of its proof of claim; and

t.   in addition to the foregoing, the Debtors may seek an order of the Court disallowing a claim for voting purposes at anytime prior to the commencement of the Confirmation Hearing.

; and it is further

ORDERED that any claimant seeking to challenge allowance or disallowance of its claim for voting purposes must serve in accordance with the Complex Case Management Order, dated August 13, 2003 (as amended by this Court's order dated August 25, 2004) (the "Case Management Order") and file with this Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim only for purposes of voting to accept or reject the Plan (the "Temporary Allowance Motion") on or before the twentieth (20th) calendar day after the service of the Confirmation Hearing Notice (as defined below) (the "Temporary Allowance Deadline"); and it is further

ORDERED that any claim that is the subject of a Temporary Allowance Motion must be temporarily allowed by an order of the Court by the Voting Deadline, or such other later date established by the Court, in order for such creditor's vote to be counted; and it is further

ORDERED that the Debtors and creditors may enter into stipulated settlements for the treatment of claims for voting purposes in lieu of the filing by a creditor of a Temporary Allowance Motion or other pleadings by the Debtors seeking to reduce the amount of the creditor's claim for voting purposes (the "Stipulations"); and it is further

ORDERED that the Debtors are authorized to file the Stipulations under a Notice of Stipulation Regarding Temporary Allowance ("Notice of Stipulation") served in accordance

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE  SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE  FORM AND MANNER OF NOTICE THEREOF; (IV) ESTABLISHING  PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER 11 PLAN; AND (VI) SCHEDULING  A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE RELATED THERETO

Page 8 of 26

with the Case Management Order, pursuant to which if no timely objections are received to the Debtors' entry into the Stipulation within five days of service of the Notice of Stipulation, the Stipulation shall be deemed approved by the Court; and it is further

ORDERED that pursuant to Bankruptcy Rules 3017(c) and 3018(a), the date for purposes of determining the creditors and equity interest holders entitled to vote on the Plan or, in the case of non-voting classes, for purposes of determining the creditors and equity interest holders entitled to receive certain non-voting materials shall be September 28, 2005 (the "Record Date); and it is further

ORDERED that with respect to the Record Date, the record holders of claims and equity interests shall be determined based upon (a) with respect to beneficial holders of debt securities entitled to vote on the Plan, the records of the relevant trustee or agent, as well as the records of The Depository Trust Company ("DTC") and the applicable Voting Nominee (as defined below) as of the Record Date; (b) with respect to holders of equity securities entitled to vote on the Plan, the records of the relevant transfer agent, as well as the records of DTC and the applicable Voting Nominee as of the Record Date; (c) with respect to bank syndicates or other similarly situated creditor groups entitled to vote on the Plan, the records of the applicable agent bank or similarly situated agent as of the Record Date to the extent of the total amount reflected in the books and records of the Debtors; (d) with respect to holders of scheduled claims entitled to vote on the Plan, the Debtors' records maintained by AP Services ("AP") as of the Record Date; and (e) with respect to holders of filed claims entitled to vote on the Plan and not otherwise addressed above, the records of BSI as of the Record Date; and it is further

ORDERED that any notice of transfer of claim filed with the Court after the Record Date shall not be recognized for purposes of voting; and any claim or equity interest

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER 11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE RELATED THERETO

Page 9 of 26

transfers received by the record holders of the equity securities, debt securities, bank, agents or other similarly situated registrars after the Record Date shall not be recognized for purposes of voting; and it is further

ORDERED that the forms of Ballots substantially in the form attached hereto as collective Exhibits "A," "B" and "C" are approved;

- Exhibit "A-1" for Ballots for holders of Mirant Debtor Class 2 – Secured Claims against the Mirant Debtors;

- Exhibit "A-2" for Ballots for holders of Mirant Debtor Class 3 – Unsecured Claims against the Mirant Debtors;

- Exhibit "A-3" for Ballots for holders of Mirant Debtor Class 4 – Convenience Claims against the Mirant Debtors;

- Exhibit "A-4" for Ballots for holders of MAG Debtor Class 2 - Secured Claims against the MAG Debtors;

- Exhibit "A-5" for Ballots for holders of MAG Debtor Class 3 – New York Tax Secured Claims against the MAG Debtors;

- Exhibit "A-6" for Ballots for holders of MAG Debtor Class 4 – PG&E/RMR Claims against the MAG Debtors;

- Exhibit "A-7" for Ballots for holders of MAG Debtor Class 5 – Unsecured Claims against the MAG Debtors; and

- Exhibit "A-8" for Ballots for holders of MAG Debtor Class 7 – Convenience Claims against the MAG Debtors.

; and it is further

ORDERED that the forms of Ballots attached hereto as Exhibit "A-9" shall be used for the participating banks voting Mirant Debtor Class 3 – Unsecured Claims against the Mirant Debtors and Exhibit "A-10" shall be used for the participating banks voting MAG Debtor Class 5 – Unsecured Claims against the MAG Debtors; provided, however, that if an agent bank decides to submit one Ballot on behalf of the participating banks, the Debtors will provide the agent bank with a general unsecured Ballot in the form of Exhibits "A-2" or "A-7," as

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND
MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER
11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE
RELATED THERETO

Page 10 of 26

applicable, and the agent may attach an exhibit indicating the names of the participating banks,

the dollar amount of each creditor's vote, and whether the creditor voted to accept or reject the

Plan; and it is further

ORDERED that with respect to creditor and equity interest holder constituencies

entitled to vote directly on the Plan and whose underlying claims or interests arise from debt

securities, equity interests, or similarly situated obligations in which multiple creditors hold a

portion of the ultimate claim or equity interests (collectively, the "Public Securities"), the

Debtors shall solicit votes to the Plan through the trustee, agent bank, broker, property trustee or

other agents or nominees (collectively, the "Voting Nominees") for the ultimate beneficial

holders of the claims or interests (collectively, the "Beneficial Holders"); provided, however,

that notwithstanding anything else herein, the indenture trustee or fiscal agent for each of the

Debtors' debt issuances shall not be considered a Voting Nominee; and it is further

ORDERED that the Voting Nominees for Public Securities shall have two options

with respect to voting the Ballots and Master Ballots attached as Exhibits "B-1" through "B-6":

(a) the Voting Nominee can forward the Solicitation Package to each Beneficial Holder

(containing Ballots set forth in Exhibits "B-1" through "B-3," as appropriate) entitled to vote on

the Plan within five (5) business days of the receipt by such Voting Nominee of the Solicitation

Package and include a return envelope provided by, and addressed to, the Voting Nominee to

enable the Beneficial Holder to return the completed Ballot to the Voting Nominee, with the

Voting Nominee then tabulating the votes of the Beneficial Holders from the Ballots on a Master

Ballot and submitting a Master Ballot to Financial Balloting Group, LLC ("FBG"); or (b) if

applicable under the governing documents, the Voting Nominee can "prevalidate" the Ballots

and forward the Solicitation Package (containing Ballots set forth in Exhibits "B-1" through "B-

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND
MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER
11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE
RELATED THERETO
Page 11 of 26

3," as appropriate) to each Beneficial Holder entitled to vote on the Plan within five (5) business

days of the receipt by such Voting Nominee of the Solicitation Package and include a return

envelope postage pre-paid provided by, and addressed to, FBG; and it is further

ORDERED that if the Voting Nominee is also a Beneficial Holder, it shall

separately complete a Ballot and either submit it as a prevalidated Ballot to FBG or include it on

a Master Ballot; and it is further

ORDERED that the form of Ballots attached hereto as Exhibits "B-1," "B-2" and

"B-3" (Mirant Debtor Class 3 – Unsecured Claims of Beneficial Holders of Securities, Mirant

Debtor Class 5 –Beneficial Holders of Equity Interests of Mirant, and MAG Debtor Class 5 –

Unsecured Claims of Beneficial Holders of Securities, respectively) shall be used to enable

Voting Nominees to solicit the votes of Beneficial Holders in those instances where the role of

the Voting Nominee is to submit the Beneficial Holders' voting information to FBG (either

directly through a Master Ballot or indirectly through pre-validation of the Ballots); provided,

however, that, to the extent that the Voting Nominee does not pre-validate the Ballot, the forms

of Ballots attached hereto as Exhibits "B-4" and "B-5" and "B-6" (Mirant Debtor Class 3 –

Master Ballot for Unsecured Claims of Beneficial Holders of Securities, Mirant Debtor Class 5 –

Master Ballot for Beneficial Holders of Equity Interests, and MAG Debtor Class 5 – Master

Ballot for Unsecured Claims of Beneficial Holders of Securities, respectively) shall be used as

Master Ballots to enable the Voting Nominees to submit the Beneficial Holders' votes on the

Plan to FBG; and it is further

ORDERED that unless otherwise instructed, in writing, by a Voting Nominee, the

Debtors shall provide each Voting Nominee with a reasonably sufficient number of Solicitation

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE  SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE  FORM AND
MANNER OF NOTICE THEREOF; (IV) ESTABLISHING  PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER
11 PLAN; AND (VI) SCHEDULING  A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE
RELATED THERETO

Page 12 of 26

Packages (including Ballots) to distribute to the Beneficial Holders of the claims or equity

securities for whom such Voting Nominee acts; and it is further

ORDERED that unless otherwise instructed, in writing, by a Voting Nominee, the

Debtors shall provide each Voting Nominee with a Master Ballot; and it is further

**B.      Procedures for Solicitation**

ORDERED that following approval of the Disclosure Statement, the Debtors shall

distribute or cause to be distributed solicitation packages (the "Solicitation Packages")

containing copies of:

    a.    this Order;

    b.    the confirmation hearing notice, substantially in the form attached hereto as Exhibit "E" (the "Confirmation Hearing Notice");

    c.    an applicable Ballot, substantially in the forms attached hereto as Exhibits "A," "B" and "C," together with the applicable voting instructions, substantially in the forms attached hereto as Exhibit "D[3]," and a pre-addressed postage pre-paid return envelope;

    d.    letters from each of the Committees in substantially the forms attached hereto as Exhibit "H," indicating their support of the Plan; and

    e.    either (i) a CD-ROM containing the Disclosure Statement (together with the Plan attached thereto) and the Disclosure Statement Summary; or (ii) a hard copy of the Disclosure Statement (together with the Plan attached thereto).

; and it is further

`

---

[3]      The Ballots for (i) Mirant Debtor Class 3 – Unsecured Claims of Beneficial Holders of Securities, (ii) Mirant Debtor Class 5 –Beneficial Holders of Equity Interests of Mirant, and (iii) MAG Debtor Class 5 – Unsecured Claims of Beneficial Holders of Securities contain all of the necessary voting instructions therein and, therefore, do not have separate voting instructions attached to the Ballot.

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE  SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE  FORM AND
MANNER OF NOTICE THEREOF; (IV) ESTABLISHING  PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER
11 PLAN; AND (VI) SCHEDULING  A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE
RELATED THERETO

Page 13 of 26

ORDERED that the letters from each of the Committees indicating their support of the Plan in substantially the forms attached hereto as Exhibit "H," are hereby approved; and it is further

ORDERED that the Debtors shall mail the Solicitation Packages by no later than seven days after entry of this Order absent relief from the Court (the "Solicitation Date") to:

a.    subject to sub-sections (c) and (d) below, record holders of scheduled claims, as of the Record Date, to the extent that such claims (i) are listed in the Debtors' Schedules in an amount greater than zero and are not identified as contingent, unliquidated or disputed, (ii) have not been superseded by a timely filed claim, and (iii) entitle the holder thereof to vote on the Plan;

b.    subject to subsections (c) and (d) below, record holders of timely filed claims, as of the Record Date, to the extent that such claims (i) are the subject of timely filed proofs of claim, (ii) have not been disallowed, expunged, disqualified or suspended prior to the Record Date, (iii) are not the subject of a pending objection as of the date set forth in this Order unless, notwithstanding being the subject of an objection, the Voting Procedures entitle such claimant to vote on the Plan in the manner set forth in the Voting Procedures, and (iv) entitle the holders thereof to vote on the Plan;

c.    with respect to debt securities and equity securities, the Voting Nominees or registered record holders in respect of claims or equity securities, as of the Record Date, to the extent that (i) such Voting Nominees or registered record holders are reflected in the records of DTC or the respective trustee or indenture trustee for the debt securities or transfer agent for the equity interests, and (ii) the holders of such debt security claims or equity interests are entitled to vote on the Plan; and

d.    with respect to syndicated bank debt or other similarly situated creditor groups, the participating banks, as provided by the agent bank or other similarly situated agent as of the Record Date or, if requested by the agent bank, to the agent bank to forward to the participating banks, to the extent that the holders of the applicable syndicated bank debt or other similarly situated debt are entitled to vote on the Plan.

; and it is further

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER 11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE RELATED THERETO

ORDERED that each of the Voting Nominees shall distribute Solicitation

Packages to the respective Beneficial Holders within five (5) business days of the Voting

Nominee's receipt of the Solicitation Packages; and it is further

ORDERED that if service by CD-ROM containing the Disclosure Statement and

exhibits thereto, including the Plan, which is attached as Exhibit "A" to the Disclosure

Statement, imposes a hardship for any creditor or equity interest holder (e.g., the creditor or

equity interest holder does not own or have access to a computer or the Internet), such creditor or

equity interest holder may submit to the Debtors a written notice of hardship (with supporting

documentation, as appropriate) explaining why a paper copy should be provided to the creditor

or equity interest holder at the Debtors' cost; upon receipt of a certification of hardship, the

Debtors will evaluate whether an actual hardship appears to exist and, in the event the Debtors

concur, the Debtors will deliver by first class mail a paper copy of the Plan and Disclosure

Statement at no cost to the creditor or equity interest holder within five (5) business days after

determining that a hardship exists; provided, however, that, if the Debtors determine that there is

insufficient information to establish the existence of a hardship, the Debtors will inform such

creditor in writing with a copy to each of the Committees; and it is further

ORDERED that any party in interest may purchase a paper copy of the Plan and

Disclosure Statement by prepaying the amount of $50; and it is further

ORDERED that the Debtors shall distribute or cause to be distributed by the

Solicitation Date, the Solicitation Package without a (i) Ballot, (ii) voting instructions or (iii)

return envelope to (a) the U.S. Trustee; (b) the attorneys for the Committees; (c) attorneys for the

Examiner; (d) attorneys for the Debtors' postpetition lender; (e) attorneys for the Debtors'

proposed exit lenders; (f) the Securities and Exchange Commission; (g) the District Director of

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND
MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER
11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE
RELATED THERETO
Page 15 of 26

the Internal Revenue Service; (h) the Department of Justice; (i) any trustee, transfer agent,

indenture trustee, fiscal agent or agent bank identified on Exhibit "G" that is not a Voting

Nominee; (j) all counterparties to the Debtors' executory contracts and unexpired leases; and (k)

all parties that the Debtors are required to serve by the Case Management Order; and it is further

ORDERED that the Debtors shall have authority to reimburse any reasonable,

actual and necessary out-of-pocket expenses incurred by DTC, trustees, brokerage firms, transfer

agent, property trustee, fiscal agent, security registrar or any nominee or trustee of beneficial

holders of debt securities or equity interests identified on Exhibit "G" or such other nominee of

beneficial holders of debt securities or equity interests identified in connection with the

distribution of the Solicitation Packages; and it is further

ORDERED that the Debtors shall be excused from distributing Solicitation

Packages to those entities listed at the same addresses to which undeliverable mailings were

previously sent unless the Debtors receive written notice of accurate addresses for such entities

prior to the hearing to consider approval of the proposed Disclosure Statement; and it is further

ORDERED that the following additional procedures with respect to the

solicitation of votes on the Plan are hereby approved:

- Publication Notice:

    Not less than twenty (20) days prior to the Plan Objection Deadline, the
    Debtors will cause the Confirmation Hearing Notice to be published once
    in *The Wall Street Journal* (National Edition), *The New York Times*
    (National Edition), *USA Today, Financial Times, The Nassau Guardian,
    The Daily Gleaner/Sunday Gleaner, The Trinidad Guardian, Daily
    Express, Philippines Daily Inquirer, The Philippine Star* and *The Globe
    and Mail*. Additionally, the Debtors will publish the Confirmation
    Hearing notice electronically at http://www.txnb.uscourts.gov and
    http://www.mirant-caseinfo.com.

- Return of Ballots:

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND
MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER
11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE
RELATED THERETO

Page 16 of 26

Each claimant that has a Claim or Equity Interest for which a Claim amount may be determined and which Claim is not treated as unimpaired under the Plan or any Equity Interests which are not treated as unimpaired under the Plan as of the Voting Deadline is entitled to vote to accept or reject the Plan. All Ballots will be accompanied by return postage pre-paid envelopes addressed to the Debtors' tabulation center (the "Ballot Tabulation Center"), with the exception of any Beneficial Holder Ballot, which must be returned as outlined in the applicable Ballot. All Ballots, except for Beneficial Holder Ballots, must be *actually received* at the Debtors' Ballot Tabulation Center by the Voting Deadline. Beneficial Holder Ballots must be returned in sufficient time for the Voting Nominee to process the Beneficial Holder Ballots and return the Master Ballot to the Debtors' Ballot Tabulation Center by the Voting Deadline. If Ballots are not *actually received* at the Debtors' Ballot Tabulation Center by the Voting Deadline, they will not be counted.

- Solicitation and Tabulation Agent:

  The Debtors will be using two agents for purposes of distributing Solicitation Packages and tabulating votes on the Plan, FBG and BSI (each, a "Solicitation and Tabulation Agent"). Each Solicitation and Tabulation Agent will be responsible for the distribution of Solicitation Packages to, and tabulation of Ballots received from, the entities such agents solicited.

- Inquiries:

  All inquiries related to the Plan, the Disclosure Statement, and the Voting Procedures should be directed to the Solicitation and Tabulation Agent at the phone number set forth on the appropriate Ballot.

; and it is further

## C.     Provisional Ballots

ORDERED that to the extent that a creditor was not initially sent a Solicitation Package, and the creditor files a Temporary Allowance Motion on or before the Temporary Allowance Motion Deadline, the Debtors shall mail, via express or overnight mail, a Solicitation Package together with the appropriate Ballot (as discussed below, the "Temporary Allowance Ballot") to such creditor within five (5) business days after the filing of such motion; the creditor shall receive the appropriate Temporary Allowance Ballot substantially in the form of the Ballot

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER 11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE RELATED THERETO

Page 17 of 26

attached hereto as Exhibit "C," together with the applicable form of Voting Instructions substantially in the form attached hereto as Exhibit "D-4" (the "Temporary Allowance Voting Instructions") and shall execute and return the Temporary Allowance Ballot to the Solicitation and Tabulation Agent by the Voting Deadline; and it is further

ORDERED that the Temporary Allowance Ballots shall be clearly and conspicuously titled as "provisional" Ballots and that each Temporary Allowance Ballot shall, directly under the title for such Ballot, include a statement in bold, conspicuous text substantially as follows:

> **This is a provisional Ballot ("Provisional Ballot") that has been sent to you because you have filed a motion requesting the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") to temporarily allow your claim for voting purposes. Receipt of this Provisional Ballot does not mean that your claim has been allowed for voting purposes. Rather, the amount and classification of your claim (if any) shall be determined by order of the Bankruptcy Court on or before November 10, 2005, or such later date the Bankruptcy Court may establish. The Debtors have provided you with this Provisional Ballot to provide you with sufficient time to review the Plan, Disclosure Statement and related materials so that you may determine how to vote on the Plan if your claim is ultimately allowed for voting purposes. Please review the attached voting instructions, complete this Provisional Ballot as directed and return it to the Solicitation and Tabulation Agent as indicated on this Provisional Ballot, in the envelope provided herein by no later than November 10, 2005 at 4:00 p.m. (prevailing Central Time) (the "Voting Deadline"). If the Bankruptcy Court ultimately allows your claim for voting purposes, then your vote will be counted if and only if the Solicitation and Tabulation Agent actually receives a fully executed copy of this Provisional Ballot by the Voting Deadline. If you have any questions about this Provisional Ballot, please contact the Solicitation and Tabulation Agent.**

; and it is further

ORDERED that the Debtors shall send to the holders of claims in Mirant Debtor Class 1 against the Mirant Debtors and MAG Debtor Classes 1 and 6 against the MAG Debtors a notice of nonvoting status, substantially in the form attached hereto as Exhibit "F" (the "Notice

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER 11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE RELATED THERETO

Page 18 of 26

of Non-Voting Status – Unimpaired Classes"), which identifies, among other things, the classes

designated as unimpaired, informs the claimant of the Confirmation Hearing date and the Plan

Objection Deadline and sets forth that a copy of the Plan and Disclosure Statement may be

obtained via the Internet at http://www.txnb.uscourts.gov and http://www.mirant-caseinfo.com,

or CD-ROM upon written request to the Debtors, as therein provided; and it is further

ORDERED that the Notice of Non-Voting Status – Unimpaired Claims satisfies

the requirements of Bankruptcy Rule 3017(d) and, accordingly, CD-ROMs containing copies of

the Disclosure Statement and exhibits thereto, including the Plan, which is attached as Exhibit

"A" to the Disclosure Statement, need not be mailed to any holder of an unimpaired claim unless

such party makes a specific request in writing for the same; and it is further

ORDERED that with respect to service of the Notice of Non-Voting Status –

Unimpaired Classes to holders of non-voting Public Securities (collectively, the "Non-Voting

Public Securities"), the Debtors shall send the Notice of Non-Voting Status – Unimpaired

Classes as follows:

a.  the Debtors shall provide the nominees of the Non-Voting Public
    Securities (the "Non-Voting Nominees")[4] with sufficient copies of
    the Notice of Non-Voting Status – Unimpaired Classes to forward
    to the Beneficial Holders of the Non-Voting Securities; and

b.  the Non-Voting Nominees shall then forward the Notice of Non-
    Voting Status - Unimpaired Classes or copies thereof to the
    Beneficial Holders of the Non-Voting Securities within five (5)
    business days of the receipt by such Non-Voting Nominees of the
    Notice of Non-Voting Status - Unimpaired Classes.

; and it is further

---

[4] The indenture trustee or fiscal agent for each of the Debtors' debt issuances shall not be
considered a Non-Voting Nominee.

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND
PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND
MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER
11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE
RELATED THERETO

Page 19 of 26

ORDERED that to the extent that the Non-Voting Nominees incur any out-of-pocket expenses in connection with distribution of the Notice of Non-Voting Status – Unimpaired Classes, the Debtors are authorized to reimburse such entities for their reasonable, actual, and necessary out-of-pocket expenses incurred in this regard; and it is further

**D.    Procedures for Tabulation**

ORDERED that the following procedures (the "Tabulation Procedures") are hereby approved:

a.    Votes will be tabulated both on an individual debtor basis for each relevant class and on a consolidated basis for each relevant class within a proposed consolidated group.

b.    A vote shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

c.    Any Ballot that is returned to the Solicitation and Tabulation Agent, but which is unsigned, or has a non-original signature, shall not be counted, unless otherwise ordered by the Court.

d.    All votes to accept or reject the Plan must be cast by using the appropriate Ballot and in accordance with the voting instructions attached hereto as Exhibit "D" and/or as set forth on the Ballot (as may be applicable).  Votes that are cast in any other manner shall not be counted, unless otherwise ordered by the Court.

e.    A holder of claims and/or equity interests in more than one class must use separate Ballots for each class of claims and/or equity interests.

f.    If multiple Ballots are received for a holder of claims or equity interest voting the same claims or equity interests, the last Ballot received, as determined by the Solicitation and Tabulation Agent, as the case may be, from such holder prior to the Voting Deadline will be the Ballot that is counted.

g.    If multiple Ballots are received from different holders purporting to hold the same claim or equity interest, in the absence of contrary information establishing which claimant or holder held such claim or equity interest as of the Record Date, the last dated Ballot

ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS AND SUMMARY THEREOF; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN; (III) PRESCRIBING THE FORM AND MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE SECOND AMENDED CHAPTER 11 PLAN; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED CHAPTER 11 PLAN AND STATUS CONFERENCE RELATED THERETO

Page 20 of 26