**Item 3.**     **Additional Ballots Submitted by Beneficial Holders**.  The undersigned certifies that it has transcribed in the following table the information, if any, set forth in Item 3 of the Beneficial Holder Ballot for Mirant Debtor Class 3 – Unsecured Claims it has received from Beneficial Holders, identifying any other Class 3 Securities for which such Beneficial Holders have submitted other Ballots:

| Your Customer Name and/or Account Number For Each Beneficial Holder | TRANSCRIBE FROM ITEM 3 OF BENEFICIAL HOLDER BALLOT | | |
|---|---|---|---|
| | Name of Holder | Account Number | Principal Amount of Other Class 3 Securities Voted |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

Name of Broker, Bank, or other Nominee:

_____
(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Broker, Bank, or other Nominee (if applicable):

_____
(Print or Type)

By:_____
(Signature of Creditor or Authorized Agent)

Print Name of Signatory:_____

Title:_____
(If Appropriate)

Street Address:_____

_____
(City, State and Zip Code)

Telephone Number:  (____) _____

_____
(Social Security or Federal Tax I.D. No.)

Date Completed:_____

Code (MB-__)

Security Name
CUSIP Number

**PLEASE READ THE FOLLOWING BEFORE COMPLETING YOUR MASTER BALLOT**

This Ballot is submitted to you to solicit your vote to accept the Second Amended Joint Chapter 11 Plan of Reorganization (the "Plan") of Mirant Corporation and its Affiliated Debtors (collectively, the "Debtors"), which is described in the disclosure statement in support of the Plan dated September 22, 2005 (the "Disclosure Statement"). A copy of the Plan is attached as Exhibit "A" to the Disclosure Statement. The United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") approved the Disclosure Statement on _____ __, 2005. The Disclosure Statement provides information to assist you in deciding whether to accept or reject the Plan. A copy of the Disclosure Statement is contained in the CD-ROM accompanying this Ballot. If you did not receive a CD-ROM containing the Plan and Disclosure Statement, you may obtain the CD-ROM by contacting Financial Balloting Group LLC, the Debtors' Solicitation and Tabulation Agent, at 1-866-847-8179. Additionally, the Plan and Disclosure Statement are available at http://www.txnb.uscourts.gov and http://www.mirant-caseinfo.com.

Please complete, sign and date this Master Ballot and return it to Financial Balloting Group LLC, at 757 Third Avenue, 3rd Floor, New York, New York 10017, Attn: Mirant Ballot Tabulation, Telephone No. 1-646-282-1800. **If your Ballot is not ACTUALLY RECEIVED by 4:00 p.m., Prevailing Central Time, on November 10, 2005, it will not be counted. The Solicitation and Tabulation Agent will not accept Ballots by facsimile transmission.**

On _____ ___, 2005, the Bankruptcy Court also approved certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures are set forth in the Voting Instructions that accompany this Ballot.

**By signing this Master Ballot, you make the following certifications:**

- "The solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement relating to the Plan."

- "Each Beneficial Holder whose votes are transmitted hereby has received a CD-ROM or has otherwise received or obtained a copy of the Disclosure Statement and the exhibits thereto, including the Plan."

- "I have the full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders listed in Item 2."

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the allowed claims in each class voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it and otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. **To have the votes on this Master Ballot count you must complete and return this Master Ballot by 4:00 p.m., Prevailing Central Time, so that it is actually received by the Solicitation and Tabulation Agent on or before November 10, 2005. Unsigned Ballots will not be counted.**

This Master Ballot is for voting purposes only and does not constitute and shall not be deemed a proof of claim or interest or an admission by the Debtors of the validity of a claim or interest.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A MASTER BALLOT OR ADDITIONAL COPIES OF ANY ENCLOSED MATERIALS, PLEASE CONTACT FINANCIAL BALLOTING GROUP LLC, AT 1-646-282-1800. THE SOLICITATION AND TABULATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, TELECOPY TRANSMISSION OR ELECTRONIC MAIL.**

Code (MB-__)

Security Name
CUSIP Number

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 Case |
|  | ) |  |
| MIRANT CORPORATION, et al., | ) | Case No. 03-46590(DML)11 |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |

## MASTER BALLOT FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS DATED SEPTEMBER 22, 2005

### MIRANT DEBTOR CLASS 5 – Equity Interests
### (Nominee for Beneficial Holders of Equity Interests)

This is a ballot to vote to accept or reject the Second Amended Joint Chapter 11 Plan of Reorganization for Mirant Corporation and its Affiliated Debtors.

PLEASE READ THIS ENTIRE BALLOT BEFORE COMPLETING. PLEASE COMPLETE, DATE AND SIGN THIS BALLOT AND RETURN IT IN THE ENCLOSED PREADDRESSED, POSTAGE PREPAID ENVELOPE IN ORDER TO BE COUNTED. THIS BALLOT **MUST BE ACTUALLY RECEIVED** BY THE SOLICITATION AND TABULATION AGENT ON OR BEFORE **NOVEMBER 10, 2005 AT 4:00 P.M., PREVAILING CENTRAL TIME**.

**Item 1.**  **Certification of Authority to Vote**. The undersigned certifies that as of the September 28, 2005 record date, the undersigned (please check the applicable box):

☐ Is a broker, bank, or other nominee for the Beneficial Holders of the number of the Class 5 Equity Interests listed in Item 2 below, and is the registered holder of such securities, or

☐ is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the number of the Class 5 Equity Interest listed in Item 2 below, or

☐ has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee or a Beneficial Holder that is the registered holder of the number of the Class 5 Equity Interest listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 5 Equity Interest listed in Item 2 below.

**Item 2.**  **Mirant Debtor Class 5 Equity Interests.** The undersigned transmits the following votes of Beneficial Holders in respect of their Class 5 Equity Interests, and certifies that the following Beneficial Holders of the Class 5 Equity Interests, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the September 28, 2005 record date and have delivered to the undersigned, as Nominee, properly executed Ballots casting such votes. (Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table. Please note that each Beneficial Holder must vote all his, her, or its Class 5 Equity Interests *either* to accept *or* reject the Plan, and may *not* split such vote):

Code (MB-_____)

Common Stock
CUSIP Number

| Your Customer Account Number for Each Beneficial Holder of Class 5 Equity Interest | Number of Allowed Class 5 Equity Interests Voted to ACCEPT the Plan | | Number of Allowed Class 5 Equity Interests Voted to REJECT the Plan |
|---|---|---|---|
| 1. | | OR | |
| 2. | | OR | |
| 3. | | OR | |
| 4. | | OR | |
| 5. | | OR | |
| 6. | | OR | |
| 7. | | OR | |
| 8. | | OR | |
| 9. | | OR | |
| 10. | | OR | |
| **TOTALS** | | | |

Name of Broker, Bank, or other Nominee:

_____
(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Broker, Bank, or other Nominee (if applicable):

_____
(Print or Type)

By:_____
(Signature of Creditor or Authorized Agent)

Print Name of Signatory:_____

Title:_____
(If Appropriate)

Street Address:_____

_____
(City, State and Zip Code)

Telephone Number:  (____) _____

_____
(Social Security or Federal Tax I.D. No.)

Date Completed:_____

Code (MB-_____)

Common Stock
CUSIP Number

d-1379248

**PLEASE READ THE FOLLOWING BEFORE COMPLETING YOUR MASTER BALLOT**

This Ballot is submitted to you to solicit your vote to accept the Second Amended Joint Chapter 11 Plan of Reorganization (the "Plan") of Mirant Corporation and its Affiliated Debtors (collectively, the "Debtors"), which is described in the disclosure statement in support of the Plan dated September 22, 2005 (the "Disclosure Statement"). A copy of the Plan is attached as Exhibit "A" to the Disclosure Statement. The United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") approved the Disclosure Statement on _____ __, 2005. The Disclosure Statement provides information to assist you in deciding whether to accept or reject the Plan. A copy of the Disclosure Statement is contained in the CD-ROM accompanying this Ballot. If you did not receive a CD-ROM containing the Plan and Disclosure Statement, you may obtain the CD-ROM by contacting Financial Balloting Group LLC, the Debtors' Solicitation and Tabulation Agent, at 1-866-847-8179. Additionally, the Plan and Disclosure Statement are available at http://www.txnb.uscourts.gov and http://www.mirant-caseinfo.com.

Please complete, sign and date this Master Ballot and return it to Financial Balloting Group LLC, at 757 Third Avenue, 3rd Floor, New York, New York 10017, Attn: Mirant Ballot Tabulation, Telephone No. 1-646-282-1800. **If your Ballot is not ACTUALLY RECEIVED by 4:00 p.m., Prevailing Central Time, on November 10, 2005, it will not be counted. The Solicitation and Tabulation Agent will not accept Ballots by facsimile transmission.**

On _____ ___, 2005, the Bankruptcy Court also approved certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures are set forth in the Voting Instructions that accompany this Ballot.

**By signing this Master Ballot, you make the following certifications:**

- "The solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement relating to the Plan."

- "Each Beneficial Holder whose votes are transmitted hereby has received a CD-ROM or has otherwise received or obtained a copy of the Disclosure Statement and the exhibits thereto, including the Plan."

- "I have the full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders listed in Item 2."

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount of the allowed interests in each class voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it and otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. **To have the votes on this Master Ballot count you must complete and return this Master Ballot by 4:00 p.m., Prevailing Central Time, so that it is actually received by the Solicitation and Tabulation Agent on or before November 10, 2005. Unsigned Ballots will not be counted.**

This Master Ballot is for voting purposes only and does not constitute and shall not be deemed a proof of claim or interest or an admission by the Debtors of the validity of a claim or interest.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A MASTER BALLOT OR ADDITIONAL COPIES OF ANY ENCLOSED MATERIALS, PLEASE CONTACT FINANCIAL BALLOTING GROUP LLC, AT 1-646-282-1800. THE SOLICITATION AND TABULATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, TELECOPY TRANSMISSION OR ELECTRONIC MAIL.**

Code (MB-____)                                                                          Common Stock
                                                                                        CUSIP Number

(This page intentionally left blank)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 Case |
|  | ) |  |
| MIRANT CORPORATION, et al., | ) | Case No. 03-46590(DML)11 |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |

## MASTER BALLOT FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR MIRANT CORPORATION AND ITS AFFILIATED DEBTORS DATED SEPTEMBER 22, 2005

**MAG DEBTOR CLASS 5 – Unsecured Claims**
**(Nominee for Beneficial Holders of Securities)**

This is a ballot to vote to accept or reject the Second Amended Joint Chapter 11 Plan of Reorganization for Mirant Corporation and its Affiliated Debtors.

> PLEASE READ THIS ENTIRE BALLOT BEFORE COMPLETING. PLEASE COMPLETE, DATE AND SIGN THIS BALLOT AND RETURN IT IN THE ENCLOSED PREADDRESSED, POSTAGE PREPAID ENVELOPE IN ORDER TO BE COUNTED. THIS BALLOT **MUST BE ACTUALLY RECEIVED** BY THE SOLICITATION AND TABULATION AGENT ON OR BEFORE **NOVEMBER 10, 2005 AT 4:00 P.M., PREVAILING CENTRAL TIME**.

Item 1.     **Certification of Authority to Vote**. The undersigned certifies that as of the September 28, 2005 record date, the undersigned (please check the applicable box):

☐     Is a broker, bank, or other nominee for the Beneficial Holders of the aggregate principal amount of the Class 5 Security listed in Item 2 below, and is the registered holder of such securities, or

☐     is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of the Class 5 Security listed in Item 2 below, or

☐     has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee or a Beneficial Holder that is the registered holder of the aggregate principal amount of the Class 5 Security listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 5 Security listed in Item 2 below.

Code (MB-__)                                                                                          Security Name
                                                                                                     CUSIP Number

**Item 2.**     **MAG Debtor Class 5 – Unsecured Claims.** The undersigned transmits the following votes of Beneficial Holders in respect of their Class 5 Securities, and certifies that the following Beneficial Holders of the Class 5 Securities, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the September 28, 2005 record date and have delivered to the undersigned, as Nominee, properly executed Ballots casting such votes. (Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table. For purposes of this Master Ballot, accrued or unmatured interest should not be included. Please note that each Beneficial Holder must vote all his, her, or its Class 5 Security *either* to accept *or* reject the Plan, and may *not* split such vote):

| Your Customer Account Number for Each Beneficial Holder of Class 5 Security | Principal Amount of Allowed Class 5 Security Voted to ACCEPT the Plan | | Principal Amount of Allowed Class 5 Security Voted to REJECT the Plan |
|---|---|---|---|
| 1. | $ | OR | $ |
| 2. | $ | OR | $ |
| 3. | $ | OR | $ |
| 4. | $ | OR | $ |
| 5. | $ | OR | $ |
| 6. | $ | OR | $ |
| 7. | $ | OR | $ |
| 8. | $ | OR | $ |
| 9. | $ | OR | $ |
| 10. | $ | OR | $ |
| **TOTALS** | **$** | | **$** |

Code (MB-__)                                                                                    Security Name
                                                                                                 CUSIP Number

**Item 3.**      **Additional Ballots Submitted by Beneficial Holders**.  The undersigned certifies that it has transcribed in the following table the information, if any, set forth in Item 3 of the Beneficial Holder Ballot for  MAG Debtor Class 5 – Unsecured Claims it has received from Beneficial Holders, identifying any other Class 5 Securities for which such Beneficial Holders have submitted other Ballots:

| Your Customer Name and/or Account Number For Each Beneficial Holder | TRANSCRIBE FROM ITEM 3 OF BENEFICIAL HOLDER BALLOT | | |
|---|---|---|---|
| | Name of Holder | Account Number | Principal Amount of Other Class 5 Securities Voted |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

Name of Broker, Bank, or other Nominee:

_____
(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Broker, Bank, or other Nominee (if applicable):

_____
(Print or Type)

By:_____
(Signature of Creditor or Authorized Agent)

Print Name of Signatory:_____

Title:_____
(If Appropriate)

Street Address:_____

_____
(City, State and Zip Code)

Telephone Number:  (____) _____

_____
(Social Security or Federal Tax I.D. No.)

Date Completed:_____

Code (MB-__)

Security Name
CUSIP Number

**PLEASE READ THE FOLLOWING BEFORE COMPLETING YOUR MASTER BALLOT**

This Ballot is submitted to you to solicit your vote to accept the Second Amended Joint Chapter 11 Plan of Reorganization (the "Plan") of Mirant Corporation and its Affiliated Debtors (collectively, the "Debtors"), which is described in the disclosure statement in support of the Plan dated September 22, 2005 (the "Disclosure Statement"). A copy of the Plan is attached as Exhibit "A" to the Disclosure Statement. The United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") approved the Disclosure Statement on _____ __, 2005. The Disclosure Statement provides information to assist you in deciding whether to accept or reject the Plan. A copy of the Disclosure Statement is contained in the CD-ROM accompanying this Ballot. If you did not receive a CD-ROM containing the Plan and Disclosure Statement, you may obtain the CD-ROM by contacting Financial Balloting Group LLC, the Debtors' Solicitation and Tabulation Agent, at 1-866-847-8179. Additionally, the Plan and Disclosure Statement are available at http://www.txnb.uscourts.gov and http://www.mirant-caseinfo.com.

On _____ ___, 2005, the Bankruptcy Court also approved certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures are set forth in the Voting Instructions that accompany this Ballot.

Please complete, sign and date this Master Ballot and return it to Financial Balloting Group LLC, at 757 Third Avenue, 3rd Floor, New York, New York 10017, Attn: Mirant Ballot Tabulation, Telephone No. 1-646-282-1800. **If your Ballot is not ACTUALLY RECEIVED by 4:00 p.m., Prevailing Central Time, on November 10, 2005, it will not be counted. The Solicitation and Tabulation Agent will not accept Ballots by facsimile transmission.**

**By signing this Master Ballot, you make the following certifications:**

- "The solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement relating to the Plan."

- "Each Beneficial Holder whose votes are transmitted hereby has received a CD-ROM or has otherwise received or obtained a copy of the Disclosure Statement and the exhibits thereto, including the Plan."

- "I have the full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders listed in Item 2."

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the allowed claims in each class voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it and otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. **To have the votes on this Master Ballot count you must complete and return this Master Ballot by 4:00 p.m., Prevailing Central Time, so that it is actually received by the Solicitation and Tabulation Agent on or before November 10, 2005. Unsigned Ballots will not be counted.**

This Master Ballot is for voting purposes only and does not constitute and shall not be deemed a proof of claim or interest or an admission by the Debtors of the validity of a claim or interest.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A MASTER BALLOT OR ADDITIONAL COPIES OF ANY ENCLOSED MATERIALS, PLEASE CONTACT FINANCIAL BALLOTING GROUP LLC, AT 1-646-282-1800. THE SOLICITATION**

Code (MB-__)

Security Name
CUSIP Number

**AND TABULATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, TELECOPY TRANSMISSION OR ELECTRONIC MAIL.**

Code (MB-___)

Security Name
CUSIP Number

5

(This page intentionally left blank)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 Case |
|  | ) |  |
| MIRANT CORPORATION, et al., | ) | Case No. 03-46590(DML)11 |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |

**[(Creditor Name)          (unique I.D. #)]**

**[Creditor Address]**

---

**PROVISIONAL BALLOT FOR ACCEPTING OR REJECTING THE SECOND
AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR MIRANT
CORPORATION AND ITS AFFILIATED DEBTORS DATED SEPTEMBER 22, 2005**

---

**This is a provisional Ballot ("Provisional Ballot") that has been sent to you because you have filed a motion requesting the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") to temporarily allow your claim for voting purposes. Receipt of this Provisional Ballot does not mean that your claim has been allowed for voting purposes. Rather, the amount and classification of your claim (if any) shall be determined by order of the Bankruptcy Court on or before November 10, 2005, or such later date the Bankruptcy Court may establish. The Debtors have provided you with this Provisional Ballot to provide you with sufficient time to review the Plan, Disclosure Statement and related materials so that you may determine how to vote on the Plan if your claim is ultimately allowed for voting purposes. Please review the attached voting instructions, complete this Provisional Ballot as directed and return it to the Solicitation and Tabulation Agent as indicated on this Provisional Ballot, in the envelope provided herein by no later than November 10, 2005 at 4:00 p.m. (Prevailing Central Time) (the "Voting Deadline"). If the Bankruptcy Court ultimately allows your claim for voting purposes, then your vote will be counted if and only if the Solicitation and Tabulation Agent actually receives a fully executed copy of this Provisional Ballot by the Voting Deadline. If you have any questions about this Provisional Ballot, please contact the Solicitation and Tabulation Agent.**

PLEASE READ THIS ENTIRE BALLOT BEFORE COMPLETING. PLEASE COMPLETE, DATE AND SIGN THIS BALLOT AND RETURN IT IN THE ENCLOSED PREADDRESSED, POSTAGE PREPAID ENVELOPE. THIS BALLOT **MUST BE ACTUALLY RECEIVED** BY THE SOLICITATION AND TABULATION AGENT ON OR BEFORE **NOVEMBER 10, 2005 AT 4:00 P.M., PREVAILING CENTRAL TIME.**

**Item 1: Voting Classification and Amount.** The amount and classification of your claim (if any) for voting purposes shall be determined by order of the Bankruptcy Court on or before November 10, 2005, or such later date the Bankruptcy Court may establish.

**Item 2: Vote.** The undersigned votes all of its claims to (check one box):

| ☐ Accept the Plan | ☐ Reject the Plan |
|---|---|

Name of Creditor:_____
(Print or Type)

By:_____
(Signature of Creditor or Authorized Agent)

Print Name of Signatory:_____

Title:_____
(If Appropriate)

Street Address:_____

_____
(City, State and Zip Code)

Telephone Number:  (___) _____

_____
(Social Security or Federal Tax I.D. No.)

Date Completed:_____

## PLEASE READ THE FOLLOWING BEFORE COMPLETING YOUR BALLOT

     This Provisional Ballot is submitted to you to solicit your vote to accept the Second Amended Joint Chapter 11 Plan of Reorganization (the "Plan") of Mirant Corporation and its Affiliated Debtors (collectively, the "Debtors"), which is described in the disclosure statement in support of the Plan dated September 22, 2005 (the "Disclosure Statement"). A copy of the Plan is attached as Exhibit "A" to the Disclosure Statement. The United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") approved the Disclosure Statement on _____ __, 2005. The Disclosure Statement provides information to assist you in deciding whether to accept or reject the Plan. A copy of the Disclosure Statement is contained in the CD-ROM accompanying this Ballot. If you did not receive a CD-ROM containing the Plan and Disclosure Statement, you may obtain the CD-ROM by contacting Bankruptcy Services, LLC, the Debtors' Solicitation and Tabulation Agent, at 1-866-316-7766. Additionally, the Plan and Disclosure Statement are available at http://www.txnb.uscourts.gov and http://www.mirant-caseinfo.com.

Please complete, sign and date this Provisional Ballot and return it to the Debtors' Solicitation and Tabulation Agent at P.O. Box 5014, F.D.R. Station, New York, NY 10150-5014, Attn: Mirant Ballot Tabulation, in the enclosed preaddressed, postage prepaid envelope. **If your Ballot is not ACTUALLY RECEIVED by 4:00 p.m., Prevailing Central Time, on November 10, 2005, it will not be counted. The Solicitation and Tabulation Agent will not accept Ballots by facsimile transmission.**

On _____ ___, 2005, the Bankruptcy Court also approved certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures are set forth in the Voting Instructions that accompany this Ballot.

**By signing this Provisional Ballot, you make the following certifications:**

- "I have received a CD-ROM or have otherwise received or obtained a copy of the Disclosure Statement and the exhibits thereto, including the Plan."

- "I understand that, if this Ballot is validly executed and returned without checking a box to ACCEPT or REJECT, this Ballot will not be counted."

- "I have the full power and authority to vote to accept or reject the Plan on behalf of the claimant listed herein."

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the allowed claims in each class voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it and otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. **To have your vote count you must complete and return this Ballot by 4:00 p.m., Prevailing Central Time, so that it is actually received by the Solicitation and Tabulation Agent on or before November 10, 2005. Unsigned Ballots will not be counted.**

This Provisional Ballot is for voting purposes only and does not constitute and shall not be deemed a proof of claim or interest or an admission by the Debtors of the validity of a claim or interest.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS PROVISIONAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A PROVISIONAL BALLOT OR ADDITIONAL COPIES OF ANY ENCLOSED MATERIALS, PLEASE CONTACT [THE SOLICITATION AND TABULATION AGENT AT THE APPLICABLE PHONE NUMBER]. THE SOLICITATION AND TABULATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, TELECOPY TRANSMISSION OR ELECTRONIC MAIL.**

(This page intentionally left blank)

## VOTING INSTRUCTIONS

Mirant Debtor Class 2 – Secured Claims, Mirant Debtor Class 3 – Unsecured
Claims, Mirant Debtor Class 4 – Convenience Claims, MAG Debtor Class 2 –
Secured Claims, MAG Debtor Class 3 – New York Tax Secured Claims, MAG
Debtor Class 4 – PG&E/RMR Claims, MAG Debtor Class 5 – Unsecured Claims,
and MAG Debtor Class 7 – Convenience Claims

### General Instructions

1.     This Ballot is submitted to you to solicit your vote to accept or reject the Second
       Amended Joint Chapter 11 Plan of Reorganization (the "Plan") for Mirant Corporation
       and its Affiliated Debtors (collectively, the "Debtors") that is attached as Exhibit "A" to
       the Debtors' disclosure statement (the "Disclosure Statement") in support of the Plan.
       All capitalized terms used, but not defined herein or in the Ballot, have the same
       meanings ascribed to them in the Plan or Disclosure Statement, as the case may be.

2.     **WE RECOMMEND THAT YOU READ THESE VOTING INSTRUCTIONS, THE
       PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE
       COMPLETING THE BALLOT.  YOU MAY WISH TO SEEK LEGAL ADVICE
       CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT
       OF YOUR CLAIM(S) UNDER THE PLAN.**

### Voting and Non-Voting Classes

3.     As more fully set forth in the Plan and the Disclosure Statement, Mirant Debtors Classes
       2 through 5 and MAG Debtors Classes 2 through 5 and 7 are impaired and are receiving
       distributions under the Plan and, therefore, the Debtors are soliciting acceptances from
       holders of claims in these Classes only (collectively, the "Voting Classes").  All other
       classes are (a) unimpaired and conclusively presumed to have accepted the Plan or (b)
       comprised of intercompany claims asserted by proponents of the Plan and deemed to
       have accepted the Plan (collectively, the "Non-Voting Classes").

### Voting Procedures

4.     The Debtors are providing Solicitation Packages containing, among other things, a CD-
       ROM containing a copy of the Disclosure Statement and exhibits thereto, including the
       Plan, and Ballots to all record holders of claims entitled to vote in the Voting Classes as
       of September 28, 2005 (the "Record Date").

5.     If no return envelope was enclosed with the Disclosure Statement and Ballot, please send
       your Ballot to the Solicitation and Tabulation Agent at the address listed below in
       Paragraph 6.b.

6.     With respect to holders of claims in the Voting Classes:

       a.      Holders of such claims can vote by completing the Ballot, signing it and returning
               it to the Solicitation and Tabulation Agent so as to be actually received by the

Solicitation and Tabulation Agent on or before **November 10, 2005 at 4:00 p.m. (Prevailing Central Time)** (the "Voting Deadline").

b.      Ballots should be sent to the Solicitation and Tabulation Agent in the preaddressed, postage prepaid envelope provided which contains the following address:

> Mirant Ballot Tabulation
> P.O. Box 5014
> F.D.R. Station
> New York, NY 10150-5014

c.      In order to be counted, your Ballot must be **actually received** by the Voting Deadline.

d.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to transmit votes to accept or reject the Plan.

<u>Tabulation Procedures for All Voting Classes</u>

7.      The United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") has established the following procedures regarding the tabulation of votes cast with respect to the Plan:

a.      Votes will be tabulated both on an individual debtor basis for each relevant class and on a consolidated basis for each relevant class within a proposed consolidated group.

b.      A vote shall be disregarded if the Bankruptcy Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

c.      Any Ballot that is returned to the Solicitation and Tabulation Agent, but which is unsigned, or has a non-original signature, shall <u>not</u> be counted, unless otherwise ordered by the Bankruptcy Court.

d.      All votes to accept or reject the Plan must be cast by using the appropriate Ballot and in accordance with these voting instructions and/or as set forth on the Ballot (as may be applicable) and votes that are cast in any other manner shall <u>not</u> be counted, unless otherwise ordered by the Bankruptcy Court.

e.      A holder of claims and/or equity interests in more than one class must use separate Ballots for each class of claims and/or equity interests.

f.      If multiple Ballots are received for a holder of claims or equity interests voting the same claims or equity interests, the last Ballot received, as determined by the

d-1379252

Solicitation Agent or the Tabulation Agent, as the case may be, from such holder prior to the Voting Deadline will be the Ballot that is counted.

g.    If multiple Ballots are received from different holders purporting to hold the same claim or equity interest, in the absence of contrary information establishing which claimant or holder held such claim or equity interest as of the Record Date, the last Ballot received prior to the Voting Deadline will be the Ballot that is counted.

h.    If multiple Ballots are received from a holder of a claim or equity interest and someone purporting to be his, her, or its attorney or agent, the Ballot received from the holder of the claim or equity interest will be the Ballot that is counted, and the vote of the purported attorney or agent will not be counted, unless otherwise ordered by the Bankruptcy Court.

i.    A Ballot that is completed, but on which the claimant or holder of equity interest did not indicate whether to accept or reject the Plan or that indicates both an acceptance and rejection of the Plan shall not be counted, unless otherwise ordered by the Bankruptcy Court.

j.    Any Ballot (except a Master Ballot) that partially accepts and partially rejects the Plan shall not be counted, unless otherwise ordered by the Bankruptcy Court.

k.    A holder of claims or equity interest shall be deemed to have voted the full amount of its claim or equity interest in each class and shall not be entitled to split its vote within a class.

l.    The Solicitation and Tabulation Agent shall not accept a vote by facsimile, telecopy transmission or electronic mail, unless otherwise ordered by the Bankruptcy Court.

m.    For the purpose of voting on the Plan, the Solicitation and Tabulation Agent will be deemed to be in constructive receipt of any Ballot timely delivered to any address that the Solicitation and Tabulation Agent designates for the receipt of Ballots cast on the Plan.

8.    The Bankruptcy Court has also established the following voting procedures:

a.    if a claim is deemed allowed as such term is defined in the Bankruptcy Code, then such claim shall be allowed for voting purposes in the amount and classification deemed allowed in the Plan;

b.    except as otherwise provided herein and unless temporarily allowed for voting purposes by the Bankruptcy Court, if a filed proof of claim asserts a claim in a wholly undetermined or unliquidated amount or is docketed in the official claim register maintained by Bankruptcy Services, LLC ("BSI"), the Bankruptcy Court-appointed claims and noticing agent, as of the Record Date in the amount of $0, then such claim shall be allowed for voting purposes as a general unsecured claim only in the amount of $1.00;

Exhibit "D-1," page 3

c.   except as otherwise provided herein and unless temporarily allowed for voting purposes by the Bankruptcy Court, if a filed proof of claim asserts a claim in a partially undetermined or unliquidated amount, then such claim shall be allowed for voting purposes only in the amount of the known or liquidated portion of the claim;

d.   if a claim has been estimated by an order of the Bankruptcy Court in accordance with the procedures for the estimation of certain contingent and unliquidated proofs of claim for purposes of feasibility of, voting on, and distribution under a chapter 11 plan of reorganization, which procedures were approved by the Bankruptcy Court by orders dated October 21, 2004 and October 26, 2004, then such claim will be allowed for voting purposes in the amount approved by the Bankruptcy Court, provided that such order is entered on or before the Voting Deadline;

e.   unless temporarily allowed for voting purposes by the Bankruptcy Court, if a claim is listed in the Debtors' Schedules of Assets and Liabilities (the "Schedules") as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable deadline for the filing of proofs of claim by creditors of the Debtors for which Schedules had been filed as of such dates (the "Bar Dates")[1] or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, then such claim shall be disallowed for voting purposes;

f.   notwithstanding anything else provided herein, if (i) the Debtors have objected to a claim or equity interest by serving an objection, motion, adversary proceeding or otherwise to the entirety of a claim or equity interest on or before the date of the entry of the order approving the Disclosure Statement and (ii) the claim of equity interest has not been temporarily allowed for voting purposes by the Bankruptcy Court, then such claim or equity interest shall be disallowed for voting purposes;

g.   notwithstanding anything else provided herein, if (i) the Debtors have objected to a claim or equity interest by serving an objection, motion, adversary proceeding or otherwise to a portion of a claim or equity interest on or before the date of the entry of the Disclosure Statement Order and (ii) such portion of the claim or equity interest has not been temporarily allowed for voting purposes by the Bankruptcy Court, then the claim or equity interest shall be allowed for voting purposes only in the amount that is set forth in the pending objection;

h.   notwithstanding anything else provided herein, if (i) the Debtors have objected to a claim by serving an objection, motion, adversary proceeding or otherwise to the classification of all or part of a claim on or before the date of the entry of the

---

[1]   By orders dated August 21, 2003, October 8, 2003 and January 18, 2004 (the "Bar Date Orders"), and pursuant to Bankruptcy Rule 3003(c)(3), the Bankruptcy Court established December 16, 2003, as the Bar Date applicable to all the Debtors other than Mirant Americas Energy Capital, LP and Mirant Americas Energy Capital Assets, LLC (collectively, the "MAEC Debtors"), and March 12, 2004, as the Bar Date applicable to the MAEC Debtors.

d-1379252

Disclosure Statement Order (including any requests to subordinate such claim) and (ii) such claim has not been temporarily allowed for voting purposes by the Bankruptcy Court, then the claim shall be allowed for voting purposes only in the amount and classification that is set forth in the pending objection (if any);

i.     unless such claim has been temporarily allowed for voting purposes by the Bankruptcy Court or otherwise allowed as to all or part of the claim, if the Debtors have objected to a claim by serving an objection, motion, adversary proceeding or otherwise to a proof of claim based upon the claim being asserted against the wrong debtor, then the claim shall be allowed for voting purposes only in the amount and against the Debtor as set forth in the pending objection;

j.     unless otherwise provided by an order of the Bankruptcy Court, the allowed amount of any proof of claim for voting purposes shall be the amount as docketed in BSI's claims database as of the Record Date;

k.     unless otherwise provided by an order of the Bankruptcy Court or otherwise provided herein, for purposes of determining eligibility to vote, the classification of a claim shall be determined based on the classification as docketed in BSI's claims database as of the Record Date; provided, however, that any claims for which BSI was unable to identify the classification shall be classified as general unsecured claims;

l.     unless temporarily allowed for voting purposes by the Bankruptcy Court, if a single proof of claim has been filed against multiple Debtors (in contravention of the Bar Date Orders), then such claim shall be allowed for voting purposes only against the Debtor as docketed in BSI's claims database as of the Record Date;

m.     if a claim or equity interest is allowed pursuant to a Bankruptcy Court-approved settlement (except for a claim or equity interest that is temporarily allowed by the Bankruptcy Court, which claim or equity interest may vote so long as such order temporarily allowing the claim or equity interest is entered by the Voting Deadline) on or before ten days prior to the Voting Deadline, then such claim or equity interest will be entitled to vote on the Plan in accordance with the terms of such settlement;

n.     unless temporarily allowed for voting purposes by the Bankruptcy Court, if a proof of claim asserts a claim that is not in U.S. dollars, such claim will be treated as unliquidated and allowed for voting purposes only in the amount of $1.00;

o.     unless temporarily allowed for voting purposes by the Bankruptcy Court, if (i) a proof of claim was filed after the applicable Bar Date, (ii) the creditor did not obtain leave to file such late claim, and (iii) the proof of claim is not docketed in BSI's database as of the Record Date as an amendment of a timely filed claim, then such claim shall be disallowed for voting purposes only;

p.     unless otherwise temporarily allowed for voting purposes by the Bankruptcy Court, if a proof of claim does not list a Debtor or the Debtor is unidentifiable on

d-1379252

the proof of claim, then such claim will be allowed for voting purposes only against Mirant Corporation;

q.   unless otherwise temporarily allowed for voting purposes by the Bankruptcy Court, if a claim is disallowed pursuant to section 502(d) of the Bankruptcy Code or is equitably subordinated under the Bankruptcy Code, then such claim shall be disallowed for voting purposes only;

r.   if the Debtors schedule a claim and the creditor filed a proof of claim superseding such scheduled claim, the scheduled claim is deemed superseded in accordance with Rule 3003(c)(4) of the Federal Rules of Bankruptcy Procedure and such scheduled claim shall be disallowed for voting purposes;

s.   if a union representative or plan administrator of an employee benefit program filed a claim on behalf of its constituents, then (i) each constituent creditor will be entitled to vote its claim in the amount and classification set forth in the claim filed by the union representative or plan administrator, however any other separate claim filed by a constituent creditor based upon the same facts and circumstances alleged in the claim filed by the union representative or plan administrator will supercede the claim filed by the union representative or plan administrator for voting purposes and (ii) the union representative or plan administrator will not be entitled to vote any amount on account of its proof of claim; and

t.   in addition to the foregoing, the Debtors may seek an order of the Bankruptcy Court disallowing a claim for voting purposes at anytime prior to the commencement of the hearing to consider confirmation of the Plan.

<u>Questions</u>

9.   If you have any questions regarding your Ballot or these voting instructions, please call Bankruptcy Services, LLC, at 1-866-316-7766.

## VOTING INSTRUCTIONS

Mirant Debtor Class 3 and MAG Debtor Class 5
(Credit Facilities Claims)

### General Instructions

1.   This Ballot is submitted to you to solicit your vote to accept or reject the Second
     Amended Joint Chapter 11 Plan of Reorganization (the "Plan") for Mirant Corporation
     and its Affiliated Debtors (collectively, the "Debtors") that is attached as Exhibit "A" to
     the Debtors' disclosure statement (the "Disclosure Statement") in support of the Plan.
     All capitalized terms used, but not defined herein or in the Ballot, have the same
     meanings ascribed to them in the Plan or Disclosure Statement, as the case may be.

2.   **WE RECOMMEND THAT YOU READ THESE VOTING INSTRUCTIONS, THE
     PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE
     COMPLETING THE BALLOT.  YOU MAY WISH TO SEEK LEGAL ADVICE
     CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT
     OF YOUR CLAIM(S) UNDER THE PLAN.**

### Voting and Non-Voting Classes

3.   As more fully set forth in the Plan and the Disclosure Statement, Mirant Debtors Classes
     2 through 5 and MAG Debtors Classes 2 through 5 and 7 are impaired and are receiving
     distributions under the Plan and, therefore, the Debtors are soliciting acceptances from
     holders of claims in these Classes only (collectively, the "Voting Classes").  All other
     classes are (a) unimpaired and conclusively presumed to have accepted the Plan or (b)
     comprised of intercompany claims asserted by proponents of the Plan and deemed to
     have accepted the Plan (collectively, the "Non-Voting Classes").

### Voting Procedures

4.   The Debtors are providing Solicitation Packages containing, among other things, a CD-
     ROM containing a copy of the Disclosure Statement and exhibits thereto, including the
     Plan, and Ballots to all record holders of claims entitled to vote in the Voting Classes as
     of September 28, 2005 (the "Record Date").

5.   If no return envelope was enclosed with the Disclosure Statement and Ballot, please send
     your Ballot to the Solicitation and Tabulation Agent at the address listed below in
     Paragraph 6.b.

6.   With respect to holders of claims in Mirant Debtor Class 3 and MAG Debtor Class 5
     based on syndicated credit facilities:

     a.   Holders of such claims can vote by completing the Ballot, signing it and returning
          it to the Solicitation and Tabulation Agent so as to be actually received by the
          Solicitation and Tabulation Agent on or before **November 10, 2005 at 4:00 p.m.**

**(Prevailing Central Time)** (the "Voting Deadline"), unless such deadline is extended by the Debtors.

b. Ballots should be sent to the Solicitation and Tabulation Agent in the preaddressed, postage prepaid envelope provided which contains the following address:

>Mirant Ballot Tabulation
>P.O. Box 5014
>F.D.R. Station
>New York, NY 10150-5014

c. In order to be counted, your Ballot must be **actually received** by the Voting Deadline.

d. The Ballot is not a letter of transmittal and may not be used for any purpose other than to transmit votes to accept or reject the Plan.

<u>Tabulation Procedures for All Voting Classes</u>

7. The United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") has established the following procedures regarding the tabulation of votes cast with respect to the Plan:

a. Votes will be tabulated both on an individual debtor basis for each relevant class and on a consolidated basis for each relevant class within a proposed consolidated group.

b. A vote shall be disregarded if the Bankruptcy Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of title 11 of the United States Code, 11 U.S.C. §§ 101, <u>et</u> <u>seq</u>. (the "Bankruptcy Code").

c. Any Ballot that is returned to the Solicitation and Tabulation Agent, but which is unsigned, or has a non-original signature, shall <u>not</u> be counted, unless otherwise ordered by the Bankruptcy Court.

d. All votes to accept or reject the Plan must be cast by using the appropriate Ballot and in accordance with these voting instructions and/or as set forth on the Ballot (as may be applicable) and votes that are cast in any other manner shall <u>not</u> be counted, unless otherwise ordered by the Bankruptcy Court.

e. A holder of claims and/or equity interests in more than one class must use separate Ballots for each class of claims and/or equity interests.

f. If multiple Ballots are received for a holder of claims or equity interests voting the same claims or equity interests, the last Ballot received, as determined by the

Solicitation Agent or the Tabulation Agent, as the case may be, from such holder prior to the Voting Deadline will be the Ballot that is counted.

g.     If multiple Ballots are received from different holders purporting to hold the same claim or equity interest, in the absence of contrary information establishing which claimant or holder held such claim or equity interest as of the Record Date, the last Ballot received prior to the Voting Deadline will be the Ballot that is counted.

h.     If multiple Ballots are received from a holder of a claim or equity interest and someone purporting to be his, her, or its attorney or agent, the Ballot received from the holder of the claim or equity interest will be the Ballot that is counted, and the vote of the purported attorney or agent will <u>not</u> be counted, unless otherwise ordered by the Bankruptcy Court.

i.     A Ballot that is completed, but on which the claimant or holder of equity interest did not indicate whether to accept or reject the Plan or that indicates both an acceptance and rejection of the Plan shall <u>not</u> be counted, unless otherwise ordered by the Bankruptcy Court.

j.     Any Ballot (except a Master Ballot) that partially accepts and partially rejects the Plan shall <u>not</u> be counted, unless otherwise ordered by the Bankruptcy Court.

k.     A holder of claims or equity interest shall be deemed to have voted the full amount of its claim in each class and shall <u>not</u> be entitled to split its vote within a class.

l.     The Solicitation and Tabulation Agent shall not accept a vote by facsimile, telecopy transmission or electronic mail, unless otherwise ordered by the Bankruptcy Court.

m.     For the purpose of voting on the Plan, the Solicitation and Tabulation Agent will be deemed to be in constructive receipt of any Ballot timely delivered to any address that the Solicitation and Tabulation Agent designates for the receipt of Ballots cast on the Plan.

8.     The Bankruptcy Court has also established the following voting procedures:

a.     if a claim is deemed allowed as such term is defined in the Bankruptcy Code, then such claim shall be allowed for voting purposes in the amount and classification deemed allowed in the Plan;

b.     except as otherwise provided herein and unless temporarily allowed for voting purposes by the Bankruptcy Court, if a filed proof of claim asserts a claim in a wholly undetermined or unliquidated amount or is docketed in the official claim register maintained by Bankruptcy Services, LLC ("BSI"), the Bankruptcy Court-appointed claims and noticing agent, as of the Record Date in the amount of $0, then such claim shall be allowed for voting purposes as a general unsecured claim only in the amount of $1.00;

c.      except as otherwise provided herein and unless temporarily allowed for voting purposes by the Bankruptcy Court, if a filed proof of claim asserts a claim in a partially undetermined or unliquidated amount, then such claim shall be allowed for voting purposes only in the amount of the known or liquidated portion of the claim;

d.      if a claim has been estimated by an order of the Bankruptcy Court in accordance with the procedures for the estimation of certain contingent and unliquidated proofs of claim for purposes of feasibility of, voting on, and distribution under a chapter 11 plan of reorganization, which procedures were approved by the Bankruptcy Court by orders dated October 21, 2004 and October 26, 2004, then such claim will be allowed for voting purposes in the amount approved by the Bankruptcy Court, provided that such order is entered on or before the Voting Deadline;

e.      unless temporarily allowed for voting purposes by the Bankruptcy Court, if a claim is listed in the Debtors' Schedules of Assets and Liabilities (the "Schedules") as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable deadline for the filing of proofs of claim by creditors of the Debtors for which Schedules had been filed as of such dates (the "Bar Dates")[1] or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, then such claim shall be disallowed for voting purposes;

f.      notwithstanding anything else provided herein, if (i) the Debtors have objected to a claim or equity interest by serving an objection, motion, adversary proceeding or otherwise to the entirety of a claim or equity interest on or before the date of the entry of the order approving the Disclosure Statement and (ii) the claim or equity interest has not been temporarily allowed for voting purposes by the Bankruptcy Court, then such claim or equity interest shall be disallowed for voting purposes;

g.      notwithstanding anything else provided herein, if (i) the Debtors have objected to a claim or equity interest by serving an objection, motion, adversary proceeding or otherwise to a portion of a claim or equity interest on or before the date of the entry of the Disclosure Statement Order and (ii) such portion of the claim or equity interest has not been temporarily allowed for voting purposes by the Bankruptcy Court, then the claim or equity interest shall be allowed for voting purposes only in the amount that is set forth in the pending objection;

h.      notwithstanding anything else provided herein, if (i) the Debtors have objected to a claim by serving an objection, motion, adversary proceeding or otherwise to the classification of all or part of a claim on or before the date of the entry of the

---

[1]      By orders dated August 21, 2003, October 8, 2003 and January 18, 2004 (the "Bar Date Orders"), and pursuant to Bankruptcy Rule 3003(c)(3), the Bankruptcy Court established December 16, 2003, as the Bar Date applicable to all the Debtors other than Mirant Americas Energy Capital, LP and Mirant Americas Energy Capital Assets, LLC (collectively, the "MAEC Debtors"), and March 12, 2004, as the Bar Date applicable to the MAEC Debtors.

Disclosure Statement Order (including any requests to subordinate such claim) and (ii) such claim has not been temporarily allowed for voting purposes by the Bankruptcy Court, then the claim shall be allowed for voting purposes only in the amount and classification that is set forth in the pending objection (if any);

i. unless such claim has been temporarily allowed for voting purposes by the Bankruptcy Court or otherwise allowed as to all or part of the claim, if the Debtors have objected to a claim by serving an objection, motion, adversary proceeding or otherwise to a proof of claim based upon the claim being asserted against the wrong debtor, then the claim shall be allowed for voting purposes only in the amount and against the Debtor as set forth in the pending objection;

j. unless otherwise provided by an order of the Bankruptcy Court, the allowed amount of any proof of claim for voting purposes shall be the amount as docketed in BSI's claims database as of the Record Date;

k. unless otherwise provided by an order of the Bankruptcy Court or otherwise provided herein, for purposes of determining eligibility to vote, the classification of a claim shall be determined based on the classification as docketed in BSI's claims database as of the Record Date; provided, however, that any claims for which BSI was unable to identify the classification shall be classified as general unsecured claims;

l. unless temporarily allowed for voting purposes by the Bankruptcy Court, if a single proof of claim has been filed against multiple Debtors (in contravention of the Bar Date Orders), then such claim shall be allowed for voting purposes only against the Debtor as docketed in BSI's claims database as of the Record Date;

m. if a claim or equity interest is allowed pursuant to a Bankruptcy Court-approved settlement (except for a claim or equity interest that is temporarily allowed by the Bankruptcy Court, which claim or equity interest may vote so long as such order temporarily allowing the claim is entered by the Voting Deadline) on or before ten days prior to the Voting Deadline, then such claim or equity interest will be entitled to vote on the Plan in accordance with the terms of such settlement;

n. unless temporarily allowed for voting purposes by the Bankruptcy Court, if a proof of claim asserts a claim that is not in U.S. dollars, such claim will be treated as unliquidated and allowed for voting purposes only in the amount of $1.00;

o. unless temporarily allowed for voting purposes by the Bankruptcy Court, if (i) a proof of claim was filed after the applicable Bar Date, (ii) the creditor did not obtain leave to file such late claim, and (iii) the proof of claim is not docketed in BSI's database as of the Record Date as an amendment of a timely filed claim, then such claim shall be disallowed for voting purposes only;

p. unless otherwise temporarily allowed for voting purposes by the Bankruptcy Court, if a proof of claim does not list a Debtor or the Debtor is unidentifiable on

the proof of claim, then such claim will be allowed for voting purposes only against Mirant Corporation;

q.    unless otherwise temporarily allowed for voting purposes by the Bankruptcy Court, if a claim is disallowed pursuant to section 502(d) of the Bankruptcy Code or is equitably subordinated under the Bankruptcy Code, then such claim shall be disallowed for voting purposes only;

r.    if the Debtors schedule a claim and the creditor filed a proof of claim superseding such scheduled claim, the scheduled claim is deemed superseded in accordance with Rule 3003(c)(4) of the Federal Rules of Bankruptcy Procedure and such scheduled claim shall be disallowed for voting purposes;

s.    if a union representative or plan administrator of an employee benefit program filed a claim on behalf of its constituents, then (i) each constituent creditor will be entitled to vote its claim in the amount and classification set forth in the claim filed by the union representative or plan administrator, however any other separate claim filed by a constituent creditor based upon the same facts and circumstances alleged in the claim filed by the union representative or plan administrator will supercede the claim filed by the union representative or plan administrator for voting purposes and (ii) the union representative or plan administrator will not be entitled to vote any amount on account of its proof of claim; and

t.    in addition to the foregoing, the Debtors may seek an order of the Bankruptcy Court disallowing a claim for voting purposes at anytime prior to the commencement of the hearing to consider confirmation of the Plan.

<u>Questions</u>

9.    If you have any questions regarding your Ballot or these voting instructions, please call Financial Balloting Group LLC, at 1-646-282-1800.

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

**A.      VOTING DEADLINE/SOLICITATION AND TABULATION AGENT:**

**The Voting Deadline is November 10, 2005 at 4:00 p.m. (Prevailing Central Time).** To have the vote of those creditors or equity interests you represent count, you must complete, sign, and return this Master Ballot so that it is actually received by the Solicitation and Tabulation Agent, Financial Balloting Group LLC, at 757 Third Avenue, 3rd Floor, New York, NY 10017, Attn: Mirant Ballot Tabulation, before the Voting Deadline.

**B.      HOW TO COMPLETE THE MASTER BALLOT:**

**If you are transmitting the votes of any Beneficial Holders, other than yourself,[1] of Mirant Debtor Class 3 – Unsecured Claims (Debt Securities), MAG Debtor Class 5 – Unsecured Claims (Debt Securities), or Mirant Debtor Class 5 – Equity Interests, you may *either*:**

Complete and execute, other than Item 2 (and, if applicable, Item 3) the Mirant Debtor Class 3 – Unsecured Claims (Claims of Beneficial Holders of Securities) Ballot, the MAG Debtor Class 5 – Unsecured Claims (Claims of Beneficial Holders of Securities) Ballot, or the Mirant Debtor Class 5 – Equity Interests (Beneficial Holders of Equity Interests) Ballot, as applicable, and deliver to the Beneficial Holder such "prevalidated" Ballot, along with the Disclosure Statement and other materials requested to be forwarded. The Beneficial Holder should complete Items 1 and 2 of that Ballot and return the completed Ballot to the Solicitation and Tabulation Agent so as to be actually received before the Voting Deadline:

*OR*

For any Ballots you do not "prevalidate":

Deliver the Mirant Debtor Class 3 – Unsecured Claims (Claims of Beneficial Holders of Securities) Ballot, the MAG Debtor Class 5 – Unsecured Claims (Claims of Beneficial Holders of Securities) Ballot, or the Mirant Debtor Class 5 (Beneficial Holders of Equity Interests) Ballot, as applicable, to the Beneficial Holder, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Holder to (i) complete and execute such Ballot voting to accept or reject the Plan, and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Solicitation and Tabulation Agent before the Voting Deadline of November 10, 2005 at 4:00 p.m. (Prevailing Central Time); and

With respect to those Ballots returned to you, you must properly complete the Master Ballot, as follows:

---

[1]      If you are both the registered holder <u>and</u> Beneficial Holder, you may use either a Master Ballot or Beneficial Holder Ballot for the appropriate security to cast your vote.

a.     Check the appropriate box in Item 1 on the Master Ballot;

b.     In Item 2 of this Master Ballot, indicate the votes to accept or reject the Plan, as transmitted to you by the Beneficial Holders. To identify such Beneficial Holders without disclosing their names, please use the customer account number assigned by you to each such Beneficial Holder, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each Beneficial Holder and the assigned number). **IMPORTANT: BENEFICIAL HOLDERS MAY *NOT* SPLIT THEIR VOTES. EACH BENEFICIAL HOLDER MUST VOTE *ALL* OF HIS, HER, OR ITS MIRANT DEBTOR CLASS 3 DEBT SECURITIES, DEBTOR CLASS 5 DEBT SECURITIES, OR MIRANT DEBTOR CLASS 5 EQUITY INTERESTS *EITHER* TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL HOLDER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE SOLICITATION AND TABULATION AGENT IMMEDIATELY.** Any Ballot or Master Ballot which is validly executed but (i) which does not indicate acceptance or rejection of the Plan by the indicated Beneficial Holder, or (ii) indicates both an acceptance and rejection of the Plan by the indicated Beneficial Holder, will not be counted;

c.     Following Item 2 or 3, as applicable, sign and date the Master Ballot, and provide the remaining information requested;

d.     If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

e.     Contact the Solicitation and Tabulation Agent to arrange for delivery of the completed Master Ballot to its offices; and

f.     Deliver the completed, executed Master Ballot so as to be *actually received* by the Solicitation and Tabulation Agent, Financial Balloting Group LLC, at 757 Third Avenue, 3rd Floor, New York, NY 10017, Attn: Mirant Ballot Tabulation, before the Voting Deadline. For each completed, executed Ballot returned to you by a Beneficial Holder, either forward such Ballot (along with your Master Ballot) to the Solicitation and Tabulation Agent or retain such Ballot in your files for at least one year from the Voting Deadline.

**PLEASE NOTE:**

This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. Neither the Debtors nor the Solicitation and Tabulation Agent will accept delivery of any such certificates surrendered together with this Master Ballot.