

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed February 23, 2006            **United States Bankruptcy Judge**

---

IN THE UNITED STATES OF BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| MIRANT CORPORATION, et al., | § § | Case No. 03-46590 |
| | § | Jointly Administered |
| Debtors. | § | Chapter 11 |

### Memorandum Order

Before the court are The New Mirant Entities' ("Movants") Motions in Limine (the "Motion") and Joseph T. Pokalsky's ("Pokalsky") response thereto the (the "Response"). The Motion was filed in anticipation of the February 28, 2006, trial of Movants' objection to Pokalsky's claims (the "Objection") asserted in the captioned cases.

The court previously considered the Objection in connection with a motion for summary judgment filed by Movants. *See* Memorandum Opinion of July 12, 2005. The court granted the motion for summary judgment as to all but one of the theories on which Pokalsky's claims are premised. *Id.*

Memorandum Opinion - Page 1
G:\ORD-Server\activePDF\Sign\InputFolder\dlynn\30208_290331.DOC

In light of the Memorandum Opinion of July 12, 2005, in the Motion Movants raise the following questions:

1. Should Pokalsky be barred from introducing at trial of the Objection evidence respecting discussions Pokalsky had with employees of Movants prior to execution of the employment agreement (which is the basis of Pokalsky's claims)?

2. Should Pokalsky be barred from introducing evidence of the value accorded equity participation rights, similar to those granted to him in his employment agreement, which value was established after Pokalsky left Movants' employ?

The court concludes that Poklasky may introduce evidence of discussions with Movants' employees that occurred prior to execution of the employment agreement to the extent such evidence may explain any ambiguity in the employment agreement (or may address the nature of Pokalsky's termination). Except to the extent such evidence is offered to explain an ambiguity in the meaning of the employment agreement (or is relevant to the termination issue), it will be inadmissible.

With respect to evidence of value of an equity participation as determined for other persons after Pokalsky's termination, such evidence may be probative of the value of any equity participation to which Pokalsky was entitled. The court would, therefore, consider such evidence in determining what Pokalsky's equity participation rights were worth at the time of his termination. In this regard, the court would note that valuations occurring long after Pokalsky's termination would probably not carry much weight.

Pokalsky argues that he is entitled to equity participation even after his termination: that his equity participation rights survived termination (Reply, p. 2). However, the complaint filed

by Pokalsky in Georgia state court which is the basis of his claims in these cases seeks only damages (including exemplary damages) for Movants' breach of Pokalsky's employment agreement (*see, e.g.,* claim filed by Pokalsky in case of Mirant Services, LLC). Moreover, in ruling on Movants' requests for summary judgment, the court determined that Pokalsky's claim, if valid, would be for the value of his equity participation rights as of the time of his termination. *See* Memorandum Opinion of July 12, 2005, p. 2. To now permit Pokalsky to prove value (and thus damages) based on continuing equity participation rights would effectively allow out-of-time amendment to Pokalsky's claims. At this stage in these cases, allowing such amendment would be inappropriate. *See* 9 COLLIER ON BANKRUPTCY ¶ 3001.04[1], 15 ed. rev., 2003. Accordingly, evidence respecting later values assigned equity participations will be relevant in considering the Objection only to the extent that such evidence is probative of value of Pokalsky's equity participation rights as of the time of his termination. To the extent Pokalsky would use such evidence to support a claim of continuing equity participation, the evidence would be inadmissible.

The Motion is granted in part and denied in part as described above.

It is so ORDERED.

#### END OF ORDER ####