

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed May 3, 2006            United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MIRANT CORPORATION, et al., | § | CASE NO. 03-46590-DML-11 |
| | § | (Jointly Administered) |
| Debtors. | § | |

## MEMORANDUM OPINION

Before the court are Debtors' Tier III Objection to Proof Claim Filed by PacifiCorp (Proof of Claim No. 7838) (the "Objection") and PacifiCorp's motion to extend the bar date (the "Motion"). The court heard argument on the Objection and the Motion on April 26, 2006. The court exercises its core jurisdiction on this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(2)(B). This memorandum opinion constitutes the court's findings of fact and conclusions of law. FED. R. BANKR. P. 9014 and 7052.

### I. Background

Prior to commencement of these chapter 11 cases, both PacifiCorp and Debtor Mirant Americas Energy Marketing, L.P. ("MAEM") transmitted power over lines controlled by the California Independent System Operator ("CAISO"). In connection with the operation of their respective businesses, CAISO charged to PacifiCorp and paid to MAEM a congestion payment of $419,792.[1] Subsequently, PacifiCorp determined that the congestion payment was

---

[1] The congestion payment received by MAEM was but a small part of the total charged to

erroneously charged to it. However, at that time PacifiCorp was unable to identify MAEM as the recipient of the congestion payment. Not until after MAEM and the other Debtors in these administratively consolidated cases had filed for chapter 11 relief and after passage of the bar date in Debtors' cases did PacifiCorp learn MAEM's identity. On February 26, 2004, shortly after Debtors' December 16, 2003, bar date, PacifiCorp filed Claim No. 7838 (the "Claim"). However, not until after Debtors filed the Objection on January 25, 2006, did PacifiCorp, on February 24, 2006, file the Motion. By the Objection Debtors ask that the court disallow the Claim as late-filed; by the Motion, PacifiCorp asks the court to deem the Claim timely filed.

## II. Discussion

Because the Claim was filed after the bar date, it is subject to disallowance. Section 502(b)(9) of the Bankruptcy Code[2] and FED. R. BANKR. P. 3003(c). The bar date generally operates as a statute of limitations respecting late-filed claims. *See In re Globe Metallurgical, Inc.*, 312 B.R. 34, 42 (Bankr. S.D. N.Y. 2004) ("Bar dates are like statute[s] of limitations which must be strictly observed." (quoting *In re Manville Forest Products Corp.*, 89 B.R. 358, 374 (Bankr. S.D. N.Y. 1988))).

Pacificorp, however, cites two exceptions to the general rule of disallowance. First, PacifiCorp argues its failure to file its claim timely was the result of excusable neglect, and, thus, the court may extend the bar date as requested in the Motion. *See Eagle Bus Mfg. v. Rogers*, 62 F.3d 730, 736 (5th Cir. 1995) ("The bankruptcy court may extend the bar date for cause to 'permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect.'" (quoting *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 (1993))). Second, PacifiCorp argues that it has served papers

---

Pacificorp.

[2] 11 U.S.C. §§ 101, *et seq*.

upon Debtors that satisfy the requirements of an informal proof of claim. *See Fidelity & Deposit Co. of Maryland v. Fitzgerald Contractors, Inc. (In re Whitaker Construction Co., Inc.)*, 439 F.3d 212, 220 (5th Cir. 2006) (citing *In re Nikoloutsos*, 199 F.3d 233, 236 (5th Cir. 2000)) (setting forth requirements for an informal proof of claim).

The court concurs that either of these rules might have assisted PacifiCorp had such a rule been invoked in February of 2004, when the Claim was filed. However, PacifiCorp waited until the filing of the Objection before seeking relief as to the bar date. There is no question that PacifiCorp, a creditor scheduled by Debtors, had notice of the bar date and so knew the Claim was late-filed.

PacifiCorp has offered no good reason for its two-year delay in asking for validation of its claim. Yet the excusable neglect rule requires diligence on the part of the claimant. *See* 9 COLLIER ON BANKRUPTCY ¶ 3003.03[4][b] n.36 (15th ed. rev'd) (in order to have its late-filed claim allowed on the basis of excusable neglect, "[a] creditor must act promptly to seek an extension of the bar date once it has notice of it."); *Walters v. Hunt (In re Hunt)*, 146 B.R. 178, 184 (Bankr. N.D. Tex. 1992) (denying creditor's request to file late claim on the basis of creditor's "excessive and inexcusable" two and one-half year delay in seeking the requested relief); *In re Bicoastal Corp.*, 147 B.R. 807, 809 (Bankr. M.D. Fla. 1992) (denying motion to extend bar date because creditor waited well over a year to file the motion). *Cf. Williams v. Banana*, 59 F.2d 645, 647 (6th Cir. 1932) ("equity favors the diligent and not those who slumber on their rights"); *In re Cmehil*, 43 B.R. 404, 408 (Bankr. N.D. Ohio 1984) ("equity aids the vigilant and diligent, not those who sleep on their rights"). The informal proof of claim doctrine imposes a similar duty of assiduity on those who invoke it. *See* 9 COLLIER ON BANKRUPTCY ¶ 3001.05[4] (15th ed. rev'd) (informal proof of claim must be amended before creditor may

receive a distribution, and this amendment must be made within a reasonable amount of time); *In re Plunkett*, 82 F.3d 738, 742 (7th Cir. 1996) (denying motion to allow amendment to informal proof of claim made five years after bar date had passed); *In re Judy Wood Publishing Corp.*, 289 B.R. 319, 323 (Bankr. E.D. Va. 2002) (citing *Pioneer Investment Services.*, 507 U.S. at 395) (in determining whether to allow amendment of informal proof of claim, courts should consider the length of the delay in seeking the relief).

PacifiCorp now seeks relief in the Motion, justifying the long delay by asserting that the Claim is so small, relatively speaking, that there will be no prejudice from its allowance at this time. The court cannot agree. Even if the only hurdle faced at this date by PacifiCorp was prejudice to other parties, where, as here, creditors with which PacifiCorp would share will receive a pro rate distribution of stock, prejudice is measured absolutely, in terms of *any* dilution, not by the size of dilution.

PacifiCorp has offered no tenable justification for its delay in filing the Motion. It is PacifiCorp's burden to show justification for waiting two years to ask for relief as to its claim. *See In re Spring Ford Indus., Inc.*, No. 02-15015DWS, 2003 Bankr. LEXIS 882, at *7 (Bankr. E.D. Pa. July 25, 2003) (citing *Jones v. Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir. 2000)). On the record before the court, there is no reason to adjust the effect of the bar date as to the Claim.

### III.  Conclusion

For the foregoing reasons, the Motion is DENIED, and the Objection is SUSTAINED.

It is so ORDERED.

### END OF OPINION ###