

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET
TAWANA C. MARSHALL, CLERK

JUL 1 8 2006

D. Michael Lynn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MIRANT CORPORATION, et al., | § | CASE NO. 03-46590-DML-11 |
| | § | (Jointly Administered) |
| Debtors. | § | |

### MEMORANDUM ORDER

On June 23, 2006, this court entered its Memorandum Order setting Debtors'

motion filed pursuant to 11 U.S.C. § 505 (the "Motion")[1] for trial commencing August

21, 2006. The June 23 memorandum order contained the following provisions (slip op. at

p.7):

> 5.  The ... Motion will not be heard to the extent that
> ... (a) Justice Dickerson [of the Supreme Court of
> the State of New York] renders a decision in the
> State Court Proceedings with respect to the Lovett
> Case or the Bowline case [sic] or both . . . .
>
> 6.  In the event Justice Dickerson, prior to August 7,
> 2006, informs this court that he expects to issue a
> decision disposing of the Lovett Case or the
> Bowline Case or both prior to October 21, 2006,
> hearing of the 505 Motion will be continued as to

---

[1] The Motion asked the court to determine taxes due to various New York taxing authorities (the "Taxing Authorities"). The Taxing Authorities are listed in the June 23 Memorandum Order.

such to a date after October 21, 2006, to be set by further order of this court.

By letter[2] dated July 13, 2006, Justice Dickerson has advised this court that he expects to issue decisions disposing of the Lovett Case and the Bowline Case prior to October 21, 2006.[3] A copy of Justice Dickerson's letter is appended to this memorandum order.

In light of the foregoing, trial on the Motion will be deferred pending issuance of Justice Dickerson's decisions. Moreover, those deadlines set in paragraphs 2 and 4 of the June 23 memorandum order are suspended. However, Debtors may not agree to any suspension of or delay in the proceedings before Justice Dickerson without approval from this court.[4]

It is so ORDERED.

# # # END OF ORDER # # #

---

[2] Earlier on July 13 Justice Dickerson telephonically informed the court that he would decide both matters.

[3] The court is deeply appreciative of the willingness of Justice Dickerson and the Supreme Court of New York to undertake to render decisions in the Lovett and Bowline Cases in accordance with the June 23 memorandum order. Recognizing the burden this places on him, this court applauds Justice Dickerson's commitment to the law and the people of New York state

[4] The court does not wish to interfere in any way in Justice Dickerson's administration of the Lovett and Bowline Cases. On the other hand, this court can not tolerate further agreements between Debtors and the Taxing Authorities to delay the State Court Proceedings while wasting time in fruitless settlement discussions.