U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS
ON THE COURTS DOCKET
TAWANA C. MARSHALL, CLERK

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| | ) | |
| MIRANT CORPORATION, et al., | ) | Case No. 03-46590 (DML) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date: March 21, 2007 |
| | ) | |
| | ) | |

### ORDER CONFIRMING THE AMENDED SUPPLEMENTAL JOINT CHAPTER 11 PLAN OF REORGANIZATION OF THE EMERGING NEW YORK ENTITIES

Based on the Findings of Fact and Conclusions of Law in Support of the Amended Supplemental Joint Chapter 11 Plan of Reorganization of the Emerging New York Entities (the "Supplemental Findings and Conclusions") by the Bankruptcy Court issued contemporaneously herewith, the Bankruptcy Court hereby orders, determines, and decrees as follows:

### JURISDICTION

1.     The Bankruptcy Court has subject matter jurisdiction to confirm the Supplemental Plan[1] pursuant to 28 U.S.C. §§ 157 and 1334.

2.     Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     Confirmation of the Supplemental Plan is a core proceeding under 28 U.S.C. § 157(b)(A), (L), and (O).

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to such terms in the Mirant Plan, the Supplemental Plan or the Supplemental Findings and Conclusions, as applicable.

## CONFIRMATION OF THE SUPPLEMENTAL PLAN

4.      Pursuant to section 1129 of the Bankruptcy Code, the Supplemental Plan[2] is

hereby CONFIRMED. Each of the objections to the Supplemental Plan not otherwise

withdrawn, resolved or otherwise disposed of, is OVERRULED and denied. All withdrawn

objections are deemed withdrawn with prejudice.

5.      The following are hereby incorporated by reference into, and are an integral part

of, this *Order Confirming the Amended Supplemental Joint Chapter 11 Plan of Reorganization

of the Emerging New York Entities* (the "Supplemental Confirmation Order"): (a) the

Supplemental Findings and Conclusions, (b) the Supplemental Plan, and (c) the exhibits to the

Supplemental Plan. The failure to reference specific portions of the Supplemental Plan in this

Supplemental Confirmation Order will have no effect on the Bankruptcy Court's approval and

authorization of, or the validity, binding effect or enforceability of, the Supplemental Plan in its

entirety.

6.      Notwithstanding any otherwise applicable law, immediately upon the termination

of the stay provided by Bankruptcy Rule 3020(e), but subject to the occurrence of the

Supplemental Plan Effective Date, the terms of the Supplemental Plan (including the exhibits

thereto, and all documents and agreements executed pursuant to the Supplemental Plan) and this

Supplemental Confirmation Order shall be binding upon the Emerging New York Entities and all

holders of Claims against and Equity Interests in the Emerging New York Entities (whether or

not impaired under the Supplemental Plan), each Person acquiring property under the

Supplemental Plan, any other party in interest, any Person or Entity making an appearance in

these Chapter 11 Cases and each of the foregoing's respective heirs, successors, assigns, trustees,

2

executors, administrators, affiliates, officers, directors, managers, members, partners, agents, representatives, attorneys, beneficiaries or guardians. To the extent that any provisions of this Supplemental Confirmation Order may be inconsistent with the terms of the Supplemental Plan, the terms of this Supplemental Confirmation Order shall be binding and conclusive.

## INTERCOMPANY MATTERS

7.     The global settlement of Intercompany Claims and related matters set forth in the Supplemental Plan, including, without limitation, Section 3.1 of the Supplemental Plan, is approved in all respects. The Emerging New York Entities are authorized to and may take any and all actions necessary, appropriate, or advisable to resolve all Claims by and between any of the New Mirant Entities and the Emerging New York Entities.

8.     The treatment of Intercompany Claims, Equity Interests and guaranty claims as incorporated by reference in Article II of the Supplemental Plan from the Mirant Plan is approved in its entirety.

9.     The treatment of the Emerging New York Entities provided in Section 3.2 of the Supplemental Plan is approved in its entirety.

10.     Notwithstanding anything set forth in the Supplemental Plan or this Supplemental Confirmation Order, any and all Claims (whether pre or postpetition) by and between one or more of the Emerging New York Entities and Mirant NY-Gen and any and all Claims (whether pre or postpetition) by and between one or more of the Emerging New York Entities and Mirant Lovett shall not be affected or modified in any manner by the Supplemental Plan or this Supplemental Confirmation Order and shall instead be resolved by a future order of the Court.

---

[2] The *Amended Supplemental Joint Chapter 11 Plan of Reorganization of the Emerging New York Entities* [Docket No. 15062], filed on February 16, 2007, is incorporated herein by reference.

## CLASSIFICATION AND TREATMENT

11.    All Claims and Equity Interests shall be, and hereby are, classified and treated as set forth in the Supplemental Plan. The Supplemental Plan's classification scheme shall be, and hereby is, approved.

12.    The treatment of all Claims and Equity Interests as provided in the Supplemental Plan shall be, and hereby is, approved.

13.    The Emerging New York Entities are authorized and directed to implement the New York Settlement.

## ADMINISTRATIVE CLAIMS

14.    A holder of an Administrative Claim, other than (i) the New York DIP Claims, (ii) a Fee Claim, (iii) a liability incurred and payable in the ordinary course of business by an Emerging New York Entity (and not past due), (iv) the Taxing Jurisdiction Settlement Claims (to the extent such Claims are Administrative Claims) or (v) an Administrative Claim that has been Allowed on or before the Supplemental Plan Effective Date, must file with the Bankruptcy Court and serve on the Emerging New York Entities and the Office of the United States Trustee, notice of such Administrative Claim within thirty (30) days after service of the Notice of Confirmation. Such notice must include at a minimum (A) the name of the Emerging New York Entity(ies) which are purported to be liable for the Claim, (B) the name of the holder of the Claim, (C) the amount of the Claim, and (D) the basis of the Claim. *Failure to file and serve such notice timely and properly shall result in the Administrative Claim being forever barred and discharged.* An Administrative Claim with respect to which notice has been properly filed and served pursuant to Section 7.2(a) of the Supplemental Plan shall become an Allowed Administrative Claim if no objection is filed within thirty (30) days after the later of (i) the Supplemental Plan Effective Date, or (ii) the date of service of the applicable notice of

4

Administrative Claim or such later date as may be approved by the Bankruptcy Court on motion

of a party in interest, without notice or a hearing. If an objection is filed within such 30-day

period (or any extension thereof), the Administrative Claim shall become an Allowed

Administrative Claim only to the extent allowed by Final Order.

      15.    Each Professional Person who holds or asserts a Fee Claim shall be required to

file with the Bankruptcy Court, and serve on all parties required to receive notice, a Fee

Application within forty-five (45) days after the Supplemental Plan Effective Date. *The failure

to file timely and serve such Fee Application shall result in the Fee Claim being forever barred

and discharged.* A Fee Claim in respect of which a Fee Application has been properly filed and

served pursuant to Section 7.2(b) of the Supplemental Plan shall become an Allowed

Administrative Claim only to the extent allowed by Final Order.

## ENFORCEABILITY OF SUPPLEMENTAL PLAN

      16.    Pursuant to sections 1123(a), 1141(a) and 1142 of the Bankruptcy Code and the

provisions of this Supplemental Confirmation Order, the Supplemental Plan shall be, and hereby

is, valid, binding and enforceable notwithstanding any otherwise applicable nonbankruptcy law.

## AUTHORIZATION TO IMPLEMENT SUPPLEMENTAL PLAN

      17.    Upon the entry of this Supplemental Confirmation Order, the Emerging New

York Entities are authorized to take or cause to be taken all corporate actions necessary or

appropriate to implement all provisions of, and to consummate, the Supplemental Plan. All such

actions taken or caused to be taken shall be, and hereby are, authorized and approved by the

Bankruptcy Court such that no further approval, act or action need to be taken under any

applicable law, order, rule or regulation, including without limitation, the implementation of the

New York Settlement, the making of Plan Distributions and the execution of Additional

Guarantees.

18.     The approvals and authorizations specifically set forth in this Supplemental Confirmation Order are not intended to limit the authority of any Emerging New York Entity or any officer or director thereof to take any and all actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Supplemental Plan or this Supplemental Confirmation Order.

19.     The board of directors or other governing body of each Emerging New York Entity in existence immediately prior to the Supplemental Plan Effective Date is authorized to serve, is duly qualified and shall be empowered to act as permitted by applicable non-bankruptcy law on the Supplemental Plan Effective Date without further reference to the Bankruptcy Court.

20.     The Membership Interest Agreements and Orders are incorporated into the Supplemental Plan by this reference. In the event of a conflict between this Supplemental Confirmation Order and the Supplemental Plan on the one hand, and the terms of any of the Membership Interest Agreements and Orders on the other hand, the terms of such Membership Agreements and Orders shall prevail. Notwithstanding anything set forth in this Supplemental Confirmation Order or the Supplemental Plan, on the occurrence of the Supplemental Plan Effective Date, (a) each party to a Membership Interest Agreement and Order shall be legally bound by the terms thereof; (b) each Membership Interest Agreement and Order shall be fully enforceable against the parties thereto according to its terms; and (c) all Membership Interest Claims and all defenses thereto now existing or hereafter arising shall be unaffected by the terms hereof and all rights, claims and defenses in connection therewith are hereby expressly preserved hereunder and under the Supplemental Plan.

## SEPARATE EXISTENCE/REVESTING OF ASSETS

21.     Each of the Emerging New York Entities shall continue to exist after the Supplemental Plan Effective Date as a separate entity, with all the powers available to such legal

6

entity, in accordance with applicable law and pursuant to its constituent documents. On or after the Supplemental Plan Effective Date, the Emerging New York Entities may, within their sole and exclusive discretion, take such action as permitted by applicable non-bankruptcy law as they determine is reasonable and appropriate.

22.    Upon the occurrence of the Supplemental Plan Effective Date, except as otherwise provided in the Supplemental Plan and with respect to any liens of the Taxing Jurisdictions that may arise under applicable state law on Assets of the Emerging New York Entities for unpaid property taxes that are not yet due and payable, title to all of the Assets of each Emerging New York Entity shall vest in such Emerging New York Entity free and clear of all liens, Claims, Causes of Action, interests, security interests and other encumbrances and without further order of the Bankruptcy Court. On and after the occurrence of the Supplemental Plan Effective Date, except as otherwise provided in the Supplemental Plan, each of the Emerging New York Entities may operate their respective business and may use, acquire and dispose of their respective Assets free of any restrictions of the Bankruptcy Code.

## DISBURSING AGENT/DISTRIBUTIONS

23.    Pursuant to Section 8.13 of the Mirant Plan (incorporated into the Supplemental Plan by Article II of the Supplemental Plan), Mirant Corporation (f/k/a Newco 2005 Corporation and defined as New Mirant in the Mirant Plan) is approved as the Disbursing Agent and shall have all powers, rights, duties and protections afforded the Disbursing Agent under the Supplemental Plan. Pursuant to the terms and provisions of the Supplemental Plan, the Disbursing Agent shall make the required Plan Distributions under the Supplemental Plan specified under the Supplemental Plan on the relevant Distribution Date therefor.

24.    Except as otherwise ordered by the Bankruptcy Court or as provided in the Supplemental Plan, the amount of any reasonable fees and expenses incurred (or to be incurred)

7

by the Disbursing Agent on or after the Supplemental Plan Effective Date (including, but not limited to, taxes) shall be paid when due by the New Mirant Entities or the Emerging New York Entities, as the case may be.

25.    Professional fees and expenses incurred by the Disbursing Agent from and after the Supplemental Plan Effective Date in connection with the effectuation of the Supplemental Plan shall be paid in the ordinary course of business by the New Mirant Entities or the Emerging New York Entities, as the case may be. Any dispute regarding compensation shall be resolved by agreement of the parties or if the parties are unable to agree, as determined by the Bankruptcy Court.

26.    Notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019 and except as set forth in Section 11.3 of the Mirant Plan (as incorporated into the Supplemental Plan pursuant to Article II of the Supplemental Plan), from and after the Supplemental Plan Effective Date, the Disbursing Agent shall have authority to settle or compromise all Claims and Causes of Action, without further review or approval of the Bankruptcy Court.

27.    The Disbursing Agent may, at any time, request that the Bankruptcy Court estimate any Contested Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of whether the Disbursing Agent has previously objected to such Claim or whether the Bankruptcy Court has yet to rule on any such objection, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including during the pendency of any appeal relating to any such objection. In the event that the Bankruptcy Court estimates any Contested Claim, such estimated amount will constitute the Allowed amount of such Claim for all purposes under the Supplemental Plan. All of the

8

objection, estimation, settlement, and resolution procedures set forth in the Supplemental Plan
are cumulative and not necessarily exclusive of one another. Claims may be estimated and
subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the
Bankruptcy Court.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

28.    Except as otherwise provided for in the Supplemental Plan, on the Supplemental
Plan Effective Date, all executory contracts and unexpired leases of the Emerging New York
Entities shall be, and hereby are, assumed or rejected in accordance with Section 11.1 of the
Supplemental Plan.

29.    Each executory contract and unexpired lease to be assumed or assumed and
assigned by the Emerging New York Entities shall include all modifications, amendments,
supplements, restatements or other similar agreements made directly or indirectly by any
agreement, instrument or other document that affects such executory contract or unexpired lease,
without regard to whether such agreement, instrument or other document is listed on Exhibit A
or Exhibit B to the Supplemental Plan, as modified by *Mirant Bowline, LLC's Motion Pursuant
To 11 U.S.C. § 365 To Assume, Assume and Assign, Or Reject Certain Agreements With Orange
And Rockland Utilities, Inc. And Consolidated Edison Company Of New* York (the "Bowline
Motion") or the "Schedule of Assumed and Assumed and Assigned Executory Contracts and
Unexpired Leases." The assumption or assumption and assignment of an executory contract or
unexpired lease by an Emerging New York Entity pursuant to Section 11.1 of the Supplemental
Plan shall not be construed to create an assumption or assumption and assignment by any non-
Emerging New York Entity that is a party to such executory contract or unexpired lease.

30.    Article XI of the Supplemental Plan shall not result in the assumption, assumption
and assignment or rejection of any executory contract by Mirant NY-Gen or any other non-

9

Emerging New York Entities. Exhibit B is hereby modified by *The Bowline Motion* to exclude

any and all agreements between Mirant Bowline and Orange and Rockland Utilities, Inc. and/or

Consolidated Edison Company of New York.

     31.    Inclusion of a contract, lease or other agreement on Exhibit A to the Supplemental

Plan shall constitute adequate and sufficient notice that (a) any Claims arising thereunder or

related thereto shall be treated as Unsecured Claims under the Supplemental Plan, and (b) the

Emerging New York Entities are no longer bound by, or otherwise obligated to perform, any

such obligations, transactions, or undertakings relating thereto or arising thereunder. The

inclusion of a contract, lease or other agreement in Section 11.1(a) of the Supplemental Plan or

on Exhibit A or Exhibit B to the Supplemental Plan or the "Schedule of Assumed and Assumed

and Assigned Executory Contracts and Unexpired Leases" shall not constitute an admission by

the Emerging New York Entities as to the characterization of whether any such included

contract, lease, or other agreement is, or is not, an executory contract or unexpired lease or

whether any claimants under any such contract, lease or other agreement are time-barred from

asserting Claims against the Emerging New York Entities. The Emerging New York Entities

reserve all rights with respect to the characterization of any such agreements.

     32.    The assumption and assignment of each of the executory contracts and unexpired

leases that is designated to be assumed and assigned as set forth in Exhibit B to the Supplemental

Plan (as modified by the Bowline Motion) or the "Schedule of Assumed and Assumed and

Assigned Executory Contracts and Unexpired Leases" or as otherwise designated as being

assumed or assumed and assigned in Section 11.1(a) of the Supplemental Plan, and for which no

timely objection was filed as required by Section 11.1(d) of the Supplemental Plan, is approved

pursuant to sections 365(a), (b) and (f) of the Bankruptcy Code and any objections to such

10

assumption and assignment are hereby deemed waived in all respects. Pursuant to section 365(k)

of the Bankruptcy Code, the Emerging New York Entities shall have no liability for any breach

of such assumed and assigned executory contract or lease occurring after such assignment,

except as is specifically provided in the Supplemental Plan.

33.    At the election of the Emerging New York Entities, with respect to any monetary

defaults under any executory contract or unexpired lease to be assumed under the Supplemental

Plan, the cure payments required by section 365(b)(1) of the Bankruptcy Code shall be satisfied

pursuant to section 365(b)(1) of the Bankruptcy Code: (a) by payment of the default amount in

Cash on the Supplemental Plan Effective Date or as soon thereafter as practicable; or (b) on such

other terms as agreed to by the parties to such executory contract or unexpired lease. In the

event of a dispute regarding: (i) the amount of any cure payments; (ii) the ability to provide

adequate assurance of future performance under the contract or lease to be assumed or assumed

and assigned; or (iii) any other matter pertaining to assumption or assumption and assignment,

the cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following

the entry of a Final Order resolving the dispute and approving assumption or assumption and

assignment, as applicable.

34.    Any non-Emerging New York Entity counterparty to an agreement listed on

Exhibit B to the Supplemental Plan or the "Schedule of Assumed and Assumed and Assigned

Executory Contracts and Unexpired Leases" who disputes the scheduled cure obligation

contained therein was required to file with the Bankruptcy Court, and serve upon the Emerging

New York Entities, a written objection to the cure obligation, setting forth the basis for the

dispute, the alleged correct cure obligation, and any other objection related to the assumption or

11

assumption and assignment of the relevant agreement by no later than ten (10) Business Days prior to the Confirmation Hearing.

35.     The cure obligation set forth on Exhibit B to the Supplemental Plan or "Schedule of Assumed and Assumed and Assigned Executory Contracts and Unexpired Leases" is binding upon each non-Emerging New York Entity counterparty that failed to file and serve an objection satisfying the requirements of Paragraph 34 and each such non-Emerging New York Entity counterparty is deemed to have waived any and all objections to the assumption or assumption and assignment of the relevant agreement as proposed by the Emerging New York Entities; provided, however, nothing in this paragraph shall limit the Bankruptcy Court from reconsidering any cure amount so established in order to carry out the Bankruptcy Code or in the interest of equity.

36.     Claims created by the rejection of executory contracts and unexpired leases or the expiration or termination of any executory contract or unexpired lease prior to the Confirmation Date must be filed with the Bankruptcy Court and served on the Emerging New York Entities (a) in the case of an executory contract or unexpired lease rejected by the Emerging New York Entities prior to the Confirmation Date, in accordance with the Bar Date Notice, or (b) in the case of an executory contract or unexpired lease that (i) was terminated or expired by its terms prior to the Confirmation Date, or (ii) is rejected pursuant to Section 11.1 of the Supplemental Plan, no later than thirty (30) days after the Confirmation Date. Any such Claims for which a proof of claim is not filed and served within such time will be forever barred from assertion and shall not be enforceable against the Emerging New York Entities or their Assets. Unless otherwise ordered by the Bankruptcy Court, all such Claims that are timely filed as provided in

Section 11.3 of the Supplemental Plan shall be treated as Unsecured Claims under the
Supplemental Plan subject to objection by the Disbursing Agent.

**SETTLEMENTS**

37.     The New York Settlement is incorporated into the Supplemental Plan by this
reference. To the extent there is any conflict between the terms of the New York Settlement
Agreement, the Supplemental Plan or this Supplemental Confirmation Order, the terms of the
New York Settlement Agreement shall govern. The Emerging New York Entities were
authorized and directed to perform pursuant to the order authorizing the New York Settlement
Agreement. Such authorization is hereby ratified and confirmed in all respects.

38.     All settlements and compromises contained in the Supplemental Plan meet the
applicable standards under section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule
9019 for approval and implementation.

**RELEASES AND EXCULPATIONS**

39.     The releases set forth in Section 12.5 of the Supplemental Plan shall be, and
hereby are, approved, and shall be effective without further action upon the occurrence of the
Supplemental Plan Effective Date.  In addition to the individuals referenced in the definition of
Protected Persons in the Mirant Plan, the definition of Protected Persons for the Supplemental
Plan shall include the individuals referenced in the *Emerging New York Entities' Submission of
Schedule of Protected Persons In Connection With The Amended Supplemental Plan* filed with
the Bankruptcy Court on March 9, 2007 [Docket No. 15121].

40.     Except as otherwise provided in Section 12.6 of the Supplemental Plan, the
Disbursing Agent, together with its officers, directors, employees, agents, and representatives,
are exculpated pursuant to the Supplemental Plan by all Persons, entities, holders of Claims and
Equity Interests, and all other parties in interest, from any and all Causes of Action arising out of

13

the discharge of the powers and duties conferred upon the Disbursing Agent by the Supplemental
Plan, any Final Order of the Bankruptcy Court entered pursuant to or in the furtherance of the
Supplemental Plan, or applicable law, except solely for actions or omissions arising out of the
Disbursing Agent's willful misconduct or gross negligence. No holder of a Claim or an Equity
Interest, or representative thereof, shall have or pursue any Cause of Action (a) against the
Disbursing Agent or its respective officers, directors, employees, agents, and representatives for
making Plan Distributions in accordance with the Supplemental Plan, or (b) against any holder of
a Claim for receiving or retaining Plan Distributions as provided for by the Supplemental Plan.
Nothing contained in Section 12.6 of the Supplemental Plan or this Supplemental Confirmation
Order shall preclude or impair any holder of an Allowed Claim or Allowed Equity Interest from
bringing an action in the Bankruptcy Court against Disbursing Agent to compel the making of
Plan Distributions contemplated by the Supplemental Plan on account of such Claim or Equity
Interest. The Bankruptcy Court retains jurisdiction to resolve any such disputes.

**RETENTION OF JURISDICTION**

41.    Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, the Bankruptcy
Court shall retain and shall have exclusive jurisdiction over any matter: (a) arising under the
Bankruptcy Code or (b) arising in or related to the Chapter 11 Cases or the Supplemental Plan.

**EFFECT OF CONFIRMATION**

42.    The rights afforded in the Supplemental Plan and the treatment of all Claims and
Equity Interests therein shall be, and hereby are, in exchange for and in complete satisfaction,
discharge, and release of all Claims and Equity Interests of any nature whatsoever against the
Emerging New York Entities or any of their Estates, Assets, properties, or interests in property.
Except as otherwise provided in the Supplemental Plan, on the Supplemental Plan Effective
Date, all Claims against and Equity Interests in the Emerging New York Entities shall be

14

satisfied, discharged, and released in full. Except as provided in Paragraph 20, Emerging New

York Entity or any of its Affiliates, including, without limitation, New Mirant, shall be

responsible for any obligations of such Emerging New York Entity arising before the

Supplemental Plan Effective Date except those expressly assumed under the Supplemental Plan.

Except as otherwise provided in the Supplemental Plan, and this Supplemental Confirmation

Order, all Persons and entities shall be precluded and forever barred from asserting against the

Emerging New York Entities or any of their Affiliates, including, without limitation, New

Mirant, their respective successors or assigns, or their Estates, Assets, properties, or interests in

property, any event, occurrence, condition, thing, or other or further Claims or Causes of Action

based upon any act, omission, transaction, or other activity of any kind or nature that occurred or

came into existence prior to the Supplemental Plan Effective Date, whether or not the facts of or

legal bases therefor were known or existed prior to the Supplemental Plan Effective Date;

provided, however, that nothing herein shall affect the rights of any entity to pursue a claim (as

defined in section 101(5) of the Bankruptcy Code) that arises after entry of this Supplemental

Confirmation Order against any entity liable to such entity on account of such claim, and nothing

herein shall affect any rights of any entity to assert a claim if the Bankruptcy Court determines

such entity was not afforded due process, including without limitation, all New York State

Mortgage Recording Tax on any mortgages executed pursuant to the Supplemental Plan or this

Supplemental Confirmation Order.

43.      Except as otherwise provided in Sections 9.3 and 13.4 of the Supplemental Plan,

none of the Emerging New York Entities or any Protected Persons shall be liable for any Cause

of Action arising in connection with or out of the administration of the Chapter 11 Cases, pursuit

of confirmation of the Supplemental Plan, the consummation of the Supplemental Plan, or the

administration of the Supplemental Plan or the property to be distributed under the Supplemental

Plan, except for gross negligence or willful misconduct as determined by Final Order of the

Bankruptcy Court.

44.     Except as otherwise provided herein (including in Paragraph 42 of this

Supplemental Confirmation Order) or in the Supplemental Plan, on the Supplemental Plan

Effective Date, without further notice or order, all Claims of any nature whatsoever shall be

automatically discharged forever. Except as otherwise provided in the Supplemental Plan or this

Supplemental Confirmation Order, on the Supplemental Plan Effective Date, the Emerging New

York Entities, their Estates, and all successors thereto shall be deemed fully discharged and

released from any and all Claims, including, but not limited to, demands and liabilities that arose

before the Supplemental Plan Effective Date, and all debts of the kind specified in sections

502(g), (h), or (i) of the Bankruptcy Code, whether or not: (a) a proof of claim based upon such

debt is filed or deemed filed under section 501 of the Bankruptcy Code; (b) a Claim based upon

such debt is allowed under section 502 of the Bankruptcy Code; or (c) the holder of a Claim

based upon such debt has accepted the Supplemental Plan. This Supplemental Confirmation

Order constitutes a judicial determination of discharge of all liabilities of the Emerging New

York Entities, their Estates, and all successors thereto, except as provided in Paragraph 20 of this

Supplemental Confirmation Order or in the Supplemental Plan with respect to the Membership

Interest Agreements and Orders. As provided in section 524 of the Bankruptcy Code, such

discharge shall void any judgment against the Emerging New York Entities, their Estates, or any

successor thereto at any time obtained to the extent it relates to a Claim discharged, and operates

as an injunction against the prosecution of any action against the Emerging New York Entities or

their property or their Estates to the extent it relates to a discharged Claim.

16

45.     Except as otherwise provided herein (including Paragraphs 20 and 42) or in the

Supplemental Plan, upon the occurrence of the Supplemental Plan Effective Date, the Emerging

New York Entities shall be discharged from all Claims and Causes of Action to the fullest extent

permitted by section 1141 of the Bankruptcy Code, and all holders of Claims and Equity

Interests shall be precluded from asserting against the Emerging New York Entities, the Assets,

or any property dealt with under the Supplemental Plan, any further or other Cause of Action

based upon any act or omission, transaction, event, thing, or other activity of any kind or nature

that occurred or came into existence prior to the Supplemental Plan Effective Date.

46.     The Emerging New York Entities are authorized to execute any and all documents

and instruments (including, without limitation, pledges and/or mortgages granting security

interests in the property of the Emerging New York Entities) necessary to comply with the terms

and provisions of the Exit Facility, provided, that the Membership Interest shall not be included

as security for the Additional Guarantee so long as the Membership Interest is subject to sale or

has been sold by Mirant NY pursuant to the terms of the Membership Interest Agreements and

Orders. Notwithstanding anything set forth herein or in the Supplemental Plan, nothing herein or

in the Supplemental Plan shall modify or prejudice the rights of Alliance Energy under the

Membership Interest Agreements and Orders providing for or approving (as the case may be) the

sale of the Membership Interest to Alliance Energy free and clear of all liens, claims,

encumbrances and interests against the Membership Interest.

47.     Pursuant to section 1146(c) of the Bankruptcy Code, the issuance, transfer, or

exchange of notes or equity securities under the Supplemental Plan, including, without

limitation, the transfer of the Membership Interest to Alliance Energy pursuant to the terms of

the Membership Interest Agreements and Orders, the creation of any mortgage, deed of trust,

17

lien, pledge or other security interest, the making or assignment of any lease or sublease, or the

making or delivery of any deed or other instrument of transfer under, in furtherance of, or in

connection with the Supplemental Plan (including, without limitation, the Exit Facility) shall not

be subject to any stamp tax, or other similar tax.

## INJUNCTIONS

48.    On the Supplemental Plan Effective Date and except as otherwise provided in the

Supplemental Plan and this Supplemental Confirmation Order, all Persons and Entities who have

been, are, or may be holders of Claims against or Equity Interests in the Emerging New York

Entities shall be permanently enjoined from taking any of the following actions against or

affecting the Emerging New York Entities, Protected Persons, the Estates, the Assets, or the

Disbursing Agent, or any of their respective current or former members, directors, managers,

officers, employees, agents, members, shareholders, professionals, successors and assigns or

their respective assets and property with respect to such Claims or Equity Interests (other than

actions brought to enforce any rights or obligations under the Supplemental Plan, this

Supplemental Confirmation Order, or any of the Membership Interest Agreements and Orders):

(a)    commencing, conducting or continuing in any manner, directly or
indirectly, any suit, action or other proceeding of any kind (including, without
limitation, all suits, actions, and proceedings that are pending as of the
Supplemental Plan Effective Date, which must be withdrawn or dismissed with
prejudice);

(b)    enforcing, levying, attaching, collecting or otherwise recovering by any
manner or means, whether directly or indirectly, any judgment, award, decree or
order;

(c)    creating, perfecting or otherwise enforcing in any manner, directly or
indirectly, any encumbrance; and

(d)    asserting any setoff, right of subrogation or recoupment of any kind;
provided, that any defenses, offsets or counterclaims which the Emerging New
York Entities may have or assert in respect of the above referenced Claims are
fully preserved in accordance with Section 13.6 of the Supplemental Plan.

## SPECIAL PROVISIONS REGARDING GOVERNMENTAL ENTITIES

49.     Nothing in the Supplemental Plan or this Supplemental Confirmation Order shall release, discharge, enjoin or preclude any liability of any Emerging New York Entity that arises anew under any federal, state, or local police or regulatory law as a consequence of such Emerging New York Entity being the owner or operator of property or a facility after the Supplemental Plan Effective Date. Nothing in the Supplemental Plan or this Supplemental Confirmation Order shall release, discharge, enjoin or preclude any liability of an Emerging New York Entity to a governmental unit under its police or regulatory laws, except to the extent such liability constitutes a claim or debt (in each case, as defined in section 101 of the Bankruptcy Code) that is subject to discharge under applicable law..

50.     Notwithstanding any provision to the contrary in the Supplemental Plan or this Supplemental Confirmation Order, including but not limited to paragraphs 49 and 51 of this Supplemental Confirmation Order, any liability of any entity or individual relating to any violation of, or relating to, the State Pollutant Discharge Elimination System program for the Bowline generating station (the "Bowline matter") will not be subject to discharge under the Supplemental Plan or this Supplemental Confirmation Order. Notwithstanding any provision to the contrary in the Supplemental Plan or this Supplemental Confirmation Order, including but not limited to paragraphs 49 and 51 of this Supplemental Confirmation Order, nothing in the Supplemental Plan or this Supplemental Confirmation Order shall adversely affect in any way the rights and remedies of the State of New York and its subdivisions or the United States under applicable law with respect to the Bowline matter and all causes of action for the Bowline matter shall survive the bankruptcy case and may be adjudicated and enforced in any forum with jurisdiction.

19

51.    Notwithstanding any provision in the Supplemental Plan or this Supplemental
Confirmation Order, including but not limited to paragraph 49 of this Supplemental
Confirmation Order, nothing shall be deemed to waive, release, discharge, affect, or terminate
any liability of, debt of or Claim against any entity or individual in connection with any criminal
action or criminal proceeding concerning conduct at any time by any entity or individual
("Criminal Liability") to the extent any such Criminal Liability is not subject to discharge under
applicable law, including but not limited to under 18 U.S.C. §3613(e) and (f).  In addition,
nothing in the Supplemental Plan or this Supplemental Confirmation Order shall release or be
construed to release any entity or individual from the criminal laws of the United States or the
State of New York except to the extent that such laws give rise to a Criminal Liability that is
subject to discharge under applicable law, including but not limited to under 18 U.S.C. § 3613(e)
and (f).

52.    Any relief provided under the Supplemental Plan or this Supplemental
Confirmation Order to non-debtors shall not release, discharge, enjoin or preclude any liability of
such non-debtors to a governmental unit under any federal, state, or local environmental laws.

53.    Notwithstanding anything to the contrary in the Supplemental Plan or this
Supplemental Confirmation Order, with respect to a governmental unit's exercise of its police or
regulatory powers, the jurisdiction of the Bankruptcy Court and any other tribunal shall not be
enlarged, reduced, or impaired from that as set forth in any applicable, valid statutory grant of
jurisdiction.

54.    Nothing in the Supplemental Plan or this Supplemental Confirmation Order shall
adversely affect in any way the rights and remedies of the State of New York in any pending
judicial or administrative actions by the State of New York under environmental laws.  Nor shall

20

anything in the Supplemental Plan or Supplemental Confirmation Order divest or limit the

jurisdiction of the tribunals in New York with jurisdiction over such Actions. Upon the

Supplemental Plan Effective Date, such Actions shall survive the bankruptcy case and may be

adjudicated and enforced in the tribunals in New York with jurisdiction over the New York

Actions. Notwithstanding the above, however, nothing in this paragraph shall allow the State of

New York to pursue prepetition monetary claims as defined in section 101(5) of the Bankruptcy

Code in the New York Actions and Bankruptcy Court approval must be obtained for any

allowance of an administrative expense.

55.    Nothing in this Supplemental Plan and Supplemental Confirmation Order shall

prevent the State of New York from naming any of the Emerging New York Entities in a

compliance action that seeks to cause Emerging New York Entities to operate their respective

businesses in accordance with the environmental laws of the State of New York or the United

States; provided, however, that nothing in this paragraph shall limit the effect of the discharge of

monetary obligations existing as of the date of the Supplemental Plan Effective Date entry to the

extent such obligations are dischargeable under applicable law.

## MISCELLANEOUS PROVISIONS

56.    The stay in effect in the Chapter 11 Cases pursuant to section 362(a) of the

Bankruptcy Code shall continue to be in effect until the Supplemental Plan Effective Date, and at

that time shall be dissolved and of no further force or effect, subject to the injunctions set forth in

this Supplemental Confirmation Order, Section 13.3 of the Supplemental Plan and/or sections

524 and 1141 of the Bankruptcy Code; provided, however, that nothing herein shall bar the filing

of financing documents (including Uniform Commercial Code financing statements, security

agreements, leases, mortgages, trust agreements and bills of sale) or the taking of such other

21

actions as are necessary to effectuate the transactions contemplated by the Supplemental Plan or
by this Supplemental Confirmation Order prior to the Supplemental Plan Effective Date.

57.    During the period from the Confirmation Date through and until the Supplemental
Plan Effective Date, the Emerging New York Entities shall continue to operate their businesses
as Debtors-in-Possession, subject to the oversight of the Bankruptcy Court as provided in the
Bankruptcy Code, the Bankruptcy Rules and all orders of the Bankruptcy Court that are then in
full force and effect.

58.    Pursuant to section 1129(a)(13) of the Bankruptcy Code, on and after the
Supplemental Plan Effective Date, retiree benefits (as that term is defined in section 1114 of the
Bankruptcy Code), if any, shall continue to be paid in accordance with applicable law.

59.    In accordance with Section 13.5 of the Supplemental Plan, the Emerging New
York Entities will serve and publish notice of the entry of this Supplemental Confirmation Order
that will include, among other things, notice of relevant deadlines and dates.

60.    Notwithstanding anything to the contrary in this Supplemental Confirmation
Order or the Supplemental Plan, nothing in this Supplemental Confirmation Order or the
Supplemental Plan shall, without the agreement of any affected entity, (a) serve to discharge,
release or otherwise affect any obligation now existing or hereafter coming into existence which
was not, as of the date of this Supplemental Confirmation Order, a claim within the meaning of
section 101(5) of the Bankruptcy Code or (b) abrogate or limit the right of any entity to due
process.

61.    Specific reference to an entity in this Supplemental Confirmation Order does not
constitute a determination by the Bankruptcy Court that another unnamed entity that is similarly
situated is not entitled to identical treatment.

62.     The Supplemental Plan does not affect or modify any terms of or rights granted under the Mirant Plan in any respect whatsoever.

63.     The Bankruptcy Court specifically retains jurisdiction to determine whether or not any claim or right has been affected by the Supplemental Plan or this Supplemental Confirmation Order.

64.     The defined terms "Taxing Jurisdiction Settlement Claims" in section 1.1 of the Supplemental Plan is modified to mean the Claims of the Taxing Jurisdictions against the Emerging New York Entities, excluding Proofs of Claim No. 6663 and 6664, under the New York Settlement.

Dated: March 22, 2007
       Fort Worth, Texas


_____
HONORABLE D. MICHAEL LYNN
UNITED STATES BANKRUPTCY JUDGE

**Submitted By:**

Jeff P. Prostok
State Bar No. 16352500
J. Robert Forshey
State Bar No. 07264200
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1290
Fort Worth, Texas 76102
Telephone:  (817) 877-8855
Facsimile:  (817) 877-4151

ATTORNEYS FOR THE NEW YORK DEBTORS

Thomas E Lauria
State Bar No. 11998025
Craig H. Averch
State Bar No. 01451020
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
(305) 371-2700

 -and-

Robin E. Phelan
State Bar No. 15903000
Ian T. Peck
State Bar No. 24013306
HAYNES AND BOONE, LLP
901 Main Street
Suite 3100
Dallas, TX 75202
(214) 651-5000

ATTORNEYS FOR MIRANT CORPORATION