U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In re | ) Chapter 11 Case |
| MIRANT CORPORATION, et al., | ) Case No. 03-46590 (DML) |
| Debtors. | ) Jointly Administered |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF THE AMENDED SUPPLEMENTAL JOINT CHAPTER 11 PLAN OF REORGANIZATION OF THE EMERGING NEW YORK ENTITIES

On March 21, 2007, this Court held a confirmation hearing (the "Supplemental Plan Confirmation Hearing") to consider confirmation of the *Amended Supplemental Joint Chapter 11 Plan of the Reorganization of the Emerging New York Entities* (the "Supplemental Plan") proposed by Mirant Bowline, LLC ("Mirant Bowline"), Mirant New York, Inc. ("Mirant NY"), Hudson Valley Gas Corporation ("Hudson Valley," and together with Mirant NY and Mirant Bowline, the "Emerging New York Entities") and Mirant Corporation ("New Mirant").

1.  The following record (the "Record") was established to support confirmation of the Supplemental Plan:

    (a) The entire record of all documents identified on the Emerging New York Entities' Exhibit and Witness List for March 21, 2007 hearing filed on March 16, 2007 [Docket No. 15147], including, without limitation, the Supplemental Plan and all exhibits, schedules and attachments thereto and filed in connection therewith; the *Notice of Recommencement of Confirmation in Connection With the Chapter 11 Cases of Mirant Bowline, LLC Mirant New York, Inc. and Hudson Valley Gas Corporation* [Docket No. 15071]; and the *Motion to (A) Establish Procedures to Recommence Adjourned Confirmation Hearing With Respect to Mirant Bowline, Hudson Valley Gas Corporation and Mirant New York, and (B) Determine Eligibility to Vote on the Supplemental Joint Chapter 11 Plan of Reorganization of Mirant Bowline, Hudson Valley and Mirant New*

        *York* [Docket No. 14980], all of which were admitted into evidence without objection;

(b)      The sworn proffered testimony at the Supplemental Plan Confirmation Hearing of Jeffrey Perry, Vice President, New York and New England;

(c)      The Affidavit of Bankruptcy Services LLC sworn to by Herb Baer and filed with the Bankruptcy Court on February 15, 2007 [Docket No. 15058] (the "Voting Certification"), which was admitted into evidence without objection;

(d)      The *Notice Of Publication Of Notice Of Recommencement Of Confirmation In Connection With The Chapter 11 Cases Of Mirant Bowline, LLC, Mirant New York, Inc., And Hudson Valley Gas Corporation* dated March 9, 2007 [Docket No. 15118], which was admitted into evidence without objection;

(e)      The entire record of the Mirant Plan Confirmation Hearing (as defined below), including all documentary evidence and testimony admitted into the record, briefs and papers filed, and arguments of counsel in connection therewith, all of which was incorporated into the Record at the Mirant Plan Confirmation Hearing (as defined below);

(f)      The entire record of the Chapter 11 Cases and the docket maintained by the Clerk of the Bankruptcy Court and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of these Chapter 11 Cases, as to all of which the Court took judicial notice at the Mirant Plan Confirmation Hearing; and

(g)      The statements and arguments of counsel on the record at the Supplemental Plan Confirmation Hearing and all papers and pleadings filed with the Bankruptcy Court in support of, in opposition to, or otherwise in connection with, confirmation of the Supplemental Plan.

2.      The evidence that was admitted into the Record in support of confirmation of the Supplemental Plan and all related matters demonstrates, by a clear preponderance of the evidence, that the Supplemental Plan should be confirmed.

3.      All objections to the confirmation of the Supplemental Plan, which were not resolved by agreement at the Supplemental Plan Confirmation Hearing are overruled, or are

otherwise disposed of, as set forth herein and in the order confirming the Supplemental Plan (the "Supplemental Confirmation Order").

4. The Record amply supports confirmation of the Supplemental Plan and the Bankruptcy Court will issue an order confirming the Supplemental Plan.

5. The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.

## A. Jurisdiction and Venue

6. The Bankruptcy Court has subject matter jurisdiction to confirm the Supplemental Plan pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Supplemental Plan is a core proceeding under 28 U.S.C. § 157(b)(A), (L) and (O).

## B. Background

7. Commencing on July 14, 2003, and continuing on various dates thereafter, MC 2005, LLC (f/k/a Mirant Corporation prior to January 3, 2006 and MC 2005 Corporation prior to February 28, 2006) ("Old Mirant"), along with more than eighty (80) domestic affiliates, including the Emerging New York Entities (collectively, the "Debtors"), filed bankruptcy petitions pursuant to chapter 11 of title 11, United States Code, in the United States Bankruptcy Court for the Northern District of Texas.

8. On September 22, 2005, the Debtors filed the *Second Amended Disclosure Statement Relating to the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 11443] (as amended, the "Mirant Plan Disclosure Statement"). On September 30, 2005, this Court entered an order [Docket No. 11570] (the "Mirant Plan Disclosure Statement

-3-

Order"): (a) approving the Mirant Plan Disclosure Statement; (b) approving the motion, dated April 20, 2005 (as amended by the *Notice of Amendment of Proposed Solicitation Procedures* dated May 3, 2005, the "Solicitation Motion") establishing the form of ballots and proposed solicitation, tabulation and voting procedures in connection with the confirmation process; and (c) setting a schedule for confirmation of the Mirant Plan (as defined below) [Docket No. 11570].

### C. Confirmation Of The Mirant Plan

9. Commencing on December 1, 2005, the Court held a hearing (the "Mirant Plan Confirmation Hearing") to consider confirmation of the *Amended and Restated Second Amended Joint Chapter 11 Plan of Reorganization for Mirant Corporation and its Affiliated Debtors* (the "Mirant Plan"). Pursuant to an order dated December 9, 2005 [Docket No. 12569] (the "Mirant Confirmation Order"), the Bankruptcy Court confirmed the Mirant Plan with respect to each of the Debtors other than the Emerging New York Entities, Mirant Lovett, LLC ("Mirant Lovett") and Mirant NY-Gen, LLC ("Mirant NY-Gen" and, collectively with the Emerging New York Entities and Mirant Lovett, the "Excluded Debtors"). The Debtors that are subject to the Mirant Plan are referred to herein as the "New Mirant Entities."

10. The Mirant Plan proposed a settlement of the property tax disputes with respect to the Taxing Jurisdictions (as defined below). The Mirant Plan provided that if the Taxing Jurisdictions did not accept the proposed treatment incorporated in the Mirant Plan, confirmation would be adjourned with respect to Mirant Bowline, Mirant Lovett and Mirant NY. As the Mirant Plan Disclosure Statement explained:

> If the [Mirant] Plan is not accepted by each of the [Tax Jurisdictions], and notwithstanding the voting requirements of section 1126 of the Bankruptcy Code, the [Mirant] Plan shall be

> deemed amended without further action of the Debtors to exclude [Mirant Bowline, Mirant Lovett and Mirant NY] from the MAG Debtors, and the confirmation hearing with respect to the [Mirant Bowline, Mirant Lovett and Mirant NY] shall be adjourned until further notice or order of the Bankruptcy Court...

Mirant Plan Disclosure Statement, Section K(2), p. 171; *see also* Mirant Plan, § 15.3.

11. The Taxing Jurisdictions did not accept the Mirant Plan and confirmation of the Mirant Plan with respect to Mirant Bowline, Mirant Lovett and Mirant NY was adjourned as permitted by Section 15.3 of the Mirant Plan. Additionally, it was neither feasible nor desirable for Hudson Valley to exit chapter 11 prior to Mirant Bowline and confirmation of the Mirant Plan was adjourned with respect to Hudson Valley pursuant to Section 17.16 of the Mirant Plan. Confirmation with respect to Mirant NY-Gen was also adjourned under Section 17.26.

12. The Mirant Plan provided that, in the event of adjournment, the Excluded Debtors reserved the right to recommence the confirmation hearing with respect to the Mirant Plan or to recommence the confirmation hearing with respect to a modified or new plan of reorganization.

### D. Implementation of the Mirant Plan

13. In connection with the consummation of the Mirant Plan, on January 3, 2006, all shares of Old Mirant's common stock were cancelled and 300 million new shares of New Mirant common stock were issued, of which 276.5 million shares were distributed to holders of unsecured claims and equity securities, and 23.5 million shares were reserved for unresolved claims. New Mirant also issued two series of warrants, expiring January 3, 2011, that entitled the holders to purchase an aggregate of approximately 53 million shares of common stock. As part of the Mirant Plan, the New Mirant Entities eliminated approximately $5.9 billion of debt and approximately $2.6 billion of additional claims and disputes through the distribution or planned distribution of new common stock and $1.9 billion in cash among their creditors.

14. As of December 31, 2006, approximately 21 million of the shares of New Mirant common stock to be distributed under the Plan have not yet been distributed and have been reserved for distribution with respect to claims that are disputed by the Debtors and have not been resolved.[1]

### E. Settlement With The Taxing Jurisdictions

15. On December 13, 2006, New Mirant, Mirant Lovett and the Emerging New York Entities entered into a settlement agreement (the "New York Settlement") with the Taxing Jurisdictions. The New York Settlement was approved by the Bankruptcy Court on December 14, 2006, and resolved all pending disputes regarding real property taxes between the Emerging New York Entities and Mirant Lovett on the one hand, and the Taxing Jurisdictions on the other.

### F. The Supplemental Plan

16. As a result of the approval of the New York Settlement, on January 26, 2007, the Emerging New York Entities filed the *Supplemental Joint Chapter 11 Plan of Reorganization of the Emerging New York Entities* (as amended on February 16, 2007, the "Supplemental Plan") with the Court. The Supplemental Plan has two main components.

17. First, the Supplemental Plan incorporates the New York Settlement. Second, the Supplemental Plan provides unsecured creditors of the Emerging New York Entities with the same treatment afforded holders of Claims under the Mirant Plan.

---

[1] A settlement entered into on May 30, 2006, among Potomac Electric Power Company ("Pepco"), New Mirant, Old Mirant and various subsidiaries of New Mirant, if approved by final order in the Chapter 11 Cases, would result in distribution of up to 18 million of the reserved shares to Pepco. The settlement with Pepco will fully resolve all matters currently disputed between Pepco and New Mirant and its subsidiaries. On August 9, 2006, this Court entered an order approving the settlement, but certain holders of unsecured claims against Old Mirant appealed that order. On December 26, 2006, the United States District Court for the Northern District of Texas affirmed the order approving the settlement, but the claim holders have appealed that ruling to the Fifth Circuit Court of Appeals.

### G. Notice

18. On January 26, 2007, this Court entered the *Order Granting Motion To (A) Establish Procedures To Recommence Adjourned Confirmation Hearing With Respect To Mirant Bowline, Hudson Valley Gas Corporation And Mirant New York, And (B) Determine Eligibility To Vote On The Supplemental Joint Chapter 11 Plan Of Reorganization Of Mirant Bowline, Hudson Valley And Mirant New York* [Docket No. 15072] (the "Procedures Order"). Among other things, the Procedures Order provided that: (i) no additional disclosure was required with respect to the Supplemental Plan, as the treatment of holders of unsecured claims against the Emerging New York Entities under the Supplemental Plan is identical to the treatment such holders would have received under the Mirant Plan; (ii) that all votes cast by the holders of unsecured claims against Mirant Bowline, Hudson Valley, and Mirant NY in respect of the Mirant Plan are deemed votes cast in respect of the Supplemental Plan; and (iii) that the holders of Taxing Jurisdiction Settlement Claims, the holder of the MSE Secured Claim and the holders of Equity Interests in the Emerging New York Entities are unimpaired under the Supplemental Plan and therefore are not entitled to vote on the Supplemental Plan.

19. As set forth in the Record, the Emerging New York Entities complied with the Mirant Plan Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules and all other applicable laws in connection with the solicitation of votes. As such, the notice provided with respect to all matters relating to the solicitation of votes on, and the confirmation of, the Supplemental Plan was due and proper and satisfied the requirements of due process with respect to all creditors, equity holders and parties in interest who were provided actual or constructive notice.

20. In addition, in order to assure that all creditors and equity holders received proper notice of the Supplemental Plan Confirmation Hearing, the Emerging New York Entities served the notice of recommencement on all creditors of the Emerging New York Entities in accordance with Bankruptcy Rules 2002 and 3017 on February 21, 2007 and published the notice in the following publications on February 23, 2007: (i) *The Wall Street Journal*, a daily national newspaper published and of general circulation in the City and County of New York, New York and in Rockland County, New York, and (ii) *The Journal News*, a daily newspaper published and of general circulation in the Town of Haverstraw, the villages of Haverstraw and West Haverstraw and the East Ramapo and Rockland North Central school districts. This satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules and due process.

**H.     Voting**

21. As set forth in the Record, including, without limitation, the Solicitation Affidavits, the Modifications and the settlements announced on the Record, each Class of Claims against the Emerging New York Entities, on a Debtor-by-Debtor basis either: (a) voted to accept the Mirant Plan under section 1126 of the Bankruptcy Code and for purposes of section 1129(a)(8)(A) of the Bankruptcy Code; or (b) is not impaired under section 1124 of the Bankruptcy Code and for the purposes of section 1129(a)(8)(B) of the Bankruptcy Code.

**I.     The Supplemental Plan Complies with Section 1129 of the Bankruptcy Code**

22. To obtain confirmation of the Supplemental Plan, the Emerging New York Entities must demonstrate that the Supplemental Plan satisfies the provisions of section 1129 of the Bankruptcy Code by a preponderance of the evidence. *See Fin. Sec. Assurance Inc. v. T-H New Orleans Ltd. P'ship (In re T-H New Orleans Ltd. P'ship)*, 116 F.3d 790, 801 (5th Cir. 1997);

*Heartland Fed. Sav. & Loan Assoc. v. Briscoe Enters., Ltd., II (In re Briscoe Enters., Ltd., II)*, 994 F.2d 1160, 1165 (5th Cir. 1993), *cert. denied*, 510 U.S. 992 (1993).

23. As demonstrated by the Record by a preponderance of the evidence, the Supplemental Plan complies with all relevant sections of the Bankruptcy Code, including, without limitation, sections 1121, 1123, 1125, 1126, 1127 and 1129 of the Bankruptcy Code, the Bankruptcy Rules and applicable non-bankruptcy law relating to the confirmation of the Supplemental Plan. Accordingly, the Supplemental Plan should be confirmed.

### J. Settlement of Certain Inter-Debtor Issues

24. As described in Articles VI and XII.A of the Mirant Plan Disclosure Statement and Schedule 5 thereto, and in the corroborating testimony at the Mirant Plan Confirmation Hearing of William Holden, the Debtors operated their business as a single integrated enterprise, which gave rise to numerous intercompany relationships and transactions. For example, the Debtors utilized a centralized cash management system and certain essential functions, such as providing capital, personnel, human resources and administrative functions, and performing commercial activities (procurement of fuel, sale of energy, marketing, plant dispatch, risk management and asset optimization activities), are performed or provided by particular Debtors for the benefit of other members of the enterprise, rather than on an entity-by-entity basis. These activities, in turn, gave rise to substantial Intercompany Claims both in terms of amount and number in these Chapter 11 Cases, the proper treatment of which was subject to substantial dispute and the resolution of which was uncertain.

25. The Debtors concluded, with the consent and approval of the Committees, that absent the global settlement of Intercompany Claims and related matters as set forth in the

Mirant Plan and the Supplemental Plan, value, on an enterprise and Debtor-by-Debtor basis, was at risk of material degradation to the detriment of all stakeholders.

26. Based upon the Record, the global settlement of all Intercompany Claims and related matters as set forth in the Supplemental Plan is fair and equitable and in the best interests of the Emerging New York Entities, their Estates and all other parties in interest, including all creditors and equity holders, and satisfies the applicable requirements of the Bankruptcy Code and Bankruptcy Rules. Accordingly, such global settlement should be approved.

27. Notwithstanding any of the foregoing, the Court hereby finds that its appropriate to exclude any and all Claims (whether pre or postpetition) by and between one or more of the Emerging New Entities and Mirant NY-Gen and any and all Claims (whether pre or postpetition) by and between one or more of the Emerging New York Entities and Mirant Lovett from the global settlement of intercompany Claims set forth in the Supplemental Plan and described above. Accordingly, as provided in the Supplemental Confirmation Order, such Claims shall not be affected or modified in any manner by the Supplemental Plan or the Supplemental Confirmation Order and shall instead be resolved by a future order of the Court.

## K. Exit Financing

28. On December 23, 2005, in connection with the New Mirant Entities' emergence from bankruptcy, Mirant North America issued approximately $850 million of 7.375% senior unsecured notes (the "Notes"). On January 3, 2006, Mirant North America also entered into an $800 million senior secured revolving credit facility (the "Revolving Credit Facility") and a $700 million senior secured term loan (the "Term Facility" and together with the Revolving Credit Facility, the "Senior Secured Facilities" and, collectively with the Notes, the "Exit Financing").

29. On the Supplemental Plan Effective Date, each Emerging New York Entity shall

execute a guarantee (each an "Additional Guarantee") secured by substantially all of its assets, including without limitation, mortgages on its real estate, in favor of the Exit Facility Agent for the benefit of the Exit Lenders and such other documents and agreements in connection therewith as the Exit Facility Agent shall reasonably request. Executing the Additional Guarantees and the related security documents represents a reasonable exercise of the Emerging New York Entities' sound business judgment and is in the best interests of all parties in interest, including all creditors, equity holders and the Estates.

30. The Court hereby finds that Alliance Energy was the prevailing bidder at the auction in connection with the sale of the Membership Interest by Mirant NY-Gen. As a result, the "Alternate Agreements and Orders" are of no force or effect.

31. The Court finds that, pursuant to section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under the Supplemental Plan, including, without limitation, the transfer of the Membership Interest to Alliance Energy pursuant to the Membership Interest Agreements and Orders, the creation of any mortgage, deed of trust, lien, pledge or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Supplemental Plan (including, without limitation, the Exit Facility) are not the subject to any stamp tax, or other similar tax.

### L. Releases, Exculpations and Injunctions

32. Sections 12.5, 12.6, 13.3 and 13.4 of the Supplemental Plan provide for various releases, exculpations and injunctions. Such releases, exculpations and injunctions, as modified and limited by the Supplemental Confirmation Order: (a) are within the jurisdiction of the Bankruptcy Court under 28 U.S.C. § 1334; (b) are integral elements of the transactions

incorporated into the Supplemental Plan; (c) confer material benefit on, and are in the best interests of, the Emerging New York Entities, their Estates and their creditors; (d) are important to the overall objectives of the Supplemental Plan to resolve finally all Claims among or against the parties in interest in the Chapter 11 Cases with respect to the Emerging New York Entities, their organization, capitalization, operation and reorganization; (e) to the extent they impact the Causes of Action against non-Debtors, only do so to the extent such Causes of Action are inextricably interwoven with Causes of Action against the Emerging New York Entities and have no impact with respect to Causes of Action of Mirant NY-Gen; and (f) are consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code.

33. The Protected Persons are identified in the *Submission of Schedule of Protected Persons Pursuant to Section 8.16 of the Supplemental Plan*, that was filed with the Bankruptcy Court on November 28, 2005 [Docket No. 12340] and amended on November 30, 2005 [Docket No. 12399] and December 8, 2005 [Docket No. 12554] and supplemented with the *Notice Of Submission Of Schedule Of Protected Persons In Connection With The Amended Supplemental Joint Chapter 11 Plan Of Reorganization Of The Emerging New York Entities*, that was filed with the Bankruptcy Court on March 9, 2007 [Docket No. 15121].

**M.     Executory Contracts and Unexpired Leases**

34. The Emerging New York Entities have exercised reasonable business judgment in determining whether to reject, assume or assume and assign each of their executory contracts and unexpired leases under the terms of the Supplemental Plan and the Supplemental Confirmation Order. Each pre- or post-confirmation rejection, assumption or assumption and assignment of an executory contract or unexpired lease pursuant to Article XI of the Supplemental Plan will be

legal, valid and binding upon the applicable Emerging New York Entity and all non-Debtor parties to such executory contract or unexpired lease, as applicable, all to the same extent as if such rejection, assumption, or assumption and assignment had been effectuated pursuant to an appropriate order of the Bankruptcy Court entered before the Supplemental Plan Effective Date under section 365 of the Bankruptcy Code. Each of the executory contracts and unexpired leases to be rejected, assumed or assumed and assigned is deemed to be an executory contract or an unexpired lease, as applicable.

35. The Supplemental Plan constitutes a motion to reject all of the Emerging New York Entities' executory contracts and unexpired leases, except as otherwise provided in Section 11.1 of the Supplemental Plan, and as set forth in the Supplemental Confirmation Order. Each executory contract or unexpired lease to be rejected pursuant to the Supplemental Plan is burdensome and the rejection thereof is in the best interests of the Estates.

36. The Supplemental Plan constitutes a motion to assume or assume and assign the executory contracts and unexpired leases of the Emerging New York Entities that are designated to be assumed or assumed and assigned as set forth on Exhibit B to the Supplemental Plan, or otherwise designated for assumption or assumption and assignment pursuant to Section 11.1(a) of the Supplemental Plan (the "Assumed and Assigned Contracts"); provided, however, that Exhibit B is hereby modified by *Mirant Bowline, LLC's Motion Pursuant To 11 U.S.C. § 365 To Assume, Assume And Assign, Or Reject Certain Agreements With Orange And Rockland Utilities, Inc. And Consolidated Edison Company Of New York* to exclude any and all agreements between Mirant Bowline and Orange and Rockland Utilities, Inc. and/or Consolidated Edison Company of New York.

37. The assumption or assumption and assignment of an executory contract or

unexpired lease by an Emerging New York Entity pursuant to Section 11.1 of the Supplemental Plan shall not be construed to create an assumption or assumption and assignment by any non-Emerging New York Entity that is a party to such executory contract or unexpired lease. Except as otherwise provided in a separate order of the Bankruptcy Court, any non-Debtor party to an Assumed and Assigned Contract was required to object to such assumption and assignment or to the cure amounts proposed by the Emerging New York Entities in connection therewith by no later than ten (10) days prior to the Supplemental Plan Confirmation Hearing.

38. The Court hereby finds that Article XI of the Supplemental Plan is not intended to and shall not result in the assumption, assumption and assignment or rejection of any executory contract by any debtor other than the Emerging New York Entities. In particular, and without limiting the generality of the foregoing, Article XI shall not result in the assumption, assumption and assignment or rejection of any executory contract by Mirant NY-Gen.

39. Upon the entry of the Supplemental Confirmation Order, (a) all of the requirements of sections 365(b) and (f) will have been satisfied with respect to each Assumed and Assigned Contract for which no timely objection was filed; (b) all rights to object to the assumption or assumption and assignment of any such Assumed and Assigned Contract will have been waived; (c) except as the Bankruptcy Court may hereafter determine is necessary and appropriate to effect the purpose of the Bankruptcy Code and equity, all rights to object to the cure amounts with respect to any such Assumed and Assigned Contracts will have been waived; and (d) the assumption or assumption and assignment of such Assumed and Assigned Contracts will have been approved.

40. Any objections filed with respect to an Assumed and Assigned Contract will be resolved as set forth in Section 11.1 of the Supplemental Plan.

## SUMMARY

41. The Supplemental Plan meets the requirements of chapter 11 and should be confirmed. An appropriate order will be entered.

Dated: March 22, 2007
Fort Worth, Texas

_____
HONORABLE D. MICHAEL LYNN
UNITED STATES BANKRUPTCY JUDGE

**Submitted By:**

Jeff P. Prostok
State Bar No. 16352500
J. Robert Forshey
State Bar No. 07264200
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1290
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

ATTORNEYS FOR THE EMERGING NEW YORK ENTITIES

Thomas E Lauria
State Bar No. 11998025
Craig H. Averch
State Bar No. 01451020
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
(305) 371-2700

-and-

Robin E. Phelan
State Bar No. 15903000
Ian T. Peck
State Bar No. 24013306
HAYNES AND BOONE, LLP
901 Main Street
Suite 3100
Dallas, TX 75202
(214) 651-5000

ATTORNEYS FOR MIRANT CORPORATION