U. S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 Case |
|  | ) |  |
| MIRANT CORPORATION, et al. | ) | Case No. 03-46590-DML-11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## IN SUPPORT OF THE AMENDED CHAPTER 11 PLAN OF
## REORGANIZATION PROPOSED BY MIRANT NY-GEN, LLC

On April 25, 2007, this Court conducted a confirmation hearing (the

"Confirmation Hearing") to consider confirmation of the Amended Chapter 11 Plan of

Reorganization (the "Plan,") proposed by Mirant NY-Gen, LLC ("Mirant NY-Gen" or

the "Debtor").

    1.    The following record (the "Record") was established to support

confirmation of the Plan:

    (a)    The record of all documents identified on Mirant NY-Gen's

Exhibit and Witness List for the April 25, 2007 hearing filed on April 22, 2007

[Docket No. 15257], including, without limitation, the Disclosure Statement

Order (defined herein), the Plan and all exhibits, schedules, and attachments to the

Disclosure Statement[1] filed in connection with the Plan and Disclosure Statement;

the Notice in Connection with the Amended Chapter 11 Plan of Reorganization

Proposed by Mirant NY-Gen, LLC of (A) the Deadline to Submit Ballots to

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Plan
and the Disclosure Statement Order.

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 1 of 31

Accept or Reject the Plan, (B) the Deadline for Filing Objections to the Plan, and (C) the Hearing to Consider Confirmation of the Plan (the "Confirmation Hearing Notice") [Docket No. 15180], all of which were admitted into evidence;

(b)     The Membership Interest Purchase and Sale Agreement and the *Order (I) Authorizing and Approving the Sale of Membership Interest in Mirant NY-Gen, LLC, by Mirant New York, Inc. to Alliance Energy Renewables, LLC, Free and Clear of all Liens, Claims, Encumbrances and Interests, (II) Approving Membership Interest Purchase and Sale Agreement and the Performance by the Debtors of the Terms Thereof, and (III) Authorizing Debtors to Enter Into, Modify, or Terminate Contracts and Leases Pursuant to the Membership Interest Purchase and Sale Agreement* (the "Sale Order") [Docket No. 15133], which was admitted into evidence;

(c)     The sworn proffered testimony of Robert Dowd, Chief Executive Officer of the Debtor at the Confirmation Hearing;

(d)     The Affidavit of Bankruptcy Services LLC sworn to by Diane Streany and filed with the Bankruptcy Court on April 3, 2007 [Docket No. 15195] indicating the service of the Disclosure Statement, the Plan, and the Confirmation Hearing Notice, which was admitted into evidence;

(e)     The Affidavit of Linda Breedlove Verifying Mailing of Mirant NY-Gen, LLC's Solicitation Packet and filed with the Bankruptcy Court on April 23, 2007 [Docket No. 15260] indicating the service of the Solicitation Packets, which was admitted into evidence (the "Solicitation Affidavit");

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 2 of 31

(f)  The Notice of Publication of Publication Notice in Connection with the Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC of (A) the Deadline to Submit Ballots to Accept or Reject the Plan, (B) the Deadline for Filing Objections to the Plan, and (C) Hearing to Consider Confirmation of the Plan (the "Publication Notice"), dated April 22, 2007 [Docket No. 15258], published on (a) March 24, 2007, in *The New York Times* (National Edition), a daily national newspaper published and of general circulation in the State of New York, Certification of Publication by Arlene Moller; (b) March 24, 2007, in the *Times Herald Record* (Orange County, New York), Certificate of Publication by Patricia Foddrill; (c) March 27, 2007, in the *Sullivan County Democrat*, Affidavit of Publication by Fred W. Stabbert III; and (d) March 28, 2007, in *The Journal News* (Rockland Area Zone), Affidavit of Publication by Linda Parelli [Publication Notice filed at Docket No. 15258] (the "Publication Affidavits"); the Publication Notice was admitted into evidence;

(g)  The Tabulation of Ballots filed with the Bankruptcy Court on April 23, 2007 [Docket No. 15259], which was admitted into evidence;

(h)  The entire record of the Mirant Confirmation Hearing (as defined below), including all documentary evidence and testimony admitted into the record, briefs and papers filed, and arguments of counsel in connection therewith, all of which was incorporated into the Record at the Mirant Confirmation Hearing (as defined below);

(i)  The entire record of the Mirant Reorganization Cases and the docket maintained by the Clerk of the Bankruptcy Court and/or its duly appointed

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 3 of 31

agent, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Mirant Reorganization Cases as to all of which the Court took judicial notice at the Mirant Confirmation Hearing;

(j)     The entire record of the chapter 11 cases of the Excluded Debtors, including this Chapter 11 Case, from and after January 3, 2006 and the docket maintained by the Clerk of the Bankruptcy Court and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the chapter 11 cases of the Excluded Debtors, including this Chapter 11 case, from and after January 3, 2006; and

(k)     The statements and arguments of counsel on the record at the Confirmation Hearing and all papers and pleadings filed with the Bankruptcy Court in support of, in opposition to, or otherwise in connection with, confirmation of the Plan.

2.     The evidence that was admitted into the Record in support of confirmation of the Plan and all related matters demonstrates, by a clear preponderance of the evidence, that the Plan should be confirmed.

3.     The consensual resolutions of the various objections to the confirmation of the Plan, presented at the Confirmation Hearing, satisfy all applicable requirements under the Bankruptcy Code and Bankruptcy Rules and are in the best interest of the Debtor and

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 4 of 31

its Estate, and supported by the Record, and therefore should be approved. All objections to the confirmation of the Plan, which were not resolved by agreement at the Confirmation Hearing are overruled, or are otherwise disposed of, as set forth herein and in the order confirming the Plan (the "Confirmation Order").

4.      The Record amply supports confirmation of the Plan and the Bankruptcy Court will issue an order confirming the Plan.

5.      The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.

**A.      Jurisdiction and Venue**

6.      The Bankruptcy Court has subject matter jurisdiction to confirm the Plan pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(A), (L), and (O).

**B.      Background**

7.      Commencing on July 14, 2003, and continuing on various dates thereafter, MC 2005, LLC (f/k/a Mirant Corporation prior to January 3, 2006 and MC 2005 Corporation prior to February 28, 2006, referred to as "Old Mirant"), along with more than eighty (80) domestic affiliates, including Mirant NY-Gen (collectively, the "Mirant Debtors"), filed bankruptcy petitions pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 5 of 31

8.    In an order dated December 9, 2005 [Docket No. 12569] (the "Mirant Confirmation Order"), the Bankruptcy Court confirmed the *Debtors' Amended and Restated Second Amended Joint Chapter 11 Plan of Reorganization for Mirant Corporation and its Affiliated Debtors Dated December 9, 2005* (the "Mirant Plan") with respect to each of the Mirant Debtors, other than:  Mirant New York, Inc. ("Mirant New York"), Mirant NY-Gen, Mirant Lovett, LLC ("Mirant Lovett"), Mirant Bowline, LLC ("Mirant Bowline"), and Hudson Valley Gas Corporation ("Hudson Valley," and collectively with Mirant New York, Mirant NY-Gen, Mirant Lovett, and Mirant Bowline, the "Excluded Debtors").  The Debtors that are subject to the Mirant Plan are referred to herein as the "New Mirant Entities."

9.    Confirmation was adjourned with respect to (a) Mirant Bowline, Mirant Lovett, and Mirant New York under Section 15.3 of the Mirant Plan; (b) Hudson Valley under Section 17.16 of the Mirant Plan; and (c) the Debtor under Section 17.26 of the Mirant Plan.

10.    The Mirant Plan provided that, in the event of adjournment, the Excluded Debtors reserved the right to recommence the confirmation hearing with respect to the Mirant Plan or to recommence the confirmation hearing with respect to a modified or new plan of reorganization.

11.    On January 3, 2006, the New Mirant Entities emerged from Chapter 11.

12.    On April 16, 2007, Mirant New York, Mirant Bowline, and Hudson Valley emerged from Chapter 11.

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 6 of 31

### C.  Sale of Membership Interest of Mirant New York in the Debtor

13.    Mirant New York, the sole holder of a membership interest (the "Membership Interest") in the Debtor, entered into a competitive bidding process with certain parties interested in purchasing the Membership Interest. Alliance Energy Renewables, LLC submitted the highest and best offer to purchase Mirant New York's Membership Interest. The Purchase and Sale Agreement dated January 31, 2007, by and between Mirant New York, as Seller, and Alliance Energy, as Purchaser, as amended, provides, among other things, that (i) the purchase price of the Membership Interest is $5.1 million (subject to certain adjustments, including but not limited to the amount of $250,000, the "Sale Proceeds"), (ii) the sale of the Membership Interest is free and clear of all liens, claims, encumbrances, and interests, and (iii) the liabilities of the Debtor shall be discharged pursuant to the Debtor's Plan to the fullest extent permitted by the Bankruptcy Code.

14.    On March 13, 2007, the Court entered the Sale Order.

15.    Simultaneously with the occurrence of the Effective Date of the Plan, Mirant New York will close the Membership Interest Sale to the Purchaser pursuant to the terms and conditions of the Purchase and Sale Agreement and the Sale Order.

### D.  Mirant NY-Gen's Plan

16.    On March 22, 2007, the Debtor filed its Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC (the "Plan"), dated March 21, 2007 [Docket No. 15165].

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 7 of 31

17. The Sale Proceeds will be transferred to the disbursing agent under the terms of the Plan (the "Disbursing Agent") and will be deposited in an account for the Sale Proceeds (the "Sale Proceeds Account"). The funds in the Sale Proceeds Account will be subject to liens in favor of the holder of a secured claim held by Mirant Americas, Inc. ("Mirant Americas") and will be used, in part, to pay creditors under the Plan. The Disbursing Agent will reserve Sale Proceeds in the Sale Proceeds Account sufficient to pay the allowed claims in the Other Amount and the Unsecured Creditor Amount (the "Plan Carve-Out"). Mirant Americas will release its liens on the Sale Proceeds subject to the Plan Carve-Out. Any portion of the Sale Proceeds not used to pay holders of allowed claims under the Plan and the Fee Claims will revert to Mirant Americas.

18. The amounts provided in the Plan Carve-Out are sufficient for the:

(a) Unsecured Creditor Amount to satisfy all General Unsecured Claims as required by Section 5.4 of the Plan as follows:

| | | | |
|---|---|---|---|
| (i) | The Southern Company | $ | 0 |
| (ii) | Orange & Rockland Utilities, Inc. | | 0 |
| (iii) | Other General Unsecured Claims | | 150,000 |
| (iv) | Rejection Damages Claims | | 0 |

*Total Unsecured Creditor Amount*        $ 150,000

(b) Other Amount to satisfy all Other Amount categories as required by Sections 4.2, 4.4, 5.1, 5.2, and 5.3 of the Plan as follows:

| | | | |
|---|---|---|---|
| (i) | NYDEC[2] | $ | 11,846 |
| (ii) | Barrett Litigation Claim[3] | | 0 |

---

[2] The term "NYDEC" refers to, collectively, the State of New York and the New York State Department of Environmental Conservation. The actual amount of NYDEC's Administrative Expense will be determined at a later date with reference to all applicable Consent Orders.

[3] "Barrett Litigation Claim" means the claims asserted against the Debtor in connection with that certain lawsuit entitled *Robert Barrett and June Barrett v. Woodstone Lakes Development, LLC, Woodstone*

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

     (ii)     Additional Administrative
              Expenses (including Cure Amounts)    100,000

     (iii)    All Tax Claims, Priority Claims,
              Secured Tax Claims, Other Secured
              Claims                           0

*Total Other Amount*                          $ 111,846

19.     Pursuant to 28 U.S.C. § 157(b)(2)(B), the Unsecured Creditor Amount is estimated at $150,000 and the Other Amount is estimated at $111,846 for purposes of confirmation.

20.     The determination of the sufficiency of the Unsecured Creditor Amount and the Other Amount and of the amount needed to fund each such category of the Other Amount is conclusive and none of the Debtor, the Reorganized Debtor, Mirant New York, Mirant Americas, the Purchaser, any Affiliate of the foregoing, the Sale Proceeds, or the Assets shall be liable for Allowed Claims exceeding the amounts set for the Unsecured Creditor Amount or any Other Amount category.

21.     The holders of the Croissant Claims[4] and the Corcoran Litigation Claim[5] (collectively, the "Litigation Claims") filed the only two objections to the Plan (the "Objections"). To resolve the Objections, the Debtor has reached an agreement with Mirant New York and Mirant Americas concerning the allocation of the Sale Proceeds.

---

*Toronto Development, LLC, Woodstone Crestwood Development, LLC, Mirant NY-Gen, LLC, and Dubrovsky*, New York Supreme Court, Sullivan County, Index No. 948/06.

[4] "Croissant Claims" means, collectively, the Administrative Expenses asserted by William Croissant, Patricia Croissant, Old Mongaup Corporation, and Swinging Bridge Incorporated against the Debtor.

[5] "Corcoran Litigation Claim" means the administrative personal injury tort claims asserted against the Debtor in connection with that certain lawsuit entitled *James Corcoran and Sally A. Corcoran v. Mirant NY-Gen, LLC, and Time Manufacturing Co.*, New York Supreme Court, Orange County, Index No. 2007-1-64.

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

The Disbursing Agent shall retain in the Sale Proceeds Account funds equal to an amount of the Sale Proceeds less the amounts allocated for the Other Amount, the Unsecured Creditor Amount, and the Fee Claims (such remaining funds being referred to as the "Net Sales Proceeds") for payment in full to holders of any Litigation Claims which are Allowed by Final Order (the "Allowed Litigation Claims"). The amounts held by the Disbursing Agent for payment in full of the Allowed Litigation Claims will be the greater of (i) the aggregate amount of the Net Sales Proceeds or (ii) one million five hundred thousand ($1,500,000.00) (the greater amount is referred to as the "Litigation Claims Reserve"). At the sole option of the Disbursing Agent, for the benefit of the holders of the Litigation Claims, the Disbursing Agent shall either (a) retain the Litigation Claims Reserve, or (b) accept delivery of the Limited Guaranty[6] in place of the Litigation Claims Reserve.

## E.      Disclosure Statement Order

22.      On March 22, 2007, in accordance with section 1125 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018, the Court signed the *Order (I) Approving the Amended Disclosure Statement; (II) Approving the Solicitation Package and Procedures; (III) Approving the Form of Ballot and Establishing the Procedures for Voting on the Debtor's Amended Plan of Reorganization; (IV) Scheduling the Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of the*

---

[6]  "Limited Guaranty" means that certain agreement executed and delivered by Mirant New York to the Disbursing Agent that unconditionally guarantees the payment of the Litigation Claims, to the extent that they are ultimately Allowed by Final Order, in an aggregate amount not to exceed the Litigation Claims Reserve. The form of the Limited Guaranty will be substantially in the form as filed with the Court as a Plan Document.

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 10 of 31

*Debtor's Amended Plan of Reorganization, and (V) Granting Related Relief* (the
"Disclosure Statement Order") [Docket No. 15170].

23.     As set forth in the Record, the Debtor complied with the Disclosure
Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable
laws in connection with the solicitation of votes. Notice provided with respect to all
matters relating to the solicitation of votes on, and the confirmation of, the Plan was due
and proper and satisfied the requirements of due process with respect to all creditors, the
equity holder, and parties in interest who were provided actual or constructive notice.

24.     In addition, in order to assure that all creditors and the equity holder
received proper notice of the Confirmation Hearing, the Debtor caused to be served the
Confirmation Hearing Notice on all creditors of the Debtor in accordance with
Bankruptcy Rules 2002 and 3017 on March 23, 2007, and published the notice on (a)
March 24, 2007, in *The New York Times* (New York edition), a daily national newspaper
published and of general circulation in the State of New York, (b) March 24, 2007, in the
*Times Herald Record* (Orange County, New York), (c) March 27, 2007, in the *Sullivan
County Democrat,* and (d) March 28, 2007, in the *The Journal News* (Rockland Area
Zone)[Publication Affidavits filed at Docket No. 15258]. This satisfied the requirements
of the Bankruptcy Code, the Bankruptcy Rules, and due process.

**F.     Voting**

25.     As set forth in the Record, including, without limitation, the Solicitation
Affidavit and the Publication Affidavits, each Class of Claims against the Debtor either:
(a) voted to accept the Plan under section 1126 of the Bankruptcy Code and for purposes
of section 1129(a)(8)(A) of the Bankruptcy Code; or (b) is not impaired under section

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 11 of 31

1124 of the Bankruptcy Code and for the purposes of section 1129(a)(8)(B) of the Bankruptcy Code.

**G.      Transfers and Restructuring to Implement the Plan**

26.      Article VII of the Plan provides the means for implementing the Plan. The provisions of Article VII of the Plan and the transactions and transfers to be implemented pursuant thereto, are consistent with and permissible under section 1123(a)(5) of the Bankruptcy Code and are consistent with the interests of creditors, the equity holder, and public policy.

27.      In connection with the implementation of the Plan, the Plan requires the consummation of a series of transactions (the "Plan Transactions"), including, but not limited to, those transactions listed in Section 4.3 and 7.2 of the Plan. Each of these transactions is necessary and appropriate to ensure the feasibility of the Plan and to facilitate the restructuring of the Debtor. Approval of the Plan Transactions is within the authority of the Bankruptcy Court pursuant to section 1123(a) of the Bankruptcy Code and otherwise in furtherance of the general principles of the Bankruptcy Code. The Plan Transactions represent the exercise of the sound business judgment of the Debtor, will benefit the Debtor's Estate, and are proposed in good faith. Additionally, the ability to enter into and consummate the Plan Transactions is set forth in Article VII of the Plan.

**H.      Reorganized Debtor's Managing Member and Director**

28.      The Reorganized Debtor's Managing Member and Director will be Samuel G. Nappi.

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen. LLC

Page 12 of 31

**I.** **The Plan Complies with the Applicable Provisions of Section 1129 of the Bankruptcy Code**

29.     To obtain confirmation of the Plan, the Debtor must demonstrate that the Plan satisfies the provisions of section 1129 of the Bankruptcy Code by a preponderance of the evidence. *See Fin. Sec. Assurance Inc v. T-H New Orleans Ltd P'ship (In re T-H New Orleans Ltd. P'ship)*, 116 F.3d 790, 801 (5th Cir. 1997); *Heartland Fed Sav. & Loan Assoc. v. Briscoe Enters., Ltd., II (In re Briscoe Enters., Ltd.)*, 994 F.2d 1160, 1165 (5th Cir. 1993).

**1.**     **The Plan Complies with Section 1129(a)(1) of the Bankruptcy Code**

30.     Pursuant to section 1129(a)(1) of the Bankruptcy Code, a plan of reorganization must "compl[y] with the applicable provisions of [the Bankruptcy Code]." 11 U.S.C. § 1129(a)(1). The legislative history of section 1129(a)(1) of the Bankruptcy Code indicates that a principal objective of this provision is to assure compliance with the sections of the Bankruptcy Code governing classification of claims and interests and the contents of a plan of reorganization. S.Rep.No. 95-989, at 126 (1978); H.R.Rep.No. 95-595, at 412 (1977); *see also In re J T Thorpe Co.*, 308 B.R. 782, 785 (Bankr. S.D.Tex. 2003, *aff'd*, 2004 WL 720263 (S.D.Tex. Mar. 3, 2004).

31.     Under section 1122 of the Bankruptcy Code, a plan may provide for multiple classes of claims or interests so long as each claim or interest within a class is substantially similar to other claims or interests in that class. Significantly, a plan proponent is afforded significant flexibility in classifying claims under section 1122(a) of the Bankruptcy Code provided there is a reasonable basis for the classification scheme and all claims within a particular class are substantially similar. *See Phoenix Mut Life*

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 13 of 31

*Ins. Co. v. Greystone III Joint Venture (In re Greystone III Joint Venture)*, 995 F.2d 1274, 1278-81 (5th Cir. 1991).

32.     Section 1122 of the Bankruptcy Code does not require that all substantially similar claims be placed in the same class. Decisions interpreting section 1122(a) generally uphold separate classification of different groups of unsecured claims when a reasonable basis exists for that classification. *See Heartland Fed. Sav. & Loan Assoc. v. Briscoe Enters. Ltd., II (In re Briscoe Enters. Ltd., II)*, 994 F.2d 1160, 1167 (5th Cir. 1993) (the debtor's business operations would be affected if separate classification of claims were not allowed). *See also* 7 COLLIER ON BANKRUPTCY ¶ 1122.03[4][a], at 1122-11 (15th rev. ed. 2006). The Plan's classifications conform to the statute and separately classify claims based upon valid business and legal reasons. The Debtor's classification has a rational basis because it is based on the respective legal rights of each holder of a Claim against or the Equity Interest in the Debtor's Estate and was not proposed to create a consenting impaired class and, thereby, manipulate class voting.

33.     Every chapter 11 plan must comply with the requirements set forth in section 1123(a) of the Bankruptcy Code. The Plan complies fully with each such requirement:

(a)     Under section 1123(a)(1), a plan must "designate, subject to section 1122 of this title, classes of claims, other than claims of a kind specified in section 507(a)(1), 507(a)(2), or 507(a)(8) of this title, and classes of interest." The Debtor anticipates that all Allowed administrative expenses will be paid in full under the Plan. Section 507(a)(2) administrative expenses are unclassified as described in Article

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 14 of 31

IV (Treatment of Unclassified Claims). Article V of the Plan designates classes of Claims and the Equity Interest that require classification.

(b)     Under section 1123(a)(2), a plan must "specify any class of claims or interests that is not impaired." Article III of the Plan specifies which classes of Claims and the Equity Interest are not impaired under the Plan.

(c)     Under section 1123(a)(3), a plan must "specify the treatment of any class of claims or interests that is impaired." Article V of the Plan specifies the treatment of classes and interests under the Plan, including those which are impaired.

(d)     Under section 1123(a)(4), a plan must "provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest." As reflected in the treatment set forth in Article V of the Plan, every Allowed Claim in each class will be paid in full on the applicable Distribution Date.

(e)     Under section 1123(a)(5), a plan must "provide adequate means for the plan's implementation." Article VII of the Plan details implementation of the Plan.

(f)     Under section 1123(a)(6), prohibits the issuance of new nonvoting securities. The Debtor's Plan does not provide for the issuance of new securities.

(g)     Section 1123(a)(7) requires provisions in the Plan regarding the manner of selection of any director, officer, or trustee to be consistent with public policy and the interests of the Debtor's creditors. Because the sale of the Membership Interest in the Debtor has been approved and will close on the Effective Date, the Plan does not provide for identification of officers and directors of the Debtor. Samuel G. Nappi will serve as the Reorganized Debtor's Managing Member and Director.

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 15 of 31

34. In addition to the provisions required by section 1123(a) of the Bankruptcy Code, the Plan also contains numerous provisions permitted by section 1123(b) of the Bankruptcy Code. Among other things, the Plan impairs or leaves unimpaired each class of Claims or the Equity Interest (Article V) and the Plan provides for the rejection and assumption of executory contracts and unexpired leases (Article XI). Each of these provisions of the Plan is consistent with section 1123(b) of the Bankruptcy Code and permissible under applicable law.

35. The Plan is dated and identifies the entity submitting the Plan in accordance with Bankruptcy Rule 3016(a).

36. The Debtor has given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d) and the Disclosure Statement Order. The transmittal and service of the Solicitation Packages was in compliance with the Disclosure Statement Order and adequate and sufficient under the Bankruptcy Rules and the circumstances surrounding this chapter 11 case.

37. The solicitation of votes to accept or reject the Plan solely from holders of claims in Classes entitled to vote to accept or reject the Plan satisfies Bankruptcy Rule 3018. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order.

38. As demonstrated above and in the findings contained herein, the Plan complies fully with the requirements of sections 1122 and 1123 of the Bankruptcy Code, as well as the other applicable provisions of title 11. Therefore, the Plan complies with section 1129(a)(1).

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 16 of 31

## 2. The Plan Complies with Section 1129(a)(2) of the Bankruptcy Code

39.     Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtor has complied with the applicable provisions of title 11. More specifically, the Debtor has complied with sections 1125 and 1126 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Disclosure Statement Order governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, and all other matters considered by the Bankruptcy Court in connection with the Debtor's chapter 11 proceedings.

40.     On March 22, 2007, after due notice and hearing, the Bankruptcy Court signed the Disclosure Statement Order, which, *inter alia*, approved the Disclosure Statement, finding that it contained "adequate information" within the meaning of section 1125 of the Bankruptcy Code and established procedures for the Debtor's solicitation of votes on the Plan.

41.     In accordance with section 1125 of the Bankruptcy Code and pursuant to the Disclosure Statement Order, the Debtor solicited acceptances or rejections of the Plan from holders of all Allowed Claims in each class of impaired Claims that are to receive distributions under the Plan. Classes 1 and 6 of the Plan are unimpaired. As a result, pursuant to section 1126(f) of the Bankruptcy Code, holders of Claims in those classes are conclusively presumed to have accepted the Plan. The Debtor has complied with the applicable provisions of section 1126 of the Bankruptcy Code.

## 3. The Plan Complies with Section 1129(a)(3) of the Bankruptcy Code

42.     Section 1129(a)(3) requires that a plan be proposed in good faith and not by any means forbidden by law. "Where the plan is proposed with the legitimate and

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 17 of 31

honest purpose to reorganize and has a reasonable hope of success, the good faith requirement ... is satisfied." *In re Sun Country Dev., Inc.*, 764 F.2d 406, 408 (5th Cir. 1985).

43. It is clear that the Plan promotes the rehabilitative objectives and purposes of the Bankruptcy Code. *See In re Block Shim Dev. Co.*, 939 F.2d 289, 292 (5th Cir. 1991) ("To be proposed in good faith, a plan must fairly achieve a result consistent with the Code."). The Plan achieves the goals of the Bankruptcy Code by, among other things, restructuring the Debtor's obligations. The Plan is supported by the creditors and other parties in interest in this Chapter 11 Case. Therefore, the Plan was proposed in good faith and the Plan complies with section 1129(a)(3).

### 4. The Plan Complies with Section 1129(a)(4) of the Bankruptcy Code

44. Section 1129(a)(4) of the Bankruptcy Code "requires that any payments made or to be made under the plan for services or for costs and expenses has been approved or is subject to approval by the court as reasonable." *In re Cajun Elec. Power Coop.*, 230 B.R. 715, 738 (Bankr. M.D. La. 1999).

45. Section 4.2(b) of the Plan provides that each Professional who holds or asserts a Fee Claim for compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date will be required to file with the Bankruptcy Court, and serve upon all parties required to receive such notice, a Fee Application within sixty (60) days after the Effective Date. Failure to file timely and serve a Fee Application as required under Section 4.2(b) of the Plan shall result in the Fee Claim being forever barred and discharged. A Fee Claim in respect of which a Fee Application has been properly filed and served pursuant to Section 4.2(b) of the Plan will become an allowed

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 18 of 31

Fee Claim only to the extent allowed by a final order. Pursuant to Section 13.14 of the Plan, no award or reimbursement of attorneys' fees or related expenses or disbursements will be allowed on, or in connection with, any Claim, except as ordered by the Bankruptcy Court. These provisions are sufficient to comply with the objectives of section 1129(a)(4) of the Bankruptcy Code.

**5.     The Plan Complies with Section 1129(a)(5) of the Bankruptcy Code**

46.     Section 1129(a)(5)(A) of the Bankruptcy Code, among other things, requires that the plan proponent disclose the identity and affiliations of the proposed officers and directors. Because the Membership Interest in the Debtor has been sold and the Membership Interest Sale will close on the Effective Date, the Plan does not provide for identification of the Debtor's officers and directors. Samuel G. Nappi will serve as the Reorganized Debtor's Managing Member and Director.

47.     Additionally, section 1129(a)(5)(B) requires the plan proponent to disclose post-confirmation retention of any insiders; under the Plan, no insider of the Debtor will be employed or retained by the Reorganized Debtor. Therefore, the Plan complies with section 1129(a)(5) of the Bankruptcy Code.

**6.     Section 1129(a)(6) of the Bankruptcy Code Does Not Apply**

48.     Section 1129(a)(6) of the Bankruptcy Code requires that any regulatory commission having jurisdiction over the rates charged by the reorganized debtor in the operation of its business approve any rate change provided for in the plan. 11 U.S.C. § 1129(a)(6). Pursuant to Section 13.18, the Plan does not provide for the change of any rate that is within the jurisdiction of any governmental regulatory commission after the

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 19 of 31

occurrence of the Effective Date. Therefore, section 1129(a)(6) of the Bankruptcy Code does not apply to the Plan.

**7.    The Plan Complies with Section 1129(a)(7) of the Bankruptcy Code**

49.    Section 1129(a)(7) of the Bankruptcy Code requires that a plan be in the "best interests" of creditors and interest holders. The "best interests" test requires that each holder of a claim or interest either accept the plan or receive or retain property having a present value, as of the effective date of the plan, not less than the amount such holder would receive or retain if the debtor were liquidated in a hypothetical liquidation under chapter 7 of the Bankruptcy Code. *See In re Briscoe Enterprises*, 994 F.2d at 1167. Section 1129(a)(7) applies to "impaired" classes of claims or equity interests. As a result, if the members of a class are unimpaired, the "best interests" test does not apply to them. 7 COLLIER ON BANKRUPTCY, 1129.03[7][a] at 1129-46 (15th ed. rev. 2004).

50.    As more fully set forth by the evidence adduced at the Confirmation Hearing, the "best interests" test is satisfied. According to the Debtor's Ballot Summary, there are no votes "rejecting" the Plan. All votes accepted the Plan. Based upon the foregoing, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

**8.    The Plan Complies with Section 1129(a)(8) of the Bankruptcy Code**

51.    Section 1129(a)(8) requires each impaired class of claims or interests to accept the Plan. Section 1129(a)(8) is satisfied with respect to the Claims in Class 1 – Priority Claims (except Tax Claims) and the Equity Interest in Class 6 – Membership Interest as such Claims and Equity Interest are not impaired under the Plan and are

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 20 of 31

conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code.

52.     Based upon the Record, the following impaired Classes voted to accept the Plan: Class 4 (General Unsecured Claims) and Class 5 (Affiliates Unsecured Claims). There are no creditors in Class 2 (Secured Tax Claims) and Class 3 (Other Secured Claims).

53.     Accordingly, section 1129(a)(8) of the Bankruptcy Code is satisfied.

**9.      The Plan Complies with Section 1129(a)(9) of the Bankruptcy Code**

54.     Section 1129(a)(9) of the Bankruptcy Code contains a number of requirements regarding payment of priority claims.  Consistent with section 1129(a)(9)(A), on the Distribution Date or the Subsequent Distribution Date or as otherwise provided in the Confirmation Order, each holder of an Allowed Administrative Expense, other than a Fee Claim or DIP Secured Claim, shall receive from the Plan Carve-Out (i) the amount of such holder's Allowed Administrative Expense, or (ii) such other treatment as may be agreed upon in writing by the Debtor and such holder; provided that such treatment shall not provide a return to such holder having a present value as of the Effective Date in excess of such holder's Allowed Administrative Expense.

55.     In addition, Section 4.3(a) of the Plan provides that on the Effective Date, all of the Debtor's right, title, and interest in and to the Assigned Assets shall be assigned to and vested in Mirant Americas (or an Affiliate of Mirant Americas to be designated by Mirant Americas) free and clear of all Claims, Liens, and interests.  Upon such assignment, Mirant Americas (or an Affiliate of Mirant Americas to be designated by

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 21 of 31

Mirant Americas) shall be entitled (in its sole discretion) to liquidate the Assigned Assets without further order of the Bankruptcy Court and to retain any proceeds generated therefrom for its own account.

56.     As required by section 1129(a)(9)(B) of the Bankruptcy Code, section 5.1 of the Plan provides that, pursuant to section 1124 of the Bankruptcy Code, all of the legal, equitable, and contractual rights to which a Class 1 Priority Claim (except Tax Claims) entitles such holder in respect of such Claim shall be fully reinstated and retained, and, subject to Section 7.3 of the Plan, such allowed Priority Claim (including any amounts to which such holder is entitled pursuant to Section 1124(2) of the Bankruptcy Code) shall be paid in full from the Plan Carve-Out in accordance with such reinstated rights on the Effective Date. There are no known Class 1 Claims.

57.     Consistent with section 1129(a)(9)(C) of the Bankruptcy Code, section 4.4 of the Plan provides that, at the election of the Debtor, each holder of an Allowed Tax Claim will receive in full satisfaction of such Allowed Tax Claim (a) the amount of such holder's Allowed Claim in one Cash payment on the Distribution Date or Subsequent Distribution Date, as applicable; (b) the amount of such holder's Allowed Claim, in equal annual Cash payments on each anniversary of the Distribution Date or the Subsequent Distribution Date, as applicable, with interest thereon at the non-default statutory rate applicable to the tax in question, without penalties, until the last anniversary of the Distribution Date or Subsequent Distribution Date that precedes the sixth anniversary of the date of assessment of such Allowed Claim; or (c) such other treatment as may be agreed to in writing by the Debtor and the holder of such Allowed Tax Claim; provided, that such treatment shall not provide a return to such holder having a present value as of

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 22 of 31

the Effective Date in excess of such holder's Allowed Tax Claim. Section 4.4 of the Plan also provides for a permanent injunction in the Confirmation Order against any holder of a Tax Claim prohibiting such holder from commencing or continuing any action or proceeding against any responsible person, officer, or director of the Debtor that otherwise would be liable to such holder for payment of such Tax Claim so long as no default has occurred with respect to such Tax Claim under Section 4.4. As of the date of the Confirmation Hearing, Mirant New York's payment obligations for the Debtor's Taxes are current.

58.     The treatments described above satisfy the requirements of section 1129(a)(9).

### 10.     The Plan Complies with Section 1129(a)(10) of the Bankruptcy Code

59.     If any classes of claims are impaired under a plan, section 1129(a)(10) requires that at least one impaired class, excluding insiders, vote to accept the plan. In this case, Class 4 (General Unsecured Claims) voted to accept the Plan. Accordingly, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

### 11.     The Plan Complies with Section 1129(a)(11) of the Bankruptcy Code

60.     The feasibility test set forth in section 1129(a)(11) requires the Bankruptcy Court to determine whether the Plan is workable and has a reasonable likelihood of success. *Fin.Sec.Assurance Inc v T-H New Orleans Ltd P'ship (In re T-H New Orleans Ltd. P'Ship)*, 116 F.3d 790, 801 (5th Cir. 1997); *In re Cajun Elec. Power Coop., Inc.*, 230 B.R. at 744-45.

61.     In connection with section 1129(a)(11), the Fifth Circuit has stated that "'the [bankruptcy] court need not require a guarantee of success ..., [o]nly a reasonable

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 23 of 31

assurance of commercial viability is required.' All the bankruptcy court must find is that the plan offer 'a reasonable probability of success.'" *T-H New Orleans*, 116 F.3d at 801 (quoting *Briscoe Enters*, 994 F.2d at 1165-66). *See also Cajun Elec*, 230 B.R. at 745.

62.     To establish the feasibility of a plan, the debtor must present proof that there will be sufficient funding for the plan, and such proof cannot be speculative, conjectural, or unrealistic. *In re M & S Assocs. Ltd.*, 138 B.R. 845, 849 (Bankr. W.D.Tex. 1992). A plan proponent, however, need only demonstrate that there exists a reasonable probability that the plan provisions can be performed. *T-H New Orleans*, 116 F.3d at 801 (quoting *In re Landing Assocs., Ltd.*, 157 B.R. 791, 820 (Bankr. W.D.Tex. 1993). "However, just as speculative prospects of success cannot sustain feasibility, speculative prospects of failure cannot defeat feasibility." *Cajun Elec.*, 230 B.R. at 745. The *Cajun Elec.* court continued that "[t]he mere prospect of financial uncertainty cannot defeat confirmation on feasibility grounds since a guarantee of the future is not required." *See Cajun Elec.*, 230 B.R. at 745; *see also T-H New Orleans*, 116 F.3d at 801.

63.     The Plan will be funded from the Sale Proceeds received from the Membership Interest Sale and the Debtor has the ability to fulfill its obligations under the Plan. Mirant New York will transfer the Sale Proceeds to the Sale Proceeds Account under Section 7.2(a) of the Plan. While the liens of Mirant Americas granted under the DIP Facility shall attach to the Sale Proceeds except as otherwise provided in the Plan and the Confirmation Order, Mirant Americas has agreed that its liens shall be subject to a Plan Carve-Out in amounts sufficient to treat the Debtor's allowed claims and administrative expenses. Under Section 4.3(b) of the Plan, two funds are created: the Other Amount for allowed Administrative Expenses and the Unsecured Creditor Amount

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 24 of 31

for allowed general unsecured Claims. At the Confirmation Hearing, the Debtor presented evidence to support the estimated amounts of cash required for the Debtor to pay the Other Amount and the Unsecured Creditor Amount (the "Estimates"). The Court approves the Estimates for purposes of confirmation.

64. Based upon the Record, the Plan satisfies the feasibility standard of section 1129(a)(11).

### 12. The Plan Complies with Section 1129(a)(12) of the Bankruptcy Code

65. Section 1129(a)(12) requires payment or provision for payment of certain fees. Section 13.1 of the Plan provides for the payment of all statutory fees by the Debtor, as determined by the Bankruptcy Court at the Confirmation Hearing, on or before the Effective Date. Accordingly, the Plan satisfies section 1129(a)(12).

### 13. Section 1129(a)(13) of the Bankruptcy Code Does Not Apply

66. Section 1129(a)(13) requires the Plan to provide for the continuation of retiree benefits at levels established pursuant to section 1114 of the Bankruptcy Code. As stated in Section 13.13 of the Plan, the Debtor has no obligations for retiree benefits. Consequently, no Plan provision is necessary under section 1129(a)(13).

67. As demonstrated by the Record by a preponderance of the evidence, the Debtor and the Plan comply, as applicable, with all relevant sections of the Bankruptcy Code, including, without limitation, sections 1121, 1123, 1125, 1126, 1127, and 1129 of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law relating to the confirmation of the Plan. In particular, the Plan complies with all of the requirements of section 1129(a) of the Bankruptcy Code. Accordingly, the Plan should be confirmed.

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

## J.    Resolution of Inter-Debtor Matters

68    As described more fully at Articles VI and XII of the Mirant Disclosure Statement, all of the Mirant Debtors utilized a centralized cash management system and certain essential functions, such as providing capital, personnel, human resources and administrative functions, and performing commercial activities (procurement of fuel, sale of energy, marketing, plant dispatch, risk management, and asset optimization activities) are performed or provided by a particular Mirant Debtor or Mirant Debtors, rather than each Mirant Debtor performing each of the described tasks on an entity-by-entity basis. These activities, in turn, gave rise to intercompany Claims (the "Intercompany Claims") in the Debtor's Chapter 11 Case.

69.    Based upon the Record, the treatment of the DIP Secured Claim, the Affiliates Unsecured Claim, and the Equity Interest is fair and equitable and in the best interests of the Debtor, its Estate, and all other parties in interest and satisfies the applicable requirements of the Bankruptcy Code and the Bankruptcy Rules. Accordingly, the treatment of the Intercompany Claims is approved.

## K.    Releases, Exculpations, Discharges, and Injunctions

70.    Sections 7.4(d), 7.9, 13.4, 13.5, 13.6, and 13.7 of the Plan provide for various releases, exculpations, discharges, and injunctions. Such releases, exculpations, discharges, and injunctions: (a) are within the jurisdiction of the Bankruptcy Court under 28 U.S.C. § 1334; (b) are integral elements of the transactions incorporated into the Plan; (c) confer material benefit on, and are in the best interests of, the Debtor, its Estate, and its creditors; (d) are important to the overall objectives of the Plan to resolve finally all Claims among or against the parties in interest in this Chapter 11 Case with respect to the

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 26 of 31

Debtor; and (e) are consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code.

71.    The Protected Persons are identified in the *Schedule of Protected Persons* that was filed with the Bankruptcy Court on March 22, 2007 as Schedule 7.9 to the Disclosure Statement [Docket No. 15166].

**L.    Executory Contracts and Unexpired Leases**

72.    The Debtor has exercised reasonable business judgment in determining whether to reject, assume, or assume and assign each of its executory contracts and unexpired leases under the terms of the Plan and the Confirmation Order. Each of the executory contracts and unexpired leases to be rejected, assumed (or assumed and assigned if applicable) is deemed to be an executory contract or an unexpired lease, as applicable.

73.    The Plan constitutes a motion to assume the executory contracts and unexpired leases of the Debtor that are designated to be assumed as set forth on Disclosure Statement Schedule 11.1(a), as amended by that certain *Notice by Mirant NY-Gen, LLC of Filing of Amended Schedule of Assumed Executory Contracts and Unexpired Leases* filed April 26, 2007 [Docket No. 15269]. Except as otherwise provided in a separate order of the Bankruptcy Court, any counterparty to an agreement listed on the Schedule of Assumed Executory Contracts and Unexpired Leases who disputes the scheduled Cure Amount was required to object to such assumption or to the cure amount proposed by the Debtor in connection therewith (a "Cure Amount Objection") by no later than ten (10) days prior to the Confirmation Hearing (the "Cure

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 27 of 31

Amount Objection Deadline"). No Cure Amount Objections were filed by the Cure Amount Objection Deadline

74.     The Plan constitutes a motion to reject the Debtor's executory contracts and unexpired leases that are designated to be rejected as set forth on Disclosure Statement Schedule 11.1(b) and as further provided in Plan section 11.1(c). Each executory contract or unexpired lease to be rejected pursuant to the Plan is burdensome and the rejection thereof is in the best interests of the Debtor's Estate. Under Section 11.3 of the Plan, Rejection Damages Claims must be filed with the Bankruptcy Court and served on the Debtor, its counsel, and the Office of the United States Trustee, in accordance with the Rejection Damages Claim Bar Date, within thirty (30) days after service of the Notice of Confirmation. Unless otherwise ordered by the Bankruptcy Court, each such Rejection Damages Claim that is timely filed shall be treated as a Class 4 – General Unsecured Claim under the Plan subject to objection by the Disbursing Agent. The Disbursing Agent reserves all rights to object to such Rejection Damages Claims.

75.     Upon the entry of the Confirmation Order and to the extent applicable, (a) all of the requirements of sections 365(b) and (f) will have been satisfied with respect to each Assumed and Assigned Contract for which no timely objection was filed; (b) all rights to object to the assumption of any such Assumed and Assigned Contract will have been waived; (c) except as the Bankruptcy Court may hereafter determine is necessary and appropriate to effect the purpose of the Bankruptcy Code and equity, all rights to object to the cure amounts with respect to any such Assumed and Assigned Contracts will

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 28 of 31

have been waived; and (d) the assumption of such Assumed and Assigned Contracts will have been approved.

**M.     Bankruptcy Rule 3020(e)**

76.     Good cause exists for shortening the stay of the Confirmation Order set forth in Bankruptcy Rule 3020(e). On March 8, 2007, the Bankruptcy Court approved the sale of the Membership Interest in the Debtor. The closing of the Membership Interest Sale is conditioned upon occurrence of the Effective Date.

**N.     Plan Documents**

77.     The Plan Documents, as they may be amended as contemplated and permitted by the Plan, are, in the judgment of the parties, necessary and appropriate to effectuate the Plan and the Bankruptcy Court so finds.

**SUMMARY**

78.     The Plan meets the requirements of chapter 11 and should be confirmed. An appropriate order will be entered.

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 29 of 31

Dated: **APR 27 2007**/007

_____
The Honorable D. Michael Lynn
United States Bankruptcy Judge

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 30 of 31

Submitted By:

Jeff P Prostok
State Bar No. 16352500
J. Robert Forshey
State Bar No. 07264200
FORSHEY & PROSTOK, LLP
777 Main Street, Suite 1290
Fort Worth, Texas 76102
Telephone: 817/877-8855
Facsimile: 817/877-4151

ATTORNEYS FOR MIRANT NY-GEN, LLC,
DEBTOR AND DEBTOR-IN-POSSESSION

Findings of Fact and Conclusions of Law in Support of the
Amended Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC

Page 31 of 31