U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | ) | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| | ) | |
| MIRANT CORPORATION, et al., | ) | Case No. 03-46590 (DML) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF THE AMENDED CHAPTER 11 PLAN OF
<u>REORGANIZATION OF MIRANT LOVETT, LLC</u>**

On September 19, 2007, this Court held a confirmation hearing (the "<u>Confirmation Hearing</u>") to consider confirmation of the *Amended Chapter 11 Plan of Reorganization of Mirant Lovett, LLC* (the "<u>Mirant Lovett Plan</u>") proposed by Mirant Lovett, LLC ("<u>Mirant Lovett</u>") and Mirant Corporation ("<u>New Mirant</u>").[1]

1. The following record (the "<u>Record</u>") was established to support confirmation of the Mirant Lovett Plan:

    (a) The entire record of all documents identified on Mirant Lovett's Exhibit and Witness List for the September 19, 2007 hearing filed on September 14, 2007 [Docket No. 15609], including, without limitation, the Mirant Lovett Plan and all exhibits, schedules and attachments thereto and filed in connection therewith; the *Notice of Recommencement of Confirmation in Connection With the Chapter 11 Case of Mirant Lovett, LLC* [Docket No. 15597] and the *Motion to (A) Establish Procedures to Recommence Adjourned Confirmation Hearing With Respect to Mirant Lovett, LLC, and (B) Determine Eligibility to Vote on the Chapter 11 Plan of Reorganization of Mirant Lovett, LLC* [Docket No. 15493], all of which were admitted into evidence without objection;

    (b) The sworn proffered testimony at the Confirmation Hearing of Jeff Perry, President of Mirant Lovett;

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Mirant Plan, the Mirant Lovett Plan and the Mirant Lovett Confirmation Order, as applicable.

1

(c) The Affidavit of Bankruptcy Services LLC sworn to by Herb Baer and filed with the Bankruptcy Court on May 15, 2007 [Docket No. 15378] (the "Voting Certification"), which was admitted into evidence without objection;

(d) The *Notice Of Publication Of Recommencement Of Confirmation In Connection With The Chapter 11 Case Of Mirant Lovett, LLC* dated August 22, 2007 [Docket No. 15586], which was admitted into evidence without objection;

(e) The entire record of the Confirmation Hearing, including all documentary evidence and testimony admitted into the record, briefs and papers filed, and arguments of counsel in connection therewith, all of which was incorporated into the Record at the Confirmation Hearing;

(f) The entire record of the Chapter 11 Cases (as defined below) and the docket maintained by the Clerk of the Bankruptcy Court and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases, as to all of which the Court took judicial notice at the Confirmation Hearing; and

(g) The statements and arguments of counsel on the record at the Confirmation Hearing and all papers and pleadings filed with the Bankruptcy Court in support of, in opposition to, or otherwise in connection with, confirmation of the Mirant Lovett Plan.

2. The evidence that was admitted into the Record in support of confirmation of the Mirant Lovett Plan and all related matters demonstrates, by a clear preponderance of the evidence, that the Mirant Lovett Plan should be confirmed and the Bankruptcy Court will issue an order confirming the Mirant Lovett Plan.

3. All objections to the confirmation of the Mirant Lovett Plan that were not resolved by agreement at the Confirmation Hearing are overruled, or are otherwise disposed of, as set forth herein and in the order confirming the Mirant Lovett Plan (the "Mirant Lovett Confirmation Order").

4. The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), made applicable pursuant to Bankruptcy Rule 9014.

**A.     Jurisdiction and Venue**

5.     The Bankruptcy Court has subject matter jurisdiction to confirm the Mirant Lovett Plan pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Mirant Lovett Plan is a core proceeding under 28 U.S.C. § 157(b)(A), (L) and (O).

**B.     Background**

6.     Commencing on July 14, 2003, and continuing on various dates thereafter, MC 2005, LLC (f/k/a Mirant Corporation prior to January 3, 2006 and MC 2005 Corporation prior to February 28, 2006) ("Old Mirant"), along with more than eighty (80) domestic affiliates, including Mirant Lovett (collectively, the "Debtors"), filed bankruptcy petitions pursuant to chapter 11 of title 11, United States Code, in the United States Bankruptcy Court for the Northern District of Texas (the "Chapter 11 Cases").

7.     On September 22, 2005, the Debtors filed the *Second Amended Disclosure Statement Relating to the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 11443] (as amended, the "Mirant Plan Disclosure Statement"). On September 30, 2005, this Court entered an order [Docket No. 11570] (the "Mirant Plan Disclosure Statement Order"): (a) approving the Mirant Plan Disclosure Statement; (b) approving the motion, dated April 20, 2005 (as amended by the *Notice of Amendment of Proposed Solicitation Procedures* dated May 3, 2005, the "Solicitation Motion") establishing the form of ballots and proposed solicitation, tabulation and voting procedures in connection with the confirmation process; and (c) setting a schedule for confirmation of the Mirant Plan (as defined below) [Docket No. 11570].

3

## C. Confirmation Of The Mirant Plan

8.  Commencing on December 1, 2005, the Court held a hearing (the "Mirant Plan Confirmation Hearing") to consider confirmation of the *Amended and Restated Second Amended Joint Chapter 11 Plan of Reorganization for Mirant Corporation and its Affiliated Debtors* (the "Mirant Plan"). Pursuant to an order dated December 9, 2005 [Docket No. 12569] (the "Mirant Confirmation Order"), the Bankruptcy Court confirmed the Mirant Plan with respect to each of the Debtors other than Mirant Lovett, Mirant Bowline, LLC ("Mirant Bowline"), Mirant New York, LLC, f/k/a Mirant New York, Inc. ("Mirant NY"), Hudson Valley Gas Corporation ("Hudson Valley") and Mirant NY-Gen, LLC ("Mirant NY-Gen" and, collectively with Mirant Lovett, Mirant Bowline, Mirant NY and Hudson Valley, the "Excluded Debtors"). The Debtors subject to the Mirant Plan are referred to herein as the "New Mirant Entities." The Mirant Plan became effective on January 3, 2006.

9.  The Mirant Plan proposed a settlement of the property tax disputes with respect to the Tax Jurisdictions. The Mirant Plan provided that if the Tax Jurisdictions did not accept the proposed treatment incorporated in the Mirant Plan, confirmation would be adjourned with respect to Mirant Bowline, Mirant Lovett and Mirant NY. As the Mirant Plan Disclosure Statement explained:

> If the [Mirant] Plan is not accepted by each of the [Tax Jurisdictions], and notwithstanding the voting requirements of section 1126 of the Bankruptcy Code, the [Mirant] Plan shall be deemed amended without further action of the Debtors to exclude [Mirant Bowline, Mirant Lovett and Mirant NY] from the MAG Debtors, and the confirmation hearing with respect to [Mirant Bowline, Mirant Lovett and Mirant NY] shall be adjourned until further notice or order of the Bankruptcy Court . . .

Mirant Plan Disclosure Statement, Section K(2), p. 169; *see also* Mirant Plan, § 15.3.

10.  The Tax Jurisdictions did not accept the Mirant Plan and confirmation of the

4

Mirant Plan with respect to Mirant Bowline, Mirant Lovett and Mirant NY was adjourned as permitted by Section 15.3 of the Mirant Plan. Additionally, it was neither feasible nor desirable for Hudson Valley to exit chapter 11 prior to Mirant Bowline and confirmation of the Mirant Plan was adjourned with respect to Hudson Valley pursuant to Section 17.16 of the Mirant Plan. Confirmation with respect to Mirant NY-Gen was also adjourned under Section 17.26 of the Mirant Plan.

11. The Mirant Plan provided that, in the event of adjournment, the Excluded Debtors reserved the right to recommence the confirmation hearing with respect to the Mirant Plan or to recommence the confirmation hearing with respect to a modified or new plan of reorganization.

**D. Settlement With The Tax Jurisdictions**

12. On December 13, 2006, New Mirant, Mirant Lovett, Mirant Bowline, Hudson Valley and Mirant NY entered into a settlement agreement (the "New York Settlement") with the Tax Jurisdictions. The New York Settlement was approved by the Bankruptcy Court on December 14, 2006 [Docket No. 14899]. Under the New York Settlement, Mirant Lovett received refunds of $22.9 million from certain of the Tax Jurisdictions and paid $42.9 million in unpaid property taxes to certain of the Tax Jurisdictions. Mirant Bowline received approximately $140.3 million in refunds from certain of the Tax Jurisdictions and paid approximately $70.7 million in unpaid property taxes to certain of the Tax Jurisdictions. The New York Settlement also eliminated certain purported penalties and reduced interest due on unpaid property taxes owed by Mirant Bowline and Mirant Lovett from approximately 18% per annum to 8% per annum.[2]

---

[2] The New York Settlement also resolved all pending tax issues between Hudson Valley and the Tax Jurisdictions. The description of the New York Settlement contained herein is summary in nature and qualified by the actual terms of the agreement.

### E. Supplemental Plan of the Emerging New York Entities and Mirant NY-Gen Plan

13. As a result of the approval of the New York Settlement, Mirant Bowline, Mirant NY and Hudson Valley (collectively, the "Emerging New York Entities") filed the *Supplemental Joint Chapter 11 Plan of Reorganization of the Emerging New York Entities* on January 26, 2007 [Docket No. 14979] and the *Amended Supplemental Joint Chapter 11 Plan Of Reorganization Of The Emerging New York Entities* on February 16, 2007 [Docket No. 15062] (as amended, the "Supplemental Plan"). On March 22, 2007, the Bankruptcy Court entered an order confirming the Supplemental Plan with respect to Mirant Bowline, Mirant NY and Hudson Valley [Docket No. 15169]. The Effective Date of the Supplemental Plan was April 16, 2007.

14. On February 15, 2007, Mirant NY-Gen filed the *Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC* [Docket No. 15061], which was subsequently amended on March 22, 2007 [Docket No. 15165] (as amended, the "NY-Gen Plan"). Mirant NY-Gen also filed the *Disclosure Statement Regarding Chapter 11 Plan of Reorganization Proposed by Mirant NY-Gen, LLC* [Docket No. 15076], which was amended on March 22, 2007 [Docket No. 15166]. On April 27, 2007, the Bankruptcy Court entered an order confirming the NY-Gen Plan. The Effective Date of the NY-Gen Plan was May 7, 2007.

### F. The 2007 Amended Consent Decree and 2007 Tax Agreement

15. On May 10, 2007, this Court entered an order approving the (i) *Stipulated Amendment to Consent Decree* (the "2007 Amended Consent Decree") between Mirant Lovett, Mirant NY, the Attorney General of the State of New York (the "Attorney General") and the New York State Department of Environmental Conservation ("NYDEC", and together with the Attorney General, the "State") and (ii) *Tax Agreement* (the "2007 Tax Agreement") among Mirant Lovett, Mirant NY, Mirant Bowline and Hudson Valley, on the one hand, and on the

6

other the towns of Stony Point, Haverstraw and Haverstraw Village, New York (the "Towns") (Docket No. 15320).

16. The 2007 Amended Consent Decree modified the *Consent Decree* dated June 11, 2003 among Mirant Lovett, Mirant NY and the State, which provided for Mirant Lovett to take certain actions with respect to units 4 and 5 of the Lovett facility by April 30, 2008 and April 30, 2007, respectively, or discontinue operation of those units. The 2007 Amended Consent Decree (i) switched the deadlines for units 4 and 5 so that the deadline for compliance by unit 5 was extended until April 30, 2008, and the deadline for unit 4 was shortened so that it would discontinue operation as of May 7, 2007, and (ii) provided that Mirant Lovett and Mirant NY would make a payment of $1 million to fund energy conservation projects in Rockland County.

17. Pursuant to the 2007 Tax Agreement, the parties stipulated that the 2007 and 2008 final assessment rolls for the Towns with respect to the Lovett Facility, the Bowline Facility and the Hudson Valley property would be the same assessments as those provided for in the 2006 assessment rolls, as set forth in the New York Settlement Agreement.

**G.     Notice**

18. On August 9, 2007, this Court entered the *Order Granting Motion To (A) Establish Procedures To Recommence Adjourned Confirmation Hearing With Respect To Mirant Lovett, LLC, And (B) Determine Eligibility To Vote On The Chapter 11 Plan Of Reorganization Of Mirant Lovett, LLC* [Docket No. 15526] (the "Procedures Order"). Among other things, the Procedures Order provided that: (i) no additional disclosure was required with respect to the Mirant Lovett Plan, as the treatment of holders of unsecured claims against Mirant Lovett under the Mirant Lovett Plan is identical to the treatment such holders would have received under the Mirant Plan; (ii) that the votes cast by holders of unsecured claims against Mirant Lovett

(classified in "Class 2 – Unsecured Claims" and in "Class 4 – Convenience Claims") with respect to the Mirant Plan shall be deemed votes cast in respect of the Mirant Lovett Plan, and no votes shall be solicited from such holders; and (iii) that holders of claims in "Class 1 – Tax Jurisdiction Settlement Claims" are conclusively deemed to have accepted the Mirant Lovett Plan, and no votes shall be solicited from such holders with respect to such tax claims.

19. As set forth in the Record, Mirant Lovett complied with the Mirant Plan Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules and all other applicable laws in connection with the solicitation of votes. As such, the notice provided with respect to all matters relating to the solicitation of votes on, and the confirmation of, the Mirant Lovett Plan was due and proper and satisfied the requirements of due process with respect to all creditors, equity holders and parties in interest who were provided actual or constructive notice.

20. In addition, in order to assure that all creditors and equity holders received proper notice of the Confirmation Hearing, Mirant Lovett served the *Notice of Recommencement of Confirmation in Connection with the Chapter 11 Case of Mirant Lovett, LLC* on all creditors of Mirant Lovett in accordance with Bankruptcy Rules 2002 and 3017 on or before August 15, 2007 and published such notice in the following publications on August 17, 2007: (i) *The Wall Street Journal*, a daily national newspaper published and of general circulation in the State of New York, including Rockland County, New York, and (ii) *The Journal News*, a daily newspaper published and of general circulation in the Town of Haverstraw, the Town of Stony Point, the villages of Haverstraw and West Haverstraw, the East Ramapo and North Rockland Central School Districts, and Rockland County. This satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules and due process.

**H.  Voting**

21. As set forth in the Record, each Class of Claims against Mirant Lovett either: (a)

voted to accept the Mirant Plan under section 1126 of the Bankruptcy Code and for purposes of section 1129(a)(8)(A) of the Bankruptcy Code; or (b) is not impaired under section 1124 of the Bankruptcy Code and for the purposes of section 1129(a)(8)(B) of the Bankruptcy Code.

**I.   The Mirant Lovett Plan Complies with Section 1129 of the Bankruptcy Code**

22.   To obtain confirmation of the Mirant Lovett Plan, Mirant Lovett must demonstrate that the Mirant Lovett Plan satisfies the provisions of section 1129 of the Bankruptcy Code by a preponderance of the evidence. *See Fin. Sec. Assurance Inc. v T-H New Orleans Ltd. P'ship (In re T-H New Orleans Ltd. P'ship)*, 116 F.3d 790, 801 (5th Cir. 1997); *Heartland Fed. Sav. & Loan Assoc. v. Briscoe Enters., Ltd., II (In re Briscoe Enters., Ltd., II)*, 994 F.2d 1160, 1165 (5th Cir. 1993), *cert. denied,* 510 U.S. 992 (1993).

23.   As demonstrated by the Record by a preponderance of the evidence, the Mirant Lovett Plan complies with all relevant sections of the Bankruptcy Code, including, without limitation, sections 1121, 1123, 1125, 1126, 1127 and 1129 of the Bankruptcy Code, the Bankruptcy Rules, including, without limitation, Rule 9019, and applicable non-bankruptcy law relating to the confirmation of the Mirant Lovett Plan. Accordingly, the Mirant Lovett Plan should be confirmed.

**J.   Settlement of Certain Inter-Debtor Issues**

24.   As described in Articles VI and XII.A of the Mirant Plan Disclosure Statement and Schedule 5 thereto, and in the corroborating testimony at the Mirant Plan Confirmation Hearing of William Holden, the Debtors operated their business as a single integrated enterprise, which gave rise to numerous intercompany relationships and transactions. For example, the Debtors utilized a centralized cash management system and certain essential functions, such as providing capital, personnel, human resources and administrative functions, and performing commercial activities (procurement of fuel, sale of energy, marketing, plant dispatch, risk

management and asset optimization activities), are performed or provided by particular Debtors for the benefit of other members of the enterprise, rather than on an entity-by-entity basis. These activities, in turn, gave rise to substantial Intercompany Claims both in terms of amount and number in these Chapter 11 Cases, the proper treatment of which was subject to substantial dispute and the resolution of which was uncertain.

25. The Debtors concluded, with the consent and approval of the Committees, that absent the global settlement of Intercompany Claims and related matters as set forth in the Mirant Plan, the Supplemental Plan and the Mirant Lovett Plan, value, on an enterprise and Debtor-by-Debtor basis, was at risk of material degradation to the detriment of all stakeholders.

26. Based upon the Record, the global settlement of all Intercompany Claims and related matters as set forth in the Mirant Lovett Plan is fair and equitable and in the best interests of Mirant Lovett, its Estate and all other parties in interest, including all creditors and equity holders, and satisfies the applicable requirements of the Bankruptcy Code and Bankruptcy Rules. Accordingly, such global settlement should be approved with respect to Mirant Lovett.

**K.     Exit Financing**

27. On December 23, 2005, in connection with the New Mirant Entities' emergence from bankruptcy, Mirant North America issued approximately $850 million of 7.375% senior unsecured notes (the "Notes"). On January 3, 2006, Mirant North America also entered into an $800 million senior secured revolving credit facility (the "Revolving Credit Facility") and a $700 million senior secured term loan (the "Term Facility" and together with the Revolving Credit Facility, the "Senior Secured Facilities" and, collectively with the Notes, the "Exit Financing").

28. On the Mirant Lovett Plan Effective Date, Mirant Lovett shall execute a guarantee (the "Additional Guarantee") secured by substantially all of its assets, including without limitation, mortgages on its real estate, in favor of the Exit Facility Agent for the benefit of the

10

Exit Lenders and such other documents and agreements in connection therewith as the Exit Facility Agent shall reasonably request. Executing the Additional Guarantee and the related security documents represents a reasonable exercise of Mirant Lovett's sound business judgment and is in the best interests of all parties in interest, including all creditors, equity holders and the Estate.

29. The Court finds that, pursuant to section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under the Mirant Lovett Plan, the creation of any mortgage, deed of trust, lien, pledge or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Mirant Lovett Plan (including, without limitation, the Exit Facility) are not subject to any stamp tax, or other similar tax.

**L.     Releases, Exculpations and Injunctions**

30. Sections 12.5, 12.6, 13.3 and 13.4 of the Mirant Lovett Plan provide for various releases, exculpations and injunctions. Such releases, exculpations and injunctions, as modified and limited by the Mirant Lovett Confirmation Order: (a) are within the jurisdiction of the Bankruptcy Court under 28 U.S.C. § 1334; (b) are integral elements of the transactions incorporated into the Mirant Lovett Plan; (c) confer material benefit on, and are in the best interests of, Mirant Lovett, its Estate and its creditors; (d) are important to the overall objectives of the Mirant Lovett Plan to resolve finally all Claims among or against the parties in interest in the Chapter 11 Cases with respect to Mirant Lovett, its organization, capitalization, operation and reorganization; and (e) are consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code.

31. The Protected Persons are identified in the *Submission of Schedule of Protected Persons Pursuant to Section 8.16 of the Second Amended Joint Chapter 11 Plan of*

*Reorganization, Dated September 30, 2005*, that was filed with the Bankruptcy Court on November 28, 2005 [Docket No. 12340] and amended on November 30, 2005 [Docket No. 12399] and December 8, 2005 [Docket No. 12554] and supplemented with the *Notice Of Submission Of Schedule Of Protected Persons In Connection With The Amended Supplemental Joint Chapter 11 Plan Of Reorganization Of The Emerging New York Entities*, that was filed with the Bankruptcy Court on March 9, 2007 [Docket No. 15121] and the *Notice of Submission of Schedule of Protected Persons In Connection With The Chapter 11 Plan Of Reorganization Of Mirant Lovett, LLC* dated August 2, 2007 [Docket No. 15513].

### M. Executory Contracts and Unexpired Leases

32. Mirant Lovett has exercised reasonable business judgment in determining whether to reject, assume or assume and assign each of its executory contracts and unexpired leases under the terms of the Mirant Lovett Plan and the Mirant Lovett Confirmation Order. Each pre- or post-confirmation rejection, assumption or assumption and assignment of an executory contract or unexpired lease pursuant to Article XI of the Mirant Lovett Plan will be legal, valid and binding upon Mirant Lovett and all non-Debtor parties to such executory contract or unexpired lease, as applicable, all to the same extent as if such rejection, assumption, or assumption and assignment had been effectuated pursuant to an appropriate order of the Bankruptcy Court entered before the Mirant Lovett Plan Effective Date under section 365 of the Bankruptcy Code. Each of the executory contracts and unexpired leases to be rejected, assumed or assumed and assigned is deemed to be an executory contract or an unexpired lease, as applicable.

33. The Mirant Lovett Plan constitutes a motion to reject all of Mirant Lovett's executory contracts and unexpired leases, except as otherwise provided in Section 11.1 of the Mirant Lovett Plan, and as set forth in the Mirant Lovett Confirmation Order. Each executory contract or unexpired lease to be rejected pursuant to the Mirant Lovett Plan is burdensome and

the rejection thereof is in the best interests of the Estate.

34. The Mirant Lovett Plan constitutes a motion to assume or assume and assign the executory contracts and unexpired leases of Mirant Lovett that are designated to be assumed or assumed and assigned as set forth on Exhibit B to the Mirant Lovett Plan, or otherwise designated for assumption or assumption and assignment pursuant to Section 11.1 of the Mirant Lovett Plan (the "Assumed and Assumed and Assigned Contracts"). Except as otherwise provided in a separate order of the Bankruptcy Court, any non-Debtor party to an Assumed or Assumed and Assigned Contract was required to object to such assumption or assumption and assignment or to the cure amounts proposed by Mirant Lovett in connection therewith by no later than ten (10) days prior to the Confirmation Hearing.

35. Upon the entry of the Mirant Lovett Confirmation Order, (a) all of the requirements of sections 365(b) and (f) will have been satisfied with respect to each Assumed and Assumed and Assigned Contract for which no timely objection was filed; (b) all rights to object to the assumption or assumption and assignment of any such Assumed or Assumed and Assigned Contract will have been waived; (c) except as the Bankruptcy Court may hereafter determine is necessary and appropriate to effect the purpose of the Bankruptcy Code and equity, all rights to object to the cure amounts with respect to any such Assumed or Assumed and Assigned Contracts will have been waived; and (d) the assumption or assumption and assignment of such Assumed or Assumed and Assigned Contracts will have been approved.

36. Any objections filed with respect to an Assumed or Assumed and Assigned Contract will be resolved as set forth in Section 11.1 of the Mirant Lovett Plan.

## SUMMARY

The Mirant Lovett Plan meets the requirements of chapter 11 and should be confirmed.

An appropriate order will be entered.

Dated: September 19, 2007
Fort Worth, Texas

_____
HONORABLE D. MICHAEL LYNN
UNITED STATES BANKRUPTCY JUDGE

**Submitted By:**

Jeff P. Prostok
State Bar No. 16352500
J. Robert Forshey
State Bar No. 07264200
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1290
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

ATTORNEYS FOR MIRANT LOVETT, LLC

Thomas E Lauria
State Bar No. 11998025
Craig H. Averch
State Bar No. 01451020
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
(305) 371-2700

-and-

Robin E. Phelan
State Bar No. 15903000
Ian T. Peck
State Bar No. 24013306
HAYNES AND BOONE, LLP
901 Main Street
Suite 3100
Dallas, TX 75202
(214) 651-5000

ATTORNEYS FOR MIRANT CORPORATION

L:\JPROSTOK\Mirant\NEW YORK DEBTORS - #1828\Lovett Plan\Findings and Conclusions\Mirant Lovett Findings of Fact 9 13 07 DOC

15